**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **R.P. SMALL CORP.** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 19-cv-271-JED-JFJ** |
| **v.** | ) | |
| | ) | |
| **RUCHIR A. KADAKIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF RUCHIR A. KADAKIA**

Defendant Ruchir Kadakia (at times, "Defendant" or "Kadakia") submits the following for his Answer to the Plaintiff's Complaint. The responses in the numbered paragraphs below correspond to the allegations in the paragraph with the same number in the Complaint. All allegations not expressly admitted are denied.

**AS TO "PARTIES"**

1. Defendant is without sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint.

2. With respect to the allegations in Paragraph 2 of the Complaint, Defendant admits that he is an individual but denies the remaining allegations.

3. With respect to the allegations in Paragraph 3 of the Complaint, the allegation as to the "deemed" execution location of the Promissory Note at issue in the action is a legal conclusion to which no response is required but to the extent a response is required Defendant is without sufficient information to admit or deny that allegation. Defendant further states that only a single Promissory Note is involved in the claim asserted by Plaintiff against him, and the terms of that Promissory Note speak for themselves. Defendant is without sufficient information to

admit or deny the allegation of damages suffered by Plaintiff, and Defendant denies that he is in breach of contract or responsible for any decisions that the actual party to the Promissory Note, Tethys Trading, LLC, made in regard to whether or not Tethys Trading would make timely payments on the Promissory Note. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 3.

## AS TO "JURISDICTION AND VENUE"

4. With respect to the allegations in Paragraph 4 of the Complaint, Defendant does not contest jurisdiction in this Court.

5. The allegations in Paragraph 5 of the Complaint constitute a legal conclusion to which no response is required, but to the extent a response is required the Defendant states that he does not contest venue in this Court.

6. With respect to the allegations in Paragraph 6 of the Complaint, Defendant states that the terms of the Promissory Note and Guaranty Agreement speak for themselves.

## AS TO "FACTUAL ALLEGATIONS"

7. With respect to the allegations in Paragraph 7 of the Complaint, Defendant admits that Plaintiff and Tethys Trading LLC entered into a written Promissory Note in 2014. Defendant states that the terms of that Promissory Note speak for themselves and Defendant is without sufficient information to admit or deny whether the document attached as Exhibit B to the Complaint is a true and correct copy of the Promissory Note.

8. With respect to the allegations in Paragraph 8 of the Complaint, Defendant admits that he executed a Personal Guaranty in favor of Plaintiff but is without sufficient information to admit or deny whether the document attached as Exhibit A to the Complaint is a true and correct copy of the Personal Guaranty Defendant executed.

9. With respect to the allegations in Paragraph 9 of the Complaint, Defendant states that the terms of the Personal Guaranty speak for themselves and he is without sufficient information to admit or deny whether the document attached as Exhibit A to the Complaint is a true and correct copy of the Personal Guaranty Defendant executed.

10. Defendant is without sufficient information to admit or deny the allegations in Paragraph 10 or the authenticity of the document attached as Exhibit C to the Complaint.

11. With respect to the allegations in Paragraph 11 of the Complaint, Defendant states that the terms of the Personal Guaranty he executed speak for themselves and Defendant is without sufficient information to admit or deny whether the document attached as Exhibit A to the Complaint is a true and correct copy of the Personal Guaranty Defendant executed.

12. With respect to the allegations in Paragraph 12 of the Complaint, Defendant states that the terms of the Personal Guaranty he executed speak for themselves and Defendant is without sufficient information to admit or deny whether the document attached as Exhibit A to the Complaint is a true and correct copy of the Personal Guaranty Defendant executed.

**AS TO "FIRST CAUSE OF ACTION – BREACH OF GUARANTY"**

13. Defendant repeats his answers to the earlier allegations of the Complaint, including paragraphs 1 through 12.

14. With respect to the allegations in Paragraph 14 of the Complaint, Defendants denies that payments were not made on the Promissory Note. Defendant further states that to the best of his knowledge and information, John E. Meyer, Jr. (at times, "Meyer"), in his capacity as manager of Tethys Trading, LLC ("Tethys Trading"), caused the transfer of millions of dollars of cash from one or more accounts of Tethys Trading to the segregated Tethys Trading account referenced in the Promissory Note between Tethys Trading and Plaintiff [the "Segregated

Account"]. Thereafter, Meyer – the sole manager of Tethys Trading with signature authority with respect to the Segregated Account – caused the transfer of most, if not all, of the remaining millions of dollars of cash on deposit with Tethys Trading to one or more companies in the Tethys Group in which Plaintiff held ownership interests and/or financial interests. Upon information and belief, and subject to facts to be elicited in discovery, these transfers were done with the knowledge and active collaboration and agreement of Plaintiff and its principal and chief executive officer, Richard P. Small (at times, "Richard") and/or second officer/manager, Norma T. Small (the wife of Richard), if such transfers were not done under their direction. Additionally, upon information and belief, under swap agreements and/or other agreements, Plaintiff received material economic, equity and/or financial benefits that were treated as on-account principal or interest payments with respect to the referenced promissory note of Tethys Trading to Plaintiff, or which the Court should deem as such.

15. The allegations of Paragraph 15 of the Complaint are denied.

16. The allegations of Paragraph 16 of the Complaint are denied.

**AS TO "PRAYER"**

Defendant denies that Plaintiff is entitled to the relief requested in the paragraph that begins with "WHEREFORE" and that appears under the subheading "Prayer."

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred under the doctrine of waiver.

2. Plaintiff's claims are barred under the doctrine of equitable estoppel.

3. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

4. Plaintiff's claims are barred by the doctrine of novation.

5. The claims and relief sought by Plaintiff are barred by the doctrine of unclean hands.

6. Plaintiff's claims are barred under the provisions of 15 O.S. § 338.

7. Plaintiff's claims are barred by the doctrine of laches.

8. Plaintiff's claims are barred by the doctrine of election of remedies.

9. Plaintiff's claims are barred by modification and discharge of contract.

10. Plaintiff's claims are barred by Plaintiff's breach of contract and resulting discharge of contract.

11. Plaintiff's claims are barred or limited by the doctrine of set-off.

12. Plaintiff is barred from maintaining this action, or barred from any relief sought in this action, based upon the doctrines of ratification and/or release.

13. To the extent that Plaintiff has a right under law or contract which has been violated or breached, or has suffered any injury, any such wrong or harm is the proximate result of Plaintiff's own actions or the actions of one or more third-parties over whom Defendant has exercised no control.

Defendant reserves the right to amend and/or supplement their Answer and Affirmative Defenses, based upon facts that may be uncovered through discovery and investigation. In asserting these Affirmative Defenses, Defendant does not admit, and the Affirmative Defenses herein should not be construed to imply, that Defendant bears the burden of production or burden of persuasion with respect to the assertions contained herein.

WHEREFORE, Defendant Ruchir A. Kadakia respectfully requests that the Court grant a judgment of "no cause" in favor of Defendant on all claims within the Complaint, and grant to

Defendant an award of costs and counsel fees, and all such other relief to Defendant allowable under law and equity.

Respectfully submitted,

*/s/ Evan G. E. Vincent*

Sanford C. Coats, OBA #18268
Evan G.E. Vincent, OBA #22325
CROWE & DUNLEVEY, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
sandy.coats@crowedunlevy.com
evan.vincent@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT, RUCHIR A. KADAKIA**

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Brent Blackstock
Lacey L. Shirley
Mid-Continent Tower, Suite 500
401 South Boston Avenue
Tulsa, OK 74103

s/ *Evan G. E. Vincent*
Evan G.E. Vincent