IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF OKLAHOMA

(1) R.P. SMALL CORP.

Plaintiff,

v.

(1) RUCHIR A. KADAKIA,

Defendant,

And

(1) RUCHIR A. KADAKIA, individually and derivatively on behalf of Tethys Trading, LLC,

Counterclaimant and
Third-Party Plaintiff,

v.

(2) R.P. SMALL CORP., an Illinois Corporation,

Counterclaim Defendant,

And

(1) JOHN E. MEYER, JR.;
(2) ROBERT FINNEGAN;
And
(3) TETHYS SUPPLY AND MARKETING, LLC;
(4) TETHYS CAPTIAL, LLC;
(5) TETHYS TRADING, LLC;
(6) THETHYS ENERGY, LLC;
(7) TETHYS BIOFUELS, LLC;
(8) THETHYS LATIN AMERICA, LLC;
(9) TETHYS PARTNERS, LLC;
(10) TETHYS DERIVATIVES, LLC; and
(11) TETHYS SHIPPING, LLC, each an Oklahoma Limited liability company;
and
(12) JOHN DOES AND JANE DOES 1 TO 10;

Third-Party Defendants.

Case No. 19-cv-271-JED-JFJ

**THIRD-PARTY DEFENDANTS' COMBINED PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT**

Pursuant to Fed.R.Civ.P. 12(b)(6), Third-Party Defendants John E. Meyer, Jr. ("Meyer"), Robert Finnegan ("Finnegan"), Tethys Supply and Marketing, LLC ("Tethys Supply and Marketing"), Tethys Capital, LLC ("Tethys Capital"), Tethys Trading, LLC ("Tethys Trading"), Tethys Energy, LLC ("Tethys Energy"), Tethys Biofuels, LLC ("Tethys Biofuels"), Tethys Latin America, LLC ("Tethys Latin America"), Tethys Partners, LLC ("Tethys Partners"), Tethys Derivatives, LLC ("Tethys Derivatives"), and Tethys Shipping, LLC ("Tethys Shipping") (collectively the "3P Defendants") move to dismiss some of the Third-Party Claims for Relief of Ruchir A. Kadakia ("Kadakia") as follows:

**Summary of Argument**

**Third Count** (Contractual Indemnification). Kadakia's pleading on its face admits there was not a meeting of the minds in the indemnification clause of the Agreement Regarding Transfer of Membership Interests with respect to Kadakia's liability under his Guaranty in favor of Plaintiff R.P. Small Corp. ("Small Corp"), and therefore as a matter of law Kadakia cannot claim a contractual indemnification right against any of the 3P Defendants for Small Corp.'s Guaranty collection claim.

**Fifth Count** (Breach of Fiduciary Duty). Kadakia's pleading on its face fails to allege that he is owed a fiduciary duty by Tethys Trading, Tethys Supply and Marketing, Tethys Biofuels, Tethys Capital, Tethys Latin America, Tethys Partners, Tethys Derivatives, Tethys Shipping, and Tethys Energy (hereinafter the "Named Tethys

Entities"), nor does Kadakia properly allege how the Named Tethys Entities may have breached any such duty, meriting dismissal.

**Sixth Count** (Uniform Fraudulent Transfer Act Claim). Kadakia's pleading fails to state a claim upon which relief may be granted because the claim is a derivative claim which Kadakia cannot bring, and because the claim pled is barred by the Act's four (4) year limitations period. The Sixth Count also fails to plead fraud with sufficient particularity as against the Named Tethys Entities and therefore should be restated or dismissed pursuant to Fed.R.Civ.P. 9(b).

**Seventh Count** (Tethys Trading Derivative Claim). Kadakia's derivative claim on behalf of Tethys Trading fails to state a claim upon which relief may be granted because Kadakia is not a current member of Tethys Trading, as specifically required by 18 O.S. § 2051.

## Argument and Authority

A. Rule 12(b)(6) Standard of Review.

For purposes of reviewing a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court should accept all factual allegations of the Third-Party Complaint as true and view them in the light most favorable to Kadakia. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). To survive the motion, the Third-Party Complaint must allege "enough facts to state a claim to relief that is plausible on its face" and must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555; 570 (2007). In other words, the facts alleged in the Third-Party Complaint must allow the court to infer the defendant's liability. *Shields*, 744 F.3d at 640 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)). The *Twombly*/*Iqbal* pleading standard applied in federal courts "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are ***no more than labels and conclusions*** or formulaic recitation of the elements of a cause of action, which the Court stated ***will not do***." *Id*. at 640-41 (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (emphasis added)). Kadakia fails to meet this standard.

B. The Third-Party Contractual Indemnity Claim Fails To State A Claim Because Kadakia Admits There Was No Meeting Of The Minds That The Indemnification In Question Covers An Action On Kadakia's Guaranty Obligation.

The Third Count of the Third-Party Complaint must allege "enough facts to state a claim to relief that is plausible on its face…." *Twombly*, *supra*, 550 U.S. at 555. To have a plausible breach of contract claim, there must be a meeting of the minds on the contract's material terms. Beck v. Reynolds, 1995 OK 83, 903 P.2d 317.[1]

But on its face, the Third-Party Complaint demonstrates there was no meeting of the minds between Kadakia, Meyer and Finnegan that the indemnification clause upon which Kadakia relies includes a right to be indemnified for Small Corp.'s $6 million Guaranty claim. Paragraph 47 of the Third-Party Complaint alleges the following facts:

- "In the negotiations preceding the closing of Kadakia's sale of his Tethys ownership interests to Meyer and Finnegan, Kadakia through his counsel at the time, requested a release or discharge with respect to any obligations of Kadakia under Kadakia's Personal Guaranty to Small Corp."

---

[1] Kadakia's Third Count asserts a contractual indemnification right arising out of the Parties' Agreement Regarding Transfer of Membership Interests, paragraph 3B. This Agreement invokes the laws of Oklahoma for purposes of its interpretation.

- "This request was rejected [by Meyer and Finnegan]."

Thus, Kadakia specifically pleads that he asked Meyer and Finnegan for a release or discharge from his Guaranty obligation to Small Corp. *when negotiating the Agreement Regarding Transfer of Membership Interests*, and that Meyer and Finnegan said no! It is incongruous as a matter of law, in light of this factual averment, to then assert a claim against Meyer and Finnegan for indemnification of the Small Corp. Guaranty collection claim, when Kadakia's own *verified* factual allegations show Meyer and Finnegan refused to give such a release or discharge in the subject agreement. Because the Third-Party Complaint admits on its face that the Third-Party Plaintiff and the Third-Party Defendants Meyer and Finnegan did not have a meeting of the minds regarding indemnification of the Kadakia Small Corp. Guaranty, the Third Count fails to state a claim upon which relief may be granted and must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

C. The Named Tethys Entities Are Not Alleged To Owe A Fiduciary Duty to Kadakia, Nor Are They Alleged To Have Breached Any Such Duty, And Therefore Must Be <u>Dismissed From The Fifth Count</u>.

The Fifth Count of the Third-Party Complaint, paragraphs 70-73, alleges that Meyer and Finnegan breached fiduciary duties owed to Kadakia as a former member of Tethys Trading. The Fifth Count claims at paragraph 74 that Kadakia was personally harmed by these alleged breaches of fiduciary duties, such that Kadakia in his individual capacity is entitled to common law contribution and common law indemnification for any liability he may have under the Small Corp. $6 million Guaranty.

But, without any allegations of a fiduciary duty or of a breach thereof by the Named Tethys Entities, Kadakia pleads in his "Wherefore" clause that all Named Tethys Entities

are liable for the alleged fiduciary duty breaches of Meyer and Finnegan. Without any averment of a duty or a breach of that duty, the Named Tethys Entities cannot be held liable under a breach of fiduciary duty claim as pled. *Twombly*, *supra*, 550 U.S. at 570.

D. The Sixth Count Is Barred By The Uniform Fraudulent Transfer Act's Four-Year Statute Of Limitations Period.

The Uniform Fraudulent Transfer Act, as codified in Oklahoma at 12 O.S. §112 *et seq.*, contains a four-year limitations period and provides in pertinent part:

> A cause of action with respect to a fraudulent transfer or obligation pursuant to the provisions of the Uniform Fraudulent Transfer Act, Section 112 et seq. of this title, is extinguished unless action is brought:
>
> 1. Pursuant to the provisions of paragraph 1 of subsection A of Section 116 of this title, within four (4) years after the transfer was made or the obligation was incurred or, if later, within one (1) year after the transfer or obligation was or could reasonably have been discovered by the claimant;
>
> 2. Pursuant to the provisions of paragraph 2 of subsection A of Section 116 of this title or subsection A of Section 117 of this title, within four (4) years after the transfer was made or the obligation was incurred[.]

24 O.S. §121.

Kadakia's Sixth Count asserts fraudulent transfer claims against the 3P Defendants pursuant to §116(A), thereby invoking the four-year limitations period of §121. According to paragraphs 31-33 of the Third-Party Complaint, the actions which Kadakia claims to be violative of the Act occurred in the "first half of 2015" and the "first quarter of 2015". Kadakia's claims are therefore barred under the Act if not brought before June 30, 2019. Because Kadakia's Third-Party Complaint was brought on September 12, 2019, his Uniform Fraudulent Transfer Act claims as pled in the Sixth Count are time barred and must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

E. Kadakia Lacks Standing To Bring An Individual Claim Under the Uniform Fraudulent Transfer Act To Redress An Alleged Injury To Tethys Trading, The True Party In Interest.

"[M]embers of a limited liability company lack standing to redress injury to the limited liability company." *Quintana v. Episcopal School of Acadiana, Inc.*, 2012 WL 6607265, *2 (E.D. Okla. Dec. 18, 2012). Thus, members may not maintain a direct action to recover for a limited liability company's ("LLC") losses, but members may assert a derivative claim in the LLC's right. 18 O.S. § 2051. When a member sues in his individual capacity for an injury to the LLC, such as in a suit alleging fraudulent transfer of LLC assets, the claim should be dismissed. Vernon's Okla. Forms 2d Bus. Org § 7.53. "In such a case, the real party in interest is the LLC not the individual member of the LLC." *Id*.

*PacLink Communications International, Inc. v. Superior Court*, 90 Cal. App. 4th 958 (2001), is instructive. In *PacLink*, the plaintiffs were members of PacLink Communications. *Id*. at 961. They alleged PacLink Communications fraudulently transferred LLC assets to other PacLink affiliated LLCs with which the plaintiffs were not associated, thereby rendering PacLink Communications insolvent. *Id*. Defendants, the affiliated LLCs, filed a demurrer asserting the plaintiffs lacked standing to bring the claims since PacLink Communications was the real party in interest. *Id*. at 962. The trial court overruled the demurrer. *Id*. at 963.

However, the appellate court reversed the trial court's decision and sustained the demurrer finding "plaintiffs ha[d] no standing to sue other than by a derivative action." *Id* at 966-67. The court determined a direct action by the members was improper when the gravamen of the wrong alleged was injury to the LLC. *Id*. at 964. Here, the court noted, the

plaintiffs sued for financial injury caused by fraudulent transfers of the company's assets. *Id*. Thus, any injury to the plaintiffs was merely incidental to the LLC's injury. *Id*. at 965. Therefore, a derivative, not direct, action would have been appropriate. *Id*. at 966.

Like the members in *PacLink* who asserted a direct claim for fraudulently transferring LLC assets to other PacLink affiliated companies, Kadakia asserts a direct claim under Oklahoma's Uniform Fraudulent Transfer Act alleging fraudulent transfer of Tethys Trading assets to other Tethys-denominated companies. As in *PacLink*, Kadakia alleges injuries to Tethys Trading that, if true, would only incidentally impact Kadakia and other members. Thus, a direct action is not appropriate here, and Kadakia's claims are suitable only in a derivative action.

Oklahoma has applied this same concept in derivative shareholder actions. *See Watkins v. Hamm*, 2018 OK CIV APP 2, 419 P.3d 353. Applying the three-prong *Tooley* test,[2] *Watkins* held that a direct action is improper where the corporation primarily suffered the alleged damage, any available relief would flow to the corporation and indirectly inure to the corporation's shareholders, and the relief sought would not provide a benefit flowing only to the plaintiffs. *Id*. at 360-61. The court concluded the suit was properly dismissed

[2] The Delaware Court of Chancery extended the *Tooley* test to the LLC context in *Kelly v. Blum*. 2010 WL 629850, *9 (Del. Ch. Feb. 24, 2010) (providing while "few Delaware cases deal specifically with the distinction between the derivative and direct claims in the LLC context . . . 'case law governing corporate derivative suits is equally applicable to suits on behalf of an LLC[.]'"). *See also BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Estate Advisor, Inc.*, 2014 WL 4354457 (E.D.La. Sept. 2, 2014) (noting "Delaware caselaw has consistently recognized that the same standard [in determining direct versus derivative suits] applies to corporations, LLCs, and partnerships[]").

since the plaintiffs could not show, without demonstrating harm to the corporation, that the plaintiffs could prevail. *Id*. at 361.

Likewise, Kadakia's Sixth Count is not actionable as direct claims under the *Tooley* principles: (1) Tethys Trading suffered the alleged harm, (2) Tethys Trading would receive the benefit of any requested recovery or remedy, and (3) Kadakia cannot show that he can prevail without showing injury to Tethys Trading. Distilled down, Kadakia claims Tethys Trading transfers left the company unable to pay certain obligations, and, as a result of Tethys Trading's financial hardships, Kadakia is liable under a personal guaranty. Any recovery from Kadakia's claim would flow directly to Tethys Trading, not Kadakia, and any harm to Kadakia is merely incidental. The Sixth Count of Kadakia's Counterclaim and Third-Party complaint fails against all 3P Defendants as it does not state a claim for which relief can be granted.

F. The Sixth Count Fails To Plead Fraud Against The Named Tethys Entities With The Particularity Required by Fed.R.Civ.P. 9(b).

Pursuant to F.R.C.P. 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The requirement for pleading fraud with particularity applies equally to averments under a state's fraudulent transfer act. *See generally Factory Direct, Inc. v. Anatomic Global, Inc.*, 2012 WL 13024061, *5 (W.D. Okla. April 23, 2012). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27

(10th Cir. 2006) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Kadakia's Uniform Fraudulent Transfer Act claim in his Sixth Count merely avers that the nine (9) Named Tethys Entities are liable for fraudulent transfer, with no allegations of fact as to how the Named Tethys Entities are liable. We presume that Kadakia believes monies may have been transferred to all nine of these entities, but he cannot merely sue now, and sort it out later. Rule 9(b) requires specificity. The Named Tethys Entities must either be dismissed, or Kadakia must replead his claims with the requisite particularity.

G. The Seventh Count Fails Because Kadakia, Who Is Not A Current Member, Lacks Standing To Bring A Derivative Claim Under 18 O.S. §2051.

18 O.S. §2051 provides that a member of a limited liability company may bring an action in the right of the limited liability company to recover a judgment in its favor ***only if*** the putative plaintiff "is a member of the limited liability company at the time of bringing the action." Kadakia acknowledges that he sold his membership interest in Tethys Trading to Meyer and Finnegan on December 31, 2015, as part of the Agreement Regarding Transfer of Membership Interests. *See*, Third-Party Complaint, paragraph 42. The Seventh Count fails to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6).

## Conclusion

For the foregoing reasons, Third-Party Defendants pray that the Court grant their partial motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

**CONNER & WINTERS, LLP**

s/ R. Richard Love, III
R. Richard Love, III, OBA #14770
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-5711
rlove@cwlaw.com

***Counsel for John E. Meyer, Jr.; Robert Finnegan; Tethys Supply and Marketing, LLC; Tethys Capital, LLC; Tethys Trading, LLC; Tethys Energy, LLC; Tethys Biofuels, LLC; Tethys Latin America, LLC; Tethys Partners, LLC; Tethys Derivatives, LLC and Tethys Shipping, LLC***

***Third Party Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Even.vincent@crowedunlevy.com

***Attorneys for Defendant and Third-Party Plaintiff Ruchir A. Kadakia***

R. Brent Blackstock
Lacey L. Shipley
Mid-Continent Tower, Suite 500
401 South Boston Avenue
Tulsa, OK 74103

***Attorneys for Plaintiff***

s/ R. Richard Love III
R. Richard Love, III