IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) R.P. SMALL CORP.<br><br>Plaintiff,<br>v.<br><br>(1) RUCHIR A. KADAKIA,<br><br>Defendant,<br><br>And<br><br>(1) RUCHIR A. KADAKIA, individually and derivatively on behalf of Tethys Trading, LLC,<br><br>Counterclaimant and Third-Party Plaintiff,<br><br>v.<br><br>(2) R.P. SMALL CORP., an Illinois Corporation,<br><br>Counterclaim Defendant,<br><br>And<br><br>(1) JOHN E. MEYER, JR.;<br>(2) ROBERT FINNEGAN;<br>And<br>(3) TETHYS SUPPLY AND MARKETING, LLC;<br>(4) TETHYS CAPTIAL, LLC;<br>(5) TETHYS TRADING, LLC;<br>(6) TETHYS ENERGY, LLC;<br>(7) TETHYS BIOFUELS, LLC;<br>(8) TETHYS LATIN AMERICA, LLC;<br>(9) TETHYS PARTNERS, LLC;<br>(10) TETHYS DERIVATIVES, LLC; and<br>(11) TETHYS SHIPPING, LLC, each an Oklahoma Limited liability company;<br>and<br>(12) JOHN DOES AND JANE DOES 1 TO 10;<br><br>Third-Party Defendants. | ) | Case No. 19-cv-271-JED-JFJ |

**THIRD-PARTY DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM AND THIRD-PARTY COMPLAINT OF RUCHIR A. KADAKIA**

For their Answer to the Ruchir A. Kadakia ("Kadakia") Counterclaim and Third-Party Complaint ("CC and 3P Complaint"), Third-Party Defendants John E. Meyer, Jr. ("Meyer"), Robert Finnegan ("Finnegan"), Tethys Supply and Marketing, LLC ("Tethys Supply and Marketing"), Tethys Capital, LLC ("Tethys Capital"), Tethys Trading, LLC ("Tethys Trading"), Tethys Energy, LLC ("Tethys Energy"), Tethys Biofuels, LLC ("Tethys Biofuels"), Tethys Latin America, LLC ("Tethys Latin America"), Tethys Partners, LLC ("Tethys Partners"), Tethys Derivatives, LLC ("Tethys Derivatives"), and Tethys Shipping, LLC ("Tethys Shipping") (collectively the "3P Defendants") deny all allegations not expressly admitted herein, and further state as follows:

*Facts Common to All Counts of Counterclaim and Third-Party Complaint*

**The Parties**

1. 3P Defendants are without sufficient information to admit or deny the allegations in Paragraph 1 of the CC and 3P Complaint.

2. 3P Defendants admit the allegations of Paragraph 2 of the CC and 3P Complaint.

3. 3P Defendants deny the allegations of Paragraph 3 of the CC and 3P Complaint that Meyer is a citizen of the state of Illinois, and admit that as Managing Member of Tethys Trading, Meyer has that mailing address in Chicago, Illinois.

4. 3P Defendants admit the allegations of Paragraph 4 of the CC and 3P Complaint.

5. 3P Defendants admit the allegations of Paragraph 5 of the CC and 3P Complaint that the limited liability companies listed are each limited liability companies formed under the laws of the state of Oklahoma, except Tethys Capital, LLC, which is a Delaware LLC.

6. 3P Defendants deny the allegations of Paragraph 6 of the CC and 3P Complaint.

**Jurisdiction and Venue**

7. 3P Defendants admit the allegations of Paragraph 7 of the CC and 3P Complaint.

8. 3P Defendants are without sufficient information to admit or deny the allegations in Paragraph 8 of the CC and 3P Complaint.

9. 3P Defendants admit to being subject to personal jurisdiction in this Court but deny all the other allegations of Paragraph 9 of the CC and 3P Complaint.

10. 3P Defendants deny the allegations of Paragraph 10 of the CC and 3P Complaint.

**Nature of Counterclaim and Third-Party Complaint**

11. 3P Defendants deny the allegations of Paragraph 11 of the CC and 3P Complaint.

**History of the Tethys Entities**

12. 3P Defendants are without sufficient information to admit or deny the allegations in Paragraph 12 of the CC and 3P Complaint.

13. 3P Defendants admit the allegations of Paragraph 13 of the CC and 3P Complaint.

14. 3P Defendants are without sufficient information to admit or deny the allegations in Paragraph 14 of the CC and 3P Complaint.

15. 3P Defendants are without sufficient information to admit or deny the allegations in Paragraph 15 of the CC and 3P Complaint.

16. 3P Defendants are without sufficient information to admit or deny the allegations in Paragraph 16 of the CC and 3P Complaint, except that they admit that Kadakia met Finnegan in 2013 and that Finnegan is a graduate of the Merchant Marine Academy with a background in logistics.

17. With regard to the allegations of paragraph 17 of the CC and 3P Complaint: 3P Defendants admit that Tethys Trading was formed on or about July 30, 2013, as an Oklahoma limited liability company; they admit there is a Tethys Trading written Operating Agreement dated July 30, 2013, the terms of which speak for themselves; they admit that Kadakia invested $100,000 in Tethys Trading and that his loan was repaid without any further investment by Kadakia; and they admit that Meyer invested $1.8 million in Tethys Trading that was repaid but then reinvested by Meyer in other Tethys related companies. All other allegations in paragraph 17 of the CC and 3P Complaint are denied.

18. 3P Defendants deny the allegations of Paragraph 18 of the CC and 3P Complaint, except that they admit that Tethys Trading had an initial Operating Agreement, the terms of which speak for themselves.

18(2d). 3P Defendants admit to Meyer having signatory authority over the accounts mentioned in the second 18th paragraph but deny the remainder of the allegations in that paragraph.

19. 3P Defendants admit that Tethys Trading had a contract involving PEMEX/Shell as referenced in paragraph 19 of the CC and 3P Complaint, the terms of which speak for themselves; 3P Defendants are without sufficient information to admit or deny all remaining allegations of paragraph 19.

20. 3P Defendants admit that during 2014 other Tethys denominated limited liability companies were formed by Meyer, Finnegan and Kadakia, but deny that there were not others involved and deny the remaining allegations of paragraph 20 of the CC and 3P Complaint.

**Meyer Manufactures Issues and Forces Reduction in Hodgson's Equity Interests**

21. 3P Defendants deny the allegations of Paragraph 21 of the CC and 3P Complaint.

22. 3P Defendants deny the allegations of Paragraph 22 of the CC and 3P Complaint.

**Tethys Trading Secures Financing from Reinhold Fussle and R.P. Small Corp.; R.P. Small Corp. Acquires Equity in Tethys Trading and Other Tethys Entities**

23. 3P Defendants deny the allegations of Paragraph 23 of the CC and 3P Complaint, except to admit that Tethys Trading generally sought financing in 2013.

24. 3P Defendants admit the allegations in paragraph 24 of the CC and 3P Complaint that Fussle was an acquaintance of Hodgson and that Fussle loaned Tethys Trading $500,000 as memorialized by a Promissory Note and related documents, the terms of which speak for themselves; all other allegations of paragraph 24 are denied.

25. 3P Defendants admit the allegations in paragraph 25 of the CC and 3P Complaint that Fussle loaned Tethys Trading $500,000 as memorialized by a Promissory Note and related documents, the terms of which speak for themselves; all other allegations of paragraph 25 are denied.

26. 3P Defendants admit the allegations in paragraph 26 of the CC and 3P Complaint.

27. 3P Defendants admit the allegations in paragraph 27 of the CC and 3P Complaint that Small Corp. loaned Tethys Trading $6,000,000 as memorialized by a Promissory Note and related documents, the terms of which speak for themselves; all other allegations of paragraph 27 are denied.

28. 3P Defendants admit the allegation in paragraph 28 of the CC and 3P Complaint that Small Corp. acquired a ten percent membership interest in Tethys Trading, but deny the remaining allegations of this paragraph.

**Tethys Trading's Business Downturn in the Last Half of Calendar Year 2014**

29. 3P Defendants admit the PEMEX/Shell contract expired in 2014 but deny the remaining allegations in paragraph 29 of the CC and 3P Complaint.

30. 3P Defendants acknowledge that Kadakia acting as Chief Executive Officer caused Tethys Trading to enter into a highly speculative and ill-advised "take or pay"

contract in 2014 that was a financial disaster for Tethys Trading, but deny all remaining allegations in paragraph 30 of the CC and 3P Complaint.

**Diversions and Wrongful Transfers of Assets of Tethys Trading by Meyer**

31. 3P Defendants deny the allegations in paragraph 31 of the CC and 3P Complaint.

32. 3P Defendants deny the allegations in paragraph 32 of the CC and 3P Complaint.

33. 3P Defendants deny the allegations in paragraph 33 of the CC and 3P Complaint.

34. 3P Defendants deny the allegations in paragraph 34 of the CC and 3P Complaint.

35. 3P Defendants deny the allegations in paragraph 35 of the CC and 3P Complaint.

**Default by Tethys Trading Under the Fussle Note; the Revised Fussle Note**

36. 3P Defendants admit the allegations in paragraph 36 of the CC and 3P Complaint that Fussle amended his note to extend its maturity date and to expand the allowable use of its monies to include funding crude oil ventures in which Tethys Trading was involved.

37. 3P Defendants deny the allegations in paragraph 37 of the CC and 3P Complaint.

38. 3P Defendants admit the allegations in the first sentence of paragraph 38 of the CC and 3P Complaint that Meyer had a conversation with Fussle regarding Tethys

Trading's inability to make payments due under the Fussle note, and admit there was a restructuring of the Fussle Note, but deny the remaining allegations of paragraph 38.

39. 3P Defendants admit the allegations in paragraph 39 of the CC and 3P Complaint that a revised written Promissory Note dated January 1, 2017 was signed between Tethys Trading and Fussle, the terms of which speak for themselves, that Hodgson paid $100,000 to Fussle as partial payment on the original Note to Fussle, but deny all remaining allegations of paragraph 39.

40. 3P Defendants deny the allegations in paragraph 40 of the CC and 3P Complaint.

**Kadakia is Forced Out of, and Separates from the Tethys Entities**

41. 3P Defendants deny the allegations in paragraph 41 of the CC and 3P Complaint.

42. 3P Defendants deny the allegations in paragraph 42 of the CC and 3P Complaint, except to admit that an "Agreement Regarding Transfer Of Membership Interests" was executed effective December 31, 2015, the terms of which speak for themselves.

43. 3P Defendants are without sufficient information to either admit or deny the allegations in the first sentence of paragraph 43, and admit the second sentence of paragraph 43 of the CC and 3P Complaint.

**FIRST COUNT**

***Counterclaim against R.P. Small Corp.***

**[Tortious Interference with Contractual Indemnification Rights and Expectancies of Kadakia Under Written "Agreement Regarding Transfer of Membership Interests"]**

44. 3P Defendants deny the allegations in paragraph 44 of the CC and 3P Complaint.

45. 3P Defendants deny the allegations in paragraph 45 of the CC and 3P Complaint, except to admit that an "Agreement Regarding Transfer Of Membership Interests" was executed effective December 31, 2015, the terms of which speak for themselves.

46. 3P Defendants deny the allegations in paragraph 46 of the CC and 3P Complaint.

47. 3P Defendants admit the allegations in the first two sentences of Paragraph 47 of the CC and 3P Complaint; and deny the allegations of the last sentence of Paragraph 47, except to admit that Third-Party Defendants Meyer and Finnegan never agreed to discharge/release/indemnify Kadakia from any of his obligations under his Personal Guaranty to Small Corp.

48. 3P Defendants deny the allegations in paragraph 48 of the CC and 3P Complaint, except to admit that an "Agreement Regarding Transfer Of Membership Interests" was executed effective December 31, 2015, the terms of which speak for themselves.

49. 3P Defendants deny the allegations in paragraph 49 of the CC and 3P Complaint.

50. 3P Defendants deny the allegations in paragraph 50 of the CC and 3P Complaint.

51. 3P Defendants deny the allegations in paragraph 51 of the CC and 3P Complaint.

52. 3P Defendants deny the allegations in paragraph 52 of the CC and 3P Complaint.

53. 3P Defendants deny the allegations in paragraph 53 of the CC and 3P Complaint.

54. 3P Defendants deny the allegations in paragraph 54 of the CC and 3P Complaint.

**SECOND COUNT**
***Counterclaim Against R.P. Small Corp.***
**[Civil Conspiracy]**

55. 3P Defendants deny the allegations in paragraph 55 of the CC and 3P Complaint.

56. 3P Defendants deny the allegations in paragraph 56 of the CC and 3P Complaint.

57. 3P Defendants deny the allegations in paragraph 57 of the CC and 3P Complaint.

58. 3P Defendants deny the allegations in paragraph 58 of the CC and 3P Complaint.

**THIRD COUNT**
***Third-Party Complaint Against Meyer and Finnegan and Tethys-Denominated Entities***
**[Contractual Indemnification Under Kadakia Membership Unites Purchase Agreement]**

59. 3P Defendants deny the allegations in paragraph 59 of the CC and 3P Complaint.

60. 3P Defendants deny the allegations in paragraph 60 of the CC and 3P Complaint.

61. 3P Defendants deny the allegations in paragraph 61 of the CC and 3P Complaint.

62. 3P Defendants deny the allegations in paragraph 62 of the CC and 3P Complaint.

**FOURTH COUNT**
***Third-Party Complaint Against Meyer and Finnegan and Tethys-Denominated Entities***
**[Common Law Indemnification and Contribution]**

63. 3P Defendants deny the allegations in paragraph 63 of the CC and 3P Complaint.

64. 3P Defendants deny the allegations in paragraph 64 of the CC and 3P Complaint.

65. 3P Defendants admit the allegations in paragraph 65 of the CC and 3P Complaint.

66. 3P Defendants deny the allegations in paragraph 66 of the CC and 3P Complaint.

67. 3P Defendants deny the allegations in paragraph 67 of the CC and 3P Complaint.

68. 3P Defendants deny the allegations in paragraph 68 of the CC and 3P Complaint.

**FIFTH COUNT**

***Third-Party Complaint Against Meyer, Finnegan and Other Third-Party Defendants***

**[Breach of Fiduciary Duty]**

69. 3P Defendants deny the allegations in paragraph 69 of the CC and 3P Complaint.

70. 3P Defendants deny the allegations in paragraph 70 of the CC and 3P Complaint.

71. 3P Defendants deny the allegations in paragraph 71 of the CC and 3P Complaint.

72. 3P Defendants deny the allegations in paragraph 72 of the CC and 3P Complaint.

73. 3P Defendants deny the allegations in paragraph 73 of the CC and 3P Complaint.

74. 3P Defendants deny the allegations in paragraph 74 of the CC and 3P Complaint.

**SIXTH COUNT**
***Third-Party Complaint Against Meyer, Finnegan and Other Third-Party Defendants***
**[Personal Liability for Causing Fraudulent Transfers In Violation of 24 O.S. §116]**

75. 3P Defendants deny the allegations in paragraph 75 of the CC and 3P Complaint.

76. 3P Defendants deny the allegations in paragraph 76 of the CC and 3P Complaint.

77. 3P Defendants deny the allegations in paragraph 77 of the CC and 3P Complaint.

78. Paragraph 78 of the CC and 3P Complaint is nonsensical and is denied.

79. 3P Defendants deny the allegations in paragraph 79 of the CC and 3P Complaint.

**SEVENTH COUNT**
***Third-Party Complaint Against Meyer, Finnegan and Other Third-Party Defendants***
**[Derivative Claims by Kadakia on Behalf of Tethys Trading]**

80. 3P Defendants deny the allegations in paragraph 80 of the CC and 3P Complaint.

81. 3P Defendants admit the allegations in the first sentence but deny the remaining allegations in paragraph 81 of the CC and 3P Complaint.

82. 3P Defendants admit the allegations in paragraph 82 of the CC and 3P Complaint.

83. 3P Defendants admit that the letter referenced in paragraph 83 of the CC and 3P Complaint contained the words recounted in paragraph 83, but otherwise deny the allegations.

84. 3P Defendants deny the allegations in paragraph 84 of the CC and 3P Complaint.

85. 3P Defendants deny the allegations in paragraph 85 of the CC and 3P Complaint.

86. 3P Defendants deny the allegations in paragraph 86 of the CC and 3P Complaint.

87. 3P Defendants deny the allegations in paragraph 87 of the CC and 3P Complaint.

88. 3P Defendants deny the allegations in paragraph 88 of the CC and 3P Complaint.

## AFFIRMATIVE DEFENSES

1. Kadakia's Third-Party Claims fail in whole or in part to state a cause of action against 3P Defendants for which relief may be granted.

2. Kadakia's Third-Party Claims are barred in whole or in part by waiver, release, estoppel, laches, and unclean hands.

3. Kadakia's Third-Party Claims are barred in whole or in part by the doctrine of fraudulent inducement and/or constructive fraud.

4. Kadakia cannot enforce any agreement that he himself materially breached, as set forth in Tethys Tradings' Counterclaims against Kadakia.

5. Kadakia's Third-Party Claims fail in whole or in part for lack of proximate cause.

6. Kadakia's Third-Party Claims fail in whole or in part for lack of consideration.

7. Kadakia's Third-Party Claims fail in whole or in part for lack of direct damages.

8. Kadakia's Third-Party Claims fail in whole or in part for failure to mitigate damages.

9. Kadakia's Third-Party Claims fail in whole or in part as barred by the applicable statute of limitations.

10. Kadakia's Third-Party Claims are negated in whole or in part by accord and satisfaction, novation, release, and ratification.

11. Kadakia's Third-Party Claims are negated in whole or in part because 3P Defendants acted in good faith with Kadakia's full knowledge in conducting the business about which Kadakia now complains.

12. Kadakia's Third-Party indemnity Claims fail in whole or in part for failure of a meeting of the minds.

13. All alleged wrongful actions taken by 3P Defendants were taken at the direction of Kadakia as CEO, or with his actual knowledge and involvement and therefore cannot constitute a breach of any legal or equitable rights allegedly possessed by Kadakia.

14. Kadakia's Third-Party Claims fail in whole or in part for lack of standing to sue.

15. Kadakia's alleged injuries and damages were directly and proximately caused by the negligent, superseding and intervening acts of Kadakia, or of third persons not within the control of 3P Defendants, thereby precluding or reducing any recovery from 3P Defendants in accordance with applicable law.

16. The Affirmative Defenses asserted in 3P Defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss, filed contemporaneously herewith, are incorporated by reference as if stated herein.

17. 3P Defendants reserve the right to amend, supplement or change any of the foregoing defenses as discovery proceeds.

WHEREFORE, 3P Defendants pray that Kadakia take nothing by way of his Third-Party Claims, that 3P Defendants be awarded their attorneys' fees and costs in defending this action, and that the Court award such additional relief that is just and equitable.

**CONNER & WINTERS, LLP**

s/ R. Richard Love III
R. Richard Love, III, OBA #14770
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-5711
rlove@cwlaw.com

***Counsel for John E. Meyer, Jr.; Robert Finnegan; Tethys Supply and Marketing, LLC; Tethys Capital, LLC; Tethys Trading, LLC; Tethys Energy, LLC; Tethys Biofuels, LLC; Tethys Latin America, LLC; Tethys Partners, LLC; Tethys Derivatives, LLC and Tethys Shipping, LLC***

***Third Party Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Even.vincent@crowedunlevy.com

***Attorney for Defendant and Third-Party Plaintiff***
***Ruchir A. Kadakia***

R. Brent Blackstock
Lacey L. Shipley
Mid-Continent Tower, Suite 500
401 South Boston Avenue
Tulsa, OK 74103

***Attorneys for Plaintiff***

s/ R. Richard Love III
R. Richard Love, III