IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF OKLAHOMA

(1) R.P. SMALL CORP.

Plaintiff,

v.

(1) RUCHIR A. KADAKIA,

Defendant,

And

(1) RUCHIR A. KADAKIA, individually and derivatively on behalf of Tethys Trading, LLC,

Counterclaimant and
Third-Party Plaintiff,

v.

(2) R.P. SMALL CORP., an Illinois Corporation,

Counterclaim Defendant,

And

(1) JOHN E. MEYER, JR.;
(2) ROBERT FINNEGAN;
And
(3) TETHYS SUPPLY AND MARKETING, LLC;
(4) TETHYS CAPTIAL, LLC;
(5) TETHYS TRADING, LLC;
(6) TETHYS ENERGY, LLC;
(7) TETHYS BIOFUELS, LLC;
(8) TETHYS LATIN AMERICA, LLC;
(9) TETHYS PARTNERS, LLC;
(10) TETHYS DERIVATIVES, LLC; and
(11) TETHYS SHIPPING, LLC, each an Oklahoma Limited liability company;
and
(12) JOHN DOES AND JANE DOES 1 TO 10;

Third-Party Defendants.

Case No. 19-cv-271-JED-JFJ

**COUNTERCLAIMS OF THIRD-PARTY DEFENDANTS**
**TETHYS PARTNERS, LLC AND TETHYS TRADING, LLC**
**AGAINST THIRD-PARTY PLAINTIFF RUCHIR A. KADAKIA**

For their counterclaims (sometimes referred to herein as the "Counterclaims") against Third-Party Plaintiff Ruchir A. Kadakia ("Kadakia"), Third-Party Defendants Tethys Partners, LLC ("Tethys Partners") and Tethys Trading, LLC ("Tethys Trading") allege and state as follows:

**The Parties**

1. Tethys Partners is a limited liability company formed under the laws of the state of Oklahoma with its principal place of business of 954 W. Washington Boulevard, Suite 250, Chicago, Illinois 60607.

2. In 2013 through 2015, Tethys Partners was operated as the administrative head of all Tethys denominated companies, serving the other companies by providing marketing resources and services for business development.

3. Tethys Trading is a limited liability company formed under the laws of the state of Oklahoma with its principal place of business of 954 W. Washington Boulevard, Suite 250, Chicago, Illinois 60607.

4. In 2013 through 2015, Tethys Trading was primarily focused on the "midstream" and "downstream" oil and gas industry. It sought strategic alliances with refiners and other business partners to leverage Tethys Trading's logistical strengths in order to create value for it and its partners, and it had a track record of trading in crude oil and other refined product markets.

5. Kadakia is a current resident of either Texas or Connecticut, or both.

6. At least between 2013 and 2016, Kadakia resided in Chicago, Illinois.

7. In 2013 through most of 2015, Kadakia worked for Tethys Partners and Tethys Trading as their Chief Executive Officer.

8. During most if not all of 2015 Kadakia held himself out as Chief Executive Officer but in mid-August forward was primarily tasked with serving Tethys Partners and Tethys Trading as a business development officer.

9. Kadakia also owned membership interests in each of Tethys Partners and Tethys Trading through the end of 2015.

**Jurisdiction and Venue**

10. The Court has subject matter jurisdiction over the Counterclaims against Kadakia pursuant to 28 U.S.C. §1332, as the Counterclaims are an action by citizens of a foreign state against a citizen of a different foreign state, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

11. Kadakia is subject to the personal jurisdiction of this Court as he has himself invoked the jurisdiction of this Court by bringing claims against the original Plaintiff Small Corp., and by bringing third-party claims against multiple third-party defendants. During 2014 and 2015, Kadakia was an officer and an owner of membership units in Tethys Partners and Tethys Trading, which subjects Kadakia under certain circumstances to the laws of the state of Oklahoma.

**<u>Tethys Partner's and Tethys Trading's Pursuit of Oil and Gas Business Alliances Culminating in Kadakia Taking the Gladieux Refinery Prospective Business Opportunity</u>**

12. During 2013 and 2014, Tethys Trading had a contract with Shell Deer Park, but that contract expired in August of 2014. Because this was only one deal, Tethys Trading needed other sources of revenue in its area of expertise. Thus, during 2014 and 2015, it took actions to develop prospective business opportunities with other persons and entities in its market.

13. Tethys Partners was the business development and marketing affiliate for Tethys Trading and other Tethys denominated entities. In that capacity, Tethys Partners was also looking for business development opportunities in 2013, 2014, and 2015 for the various Tethys denominated companies.

14. As an officer of Tethys Partners and Tethys Trading, Kadakia was the person actually pursuing prospective new opportunities in which one or more of these two companies (or related companies) could engage during 2013, 2014 and 2015, and he was compensated during this entire period to do so.

15. Kadakia was equipped with telephones, email addresses, a website, an expense account, access to legal advisers, and other things, and he employed various marketing efforts including telephone conversations, electronic mail correspondence, business meetings, and site visits to pursue prospective business opportunities.

16. In particular, Tethys Trading's good will and track record in the oil and gas industry was leveraged by Kadakia during 2014 and 2015 to develop potential business.

17. During this period, potential business dealings with oil and gas refineries were consistently an area of interest for Kadakia on behalf of Tethys Partners and Tethys Trading.

18. For instance, in September of 2013, using shared Tethys Partners and Tethys Trading assets, Kadakia explored a prospective business opportunity with Millford Haven refinery. This business prospect proved to be unsuccessful.

19. Again, in April of 2014, using shared Tethys Partners and Tethys Trading assets, Kadakia explored a prospective business opportunity with Vindonnus Refining, LLC. Though Kadakia as CEO signed a Mutual Non-Circumvent/Non-Disclosure Agreement, this business prospect proved to be unsuccessful.

20. Beginning in January of 2015, Kadakia leveraged the same shared assets of Tethys Partners and Tethys Trading to develop prospective business with the Channel Terminals refinery in Houston, Texas.

21. Kadakia developed the Channel Terminals refinery deal with established outside business associates of Tethys Partners and Tethys Trading, and by September of 2015 he had a critical path to bid on and close on the Channel Terminals refinery.

22. But Kadakia signed the letter of intent on the Channel Terminals refinery deal not on behalf of Tethys Partners, Tethys Trading, or another Tethys denominated company; rather, he injected a new company that he had formed and that he owned as a substitute for Tethys Partners and Tethys Trading. Thus, he wrongfully executed the letter of intent on the Channel Terminals refinery as a principal of "Genesis Capital Partners LLC", which letter of intent he received at his Tethys Partners email address.

23. Kadakia never told any Tethys denominated entity, officer, or owner that he had taken the opportunity for himself in September of 2015, while still being compensated by and while still employing the shared assets of Tethys Partners and Tethys Trading.

24. Beginning on January 24, 2014, Kadakia and his fellow officer at the time, Jeff Hodgson, received information on a potential business opportunity with the Gladieux Refinery in Fort Wayne, Indiana.

25. In the late summer and fall of 2015, while still serving as an officer of Tethys Partners and Tethys Trading, Kadakia developed a prospective business opportunity to purchase, in some fashion, the Gladieux Refinery.

26. He did so using the same shared assets of Tethys Partners and Tethys Trading, and while still receiving salary and employment benefits from these Tethys entities, much like he did with the Channel Terminals refinery deal.

27. In particular, during the fall of 2015, Kadakia employed shared assets to engage in email correspondence and to travel to Fort Wayne, Indiana to develop the Gladieux Refinery deal.

28. On information and belief, based upon email correspondence to his Tethys Partners email address, and based upon his cell phone records afforded him by Tethys Trading, Kadakia brought together familiar investors in Tethys Trading and visited Fort Wayne, Indiana to view a prospective Gladieux Refinery business deal, all while he was still an officer and a member of Tethys Partners and Tethys Trading.

29. Although he developed the Gladieux Refinery prospective business through Tethys Partners and Tethys Trading, Kadakia kept the business for himself, and never once

informed any Tethys denominated entity, officer, or owner of the Gladieux Refinery prospective business.

30. Instead, he hid the prospective business, and on January 4, 2016, the first business day after executing the Agreement Regarding Transfer of Membership Interests, Kadakia filed corporate papers (which he had prepared in advance) for Postlane Capital Partners, LLC.

31. Upon information and belief, Kadakia took the Gladieux Refinery prospective business and substituted his newly-formed entity, Postlane Capital Partners, LLC, for Tethys Partners and Tethys Trading.

32. Even after January of 2016, Kadakia was still using his Tethys Partners email address to work the Gladieux Refinery deal. To this end, on February 2, 2016, Kadakia received a letter of intent from David Sordelet, a vice president of Gladieux, which letter of intent, upon information and belief, involved Kadakia's substituted entity rather than a Tethys denominated entity.

33. Upon information and belief, Kadakia is an officer and owner in the Gladieux Refinery and has profited substantially from taking for himself the prospective business opportunity that he developed while an officer and fiduciary of Tethys Partners and Tethys Trading.

## FIRST COUNT

***Usurpation of Corporate Opportunity in Connection with the Gladieux Refinery***

34. Tethys Partners and Tethys Trading repeat the allegations of paragraphs 1 through 33 of the Counterclaims as though herein set forth at length.

35. At all times relevant to the Counterclaims, Kadakia served as a fiduciary of Tethys Partners and Tethys Trading.

36. As an officer and fiduciary of Tethys Partners and Tethys Trading, Kadakia was empowered to develop prospective business opportunities which included the opportunity with Gladieux Refinery in 2015.

37. The Gladieux Refinery prospective business opportunity was presented to Kadakia while he served in his official capacity as a CEO and later as a business development officer of Tethys Partners and Tethys Trading.

38. Kadakia initially worked to develop the Gladieux Refinery prospective business opportunity using shared assets of Tethys Partners and Tethys Trading, and while being paid salary and benefits from these companies.

39. During all relevant times, Tethys Partners and Tethys Trading had an interest and an expectation that business opportunities like the Gladieux Refinery prospective business opportunity would be developed by Kadakia for Tethys Partners and Tethys Trading.

40. The Gladieux Refinery prospective business opportunity was in the line of Tethys Partners' and Tethys Trading's business, both had the capacity, financially and

otherwise, to engage in the prospective business opportunity, and the prospective opportunity is of practical advantage to both entities.

41. Kadakia had an affirmative duty to disclose the Gladieux Refinery prospective business opportunity to Tethys Partners and Tethys Trading and the respective manager, officers, and members of each entity. Kadakia also had an affirmative duty to disclose such opportunity, *inter alia*, with the execution of the Agreement Regarding Transfer of Membership Interests.

42. Kadakia never disclosed the Gladieux Refinery prospective business opportunity to any officer, member, or manager of Tethys Partners and Tethys Trading, nor did he disclose that he had taken steps to keep the opportunity for himself.

43. Kadakia wrongfully seized the Gladieux Refinery prospective business opportunity for himself and has profited substantially from doing so.

44. As a result of Kadakia's wrongful actions relative to his usurpation of the Gladieux Refinery opportunity and his unfair competition in connection therewith, Tethys Partners and Tethys Trading have suffered damages.

WHEREFORE, Tethys Partners and Tethys Trading request judgment on this First Count against Kadakia as follows:

A. an award of compensatory damages representing all wrongfully obtained income by Kadakia from the Gladieux Refinery;

B. an order of disgorgement of all ill-gotten gains by Kadakia from the Gladieux Refinery;

C. a constructive trust over all wrongfully acquired property of Kadakia from the Gladieux Refinery;

D. an award of punitive damages; and

E. an award of all costs, attorneys' fees, and such other relief as the Court deems just and proper.

**SECOND COUNT**

***Breach of Fiduciary Duty***

45. Tethys Partners and Tethys Trading repeat the allegations of paragraphs 1 through 44 of the Counterclaims as though herein set forth at length.

46. At all times relevant to the Counterclaims, Kadakia served as a fiduciary of Tethys Partners and Tethys Trading.

47. As part of his fiduciary duties, Kadakia owes a continuing duty of loyalty to Tethys Partners and Tethys Trading not to actively exploit his position (or former position) as an officer for his own personal benefit, and not to hinder the ability of Tethys Partners and Tethys Trading to continue business which was (or was supposed to be) developed on their behalf.

48. Kadakia breached his fiduciary duty to Tethys Partners and to Tethys Trading in using Tethys Partners' and Tethys Trading's shared assets to develop prospective new business with Gladieux Refinery, and thereafter secreting the opportunity away for his own personal benefit.

49. Kadakia's actions in failing to disclose the Gladieux Refinery prospective business opportunity and developing such opportunity for his own personal gain has caused damages to Tethys Partners and Tethys Trading.

WHEREFORE, Tethys Partners and Tethys Trading request judgment on this Second Count against Kadakia as follows:

A. an award of compensatory damages representing all wrongfully obtained income by Kadakia from the Gladieux Refinery;

B. an order of disgorgement of all ill-gotten gains by Kadakia from the Gladieux Refinery;

C. a constructive trust over all wrongfully acquired property of Kadakia from the Gladieux Refinery;

D. an award of punitive damages; and

E. an award of all costs, attorneys' fees, and such other relief as the Court deems just and proper.

**THIRD COUNT**
***Tortious Interference With Prospective Economic Advantage***

50. Tethys Partners and Tethys Trading repeat the allegations of paragraphs 1 through 49 of the Counterclaims as though herein set forth at length.

51. Tethys Partners and Tethys Trading had a valid business expectancy in all prospective economic advantages and business opportunities developed by Kadakia in 2014 and 2015, including prospective opportunities in the Gladieux Refinery.

52. Kadakia knew that Tethys Partners and Tethys Trading empowered him in 2014 and 2015 as an officer with shared assets to develop business opportunities for Tethys Partners and Tethys Trading, and that therefore a prospective business opportunity with Gladieux Refinery was a business expectancy of Tethys Partners and Tethys Trading.

53. Kadakia intentionally and maliciously interfered with Tethys Partners' and Tethys Trading's prospective economic advantage by executing a letter of intent with Gladieux Refinery on his own behalf or on behalf of a company owned and/or controlled by Kadakia, and by thereafter purchasing Gladieux Refinery assets and developing the same for his own benefit.

54. Tethys Partners and Tethys Trading have suffered damages as a result of Kadakia's tortious interference.

WHEREFORE, Tethys Partners and Tethys Trading request judgment on this Third Count against Kadakia as follows:

A. an award of compensatory damages representing all wrongfully obtained income by Kadakia from the Gladieux Refinery;

B. an order of disgorgement of all ill-gotten gains by Kadakia from the Gladieux Refinery;

C. a constructive trust over all wrongfully acquired property of Kadakia from the Gladieux Refinery;

D. an award of punitive damages; and

E. an award of all costs, attorneys' fees, and such other relief as the Court deems just and proper.

**FOURTH COUNT**
***Unjust Enrichment***

55. Tethys Partners and Tethys Trading repeat the allegations of paragraphs 1 through 54 of the Counterclaims as though herein set forth at length.

56. Through his wrongful conduct set forth herein, Kadakia retains a benefit in the Gladieux Refinery to the detriment of Tethys Partners and Tethys Trading.

57. Kadakia's retention of the benefits of his dealings with the Gladieux Refinery violate fundamental principles of justice, equity, and good conscience.

WHEREFORE, Tethys Partners and Tethys Trading request judgment on this Fourth Count against Kadakia as follows:

A. an award of restitution representing all wrongfully obtained income by Kadakia from the Gladieux Refinery;

B. an order of disgorgement of all ill-gotten gains by Kadakia from the Gladieux Refinery;

C. a constructive trust over all wrongfully acquired property of Kadakia from the Gladieux Refinery;

D. an award of punitive damages; and

E. an award of all costs, attorneys' fees, and such other relief as the Court deems just and proper.

**CONNER & WINTERS, LLP**

s/ R. Richard Love III
R. Richard Love, III, OBA #14770
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-5711
rlove@cwlaw.com

***Counsel for Tethys Trading, LLC and Tethys Partners, LLC***

***Third Party Counterclaimants***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Even.vincent@crowedunlevy.com

***Attorney for Defendant and Third-Party Plaintiff Ruchir A. Kadakia***

R. Brent Blackstock
Lacey L. Shipley
Mid-Continent Tower, Suite 500
401 South Boston Avenue
Tulsa, OK 74103

***Attorneys for Plaintiff***

s/ R. Richard Love III
R. Richard Love, III