**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

<table>
<tr><td>

**R.P. SMALL CORP.**

**Plaintiff,**

**v.**

**RUCHIR A. KADAKIA,**

**Defendant.**

**and**

**RUCHIR A. KADAKIA, individually and derivatively on behalf of Tethys Trading, LLC,**

**Counterclaimant and Third-Party Plaintiff,**

**v.**

**R.P. SMALL CORP., an Illinois corporation,**

**Counterclaim Defendant,**

**and**

**JOHN E. MEYER, JR.; ROBERT FINNEGAN; and TETHYS SUPPLY AND MARKETING, LLC, *et al.*;**

**Third-Party Defendants.**

</td><td>

**Case No. 19-cv-271-JED-JFJ**

</td></tr>
</table>

**<u>THIRD-PARTY PLAINTIFF RUCHIR A. KADAKIA'S MOTION TO DISMISS COUNTERCLAIMS OF TETHYS PARTNERS, LLC AND TETHYS TRADING, LLC AND BRIEF IN SUPPORT</u>**

Kadakia moves the Court to dismiss the counterclaims asserted against him by Tethys Partners, LLC ("Tethys Partners") and Tethys Trading, LLC ("Tethys Trading") (collectively the "Tethys Entities") because the allegations fail to state a claim for which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

All of the claims that Tethys Partners and Tethys Trading are attempting to assert against Kadakia are barred by (i) the applicable statute of limitations and (ii) the express releases those entities gave Kadakia in the written "Agreement Regarding Transfer of Membership Interests" that was executed by Kadakia and the two Tethys entities on December 31, 2015 (the "Agreement"). The written agreement containing the release is part of the pleadings in this case, as the agreement is referenced in Paragraph 30 of the Tethys Entities' Counterclaim; referenced, quoted and described in detail in Kadakia's Third-Party Complaint (Doc. No. 11 at ¶¶ 42, 45, 48, 60-62); and its existence is admitted to without dispute to its terms by Tethys Partners and Tethys Trading in their Answer to Kadakia's Third-Party Complaint (Doc. No. 20 at ¶¶ 42, 45, 48). A copy of the Agreement is attached to this motion as Exhibit 1.

Tethys Trading's (and Tethys Partners') claims are further barred by the express provisions of its Operating Agreement, also a part of the pleadings in this case, because the Operating Agreement expressly allowed the types of actions that Tethys Trading alleges to support its claims. A copy of the Operating Agreement is attached to this motion as Exhibit 2.

Accordingly, the counterclaims that Tethys Partners and Tethys Trading are attempting to assert against Kadakia must be dismissed.

## BACKGROUND

The factual allegations of the Tethys Entities' Counterclaim are set forth at paragraph 12 through paragraph 33 of the Counterclaim. *See* Doc. No. 20. The claims are set forth in (a) a First Count (alleged "Usurpation of Corporate Opportunity in Connection with the Gladieux Refinery"), (b) a Second Count (alleged "Breach of Fiduciary Duty" – the is, an alleged breach by Kadakia of a duty of loyalty to the Tethys Partners and Tethys Trading in purporting to "exploit his position" as an officer to pursue the Gladieux Refinery opportunity), (c) a Third

Count (alleged "Tortious Interference with Prospective Economic Advantage") – that is, pursuing the Gladieux Refinery opportunity in 2014 and 2015, thereby allegedly tortuously interfering with an economic advantage allegedly belonging to Tethys Partners and Tethys Trading; and (d) a Fourth Count claiming "Unjust Enrichment" with respect to Kadakia's pursuit of the Gladieux Refinery opportunity.

The sum and substance of the claims – the factual allegations of which are accepted as true only for the purposes of this motion, as required under Fed. R. Civ. P. 12 (b)(6) – is that in 2014 and 2015, while an officer of Tethys Partners and Tethys Trading, and by somehow leveraging his title and reputation earned by virtue of his affiliation with these entities, Kadakia pursued for his own advantage the opportunity of the Gladieux Refinery. According to the claims, this venture was rightfully an opportunity of Tethys Partners and Tethys Trading, and Kadakia's pursuit of same on his own, rather than through these Tethys entities, was wrongful under the referenced four (4) legal theories of usurpation of corporate opportunity, breach of fiduciary duty, tortious interference with prospective economic advantage, and unjust enrichment.

## ARGUMENT AND AUTHORITY

### Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In resolving a 12(b)(6) motion to dismiss, the Court must "accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008). To survive a 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," such that his claims

cross "the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere conclusory statements in a complaint—such as "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"—are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* Furthermore, the legitimate, non-conclusory "[f]actual allegations" contained in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## I. THE ALLEGATIONS MADE BY TETHYS PARTNERS AND TETHYS TRADING DEMONSTRATE THAT ALL THEIR COUNTERCLAIMS ARE TIME BARRED.

All causes of action with a limitations period of less than 4 years are barred under the Tethys Entities' allegations. Their counterclaim carefully limits the relevant time period to 2013 through the end of 2015. *See* Doc. No. 21 at ¶¶ 2, 4, 7-9, 12-14, 16, 18-20. The only actions alleged of Kadakia that support the different legal theories included in the Tethys Entities' counterclaim are actions relating to the purported opportunity involving the Gladieux Refinery and all those actions are alleged to have taken place in 2014 and 2015. *See* Doc. No. 21 at ¶¶ 24-29.

While the Tethys Entities' Counterclaim does reference actions Kadakia took in January and February 2016, the allegations also acknowledge that any potential fiduciary duty owed by Kadakia ended after he executed the Agreement Regarding Transfer of Membership Interests on December 31, 2015. *See* Doc. No. 21 at ¶¶ 30, 32.

The four legal theories included as Counts 1 through 4 in the Tethys Entities Counterclaim all have a limitations period that is less than 4 years. The First Count is mislabeled

as a usurpation of a corporate opportunity, as that is actually a type of action which can support a breach of fiduciary duty claim. While Oklahoma law indicates that the limitations period for fiduciary duty claims may vary depending on the type of breach involved, the longest possible limitations period is 3 years. *See* 12 O.S. § 95(A)(2) &(A)(3); *Osage Energy Resources, LLC v. PEMCO, LLC*, 2016 OK CIV APP 70, ¶ 28, 394 P.3d 265 (3 year limitations when claim arises from contract not in writing/implied in law); *FDIC v. UMIC, Inc.*, 136 F.3d 1375, 1380 (10th Cir. 1998) (citing *Resolution Trust Corp. v. Grant*¸ 1995 OK 68, 901 P.2d 807) (2 year limitations period). The Second Count is actually labeled as a breach of fiduciary duty claim, and it carries the same limitations period as the First Count. The Third Count is for tortious interference with economic opportunity, and under Oklahoma law it has a 2 year limitations period. *See* 12 O.S. § 95(A)(3). The Fourth Count is for unjust enrichment, and under Oklahoma law it has a 3 year limitations period. *See* 12 O.S. § 95(A)(2); *Lapkin v. Garland Bloodworth, Inc.*, 2001 OK CIV APP 2009, ¶ 9, 23 P.3d 958.

The Tethys Entities do not allege any basis to extend the limitations period through the discovery rule. Indeed, their allegations demonstrate that the discovery rule is not available to them, as they allege (i) that Kadakia committed the allegedly wrongful acts by using assets (an email account and cell phone) belonging to the Tethys Entities, (ii) that their allegations are based on the Tethys Entities' review of the email account and cell phone records, and (iii) that the Tethys Entities had full control of the email account and cell phone records after Kadakia executed the Agreement Regarding Transfer of Membership Interests at the end of 2015.

Thus, the Tethys Entities own allegations show that they have been on notice, and charged with knowledge of Kadakia's pursuit of the Gladieux Refinery venture, since the

beginning of 2016, if not earlier. This places all the counts in their counterclaim outside of a 3 year limitations period by at least 9 months. Accordingly, these claims must be dismissed.

## II. THE AGREEMENT REGARDING TRANSFER OF MEMBERSHIP INTERESTS THAT THE TETHYS ENTITIES REFERENCE IN THEIR COUNTERCLAIM EXPRESSLY RELEASED THE CLAIMS THEY ATTEMPT TO ASSERT.

The Tethys Entities are both parties to the Agreement Regarding Transfer of Membership Interest, and Paragraph 4(C) of that document is fatal to the claims that the Tethys Entities attempt to assert against Kadakia. A copy of the document is attached to this motion as Exhibit 1. It states as follows:

> The Tethys Companies, for themselves and their past and present, employees, agents, representatives, attorneys, predecessors, successors, affiliates, subsidiaries, divisions, groups, and parent companies RELEASE, ACQUIT, FOREVER DISCHARGE, AND COVENANT NOT TO SUE Kadakia, his attorneys, legal representatives, and heirs and all their assigns, from any and all claims, rights, demands, debts, liabilities, controversies, or causes of action, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, of any nature whatsoever from the beginning of time through the Effective Date, including, but not limited to, those arising out of or relating to: (1) business conducted by the Tethys Companies; (2) Kadakia's employment with any of the Tethys Companies; (3) Kadakia's ownership of the Units; or (4) any other act, transaction, or occurrence prior to the Effective Date; except that nothing herein shall prevent the Tethys Companies from enforcing the terms of this Agreement.

*See* Ex. 1 at p. 4.

All the counts in the Tethys Entities' Counterclaim are barred under the release provision above. All their allegations concern conduct occurring during, and relating to Kadakia's employment and/or ownership of the Tethys Entities, and the actions alleged and associated rights and demands of the Releasor Tethys Entities which could support a breach of a duty owed to the Tethys Entities all took place before the December 31, 2015 effective date of the Agreement Regarding Transfer of Membership Interests. *See* Doc. No. 21 at ¶¶ 24-29, 37-42, 47-49, 51-53. Thus, all the Tethys Entities' claims should be dismissed.

Attaching the Agreement Regarding Transfer of Membership Interests to this motion does not convert it to one for summary judgment under FED. R. CIV. P. 12(d). This document is thoroughly referenced in the pleadings filed by both Kadakia and the Tethys Entities and it plays a central role in the issues of whether and when duties claimed by each of Kadakia and the Tethys Entities may have been owed. *See, e.g., GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997). Kadakia's Amended Answer and Counterclaim and Third-Party Complaint references, quotes from and discusses the Agreement, and that Agreement provides the indemnity provision under which Kadakia asserts certain of his Third-Party claims. *See* Doc. No. 11 at ¶¶ 42, 45, 48, 60-62. The Tethys Entities admitted the existence of the Agreement and did not dispute its terms in their Answer to Kadakia's Third-Party Claims. *See* Doc. No. 20 at ¶¶ 42, 45, 48. Additionally, the Tethys Entities expressly reference the Agreement in their Counterclaim, as Paragraph 30 of the Tethys Entities' Counterclaim acknowledges that Kadakia's relationship with them ended upon execution of a certain "Agreement Regarding Transfer of Membership Interests." Indeed, the allegations in the Counterclaim clearly reflect that the Tethys Entities recognize the Agreement's effective date as the point of separation between them and Kadakia.

Accordingly, the Court can and should consider the Agreement Regarding Transfer of Membership Interests in ruling on this motion to dismiss. To do otherwise would be contrary to the Tenth Circuit's holding in *GFF Corp.*, in which the Tenth Circuit noted that consideration of documents referenced in the pleading is warranted when it will prevent the situation where "a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *GFF Corp.*¸130 F.3d at 1385.

## III. THE CLAIMS BY TETHYS TRADING AND TETHYS PARTNERS ALSO FAIL BECAUSE THE TETHYS TRADING OPERATING AGREEMENT EXPRESSLY PERMITTED KADAKIA TO TAKE THE TYPE OF ACTIONS ALLEGED TO BE WRONGFUL.

Section 6.04 of the Tethys Trading Operating Agreement[1] states as follows:

> Each Member and such Member's Affiliate may have business interests and engage in business activities in addition to those relating to the Company, including, without limitation, business interest and activities in direct competition with the Company for such Member's or such Member's Affiliates own account or for the account of others, and no provision of this Agreement shall be deemed to prohibit such Member or such Member's Affiliate from conducting such business and activities. Neither the Company nor the other Members shall have any rights by virtue of this Agreement or the relationship contemplated herein in any business venture of such Member or such Member's Affiliate.

*See* Tethys Trading, LLC Operating Agreement, attached as Exhibit 2.[2]

The claims that Tethys Trading attempts to assert against Kadakia are barred under this provision. The Operating Agreement shows that as between him and Tethys Trading, Kadakia had a clear right to pursue opportunities for his own account or for the account of others (although Kadakia denies that he engaged in any such conduct while employed by Tethys Trading, and is accepting the allegations as true solely for the purposes of this motion). Thus, even if Tethys Trading's allegations about Kadakia's pursuit of the Gladieux Refinery are assumed to be true, Kadakia did not owe (and therefore could not breach) any duty to Tethys Trading with respect to those actions.

Attaching the Tethys Trading Operating Agreement to this motion likewise does not convert it to a motion for summary judgment under FED. R. CIV. P. 12(d). The Operating

[1] The pleadings refer to and quote from the original Tethys Trading Operating Agreement. While there have been amendments to that original Operating Agreement, none of the amendments have altered Section 6.04.

[2] The Operating Agreement of Tethys Partners is not attached because it is not referenced in the pleadings, but it contains the same provision (also numbered section 6.04) as section 6.04 of the Tethys Trading Operating Agreement.

Agreement is referenced and quoted at length in Kadakia's Amended Answer and Affirmative Defenses, And Counterclaim and Third-Party Complaint. *See* Doc. No. 11 at ¶ 18. Tethys Trading's Answer acknowledged the Operating Agreement and did not dispute its terms. *See* Doc. No. 20 at ¶ 18. The Operating Agreement further forms a basis of the claims that Tethys Trading, as those claims are premised on the obligations Kadakia had as a Tethys Trading member. *See GFF Corp.*, 130 F.3d at 1385. Accordingly, the Court should consider the Tethys Trading Operating Agreement and dismiss Tethys Trading's and Tethys Partners' counterclaims.

**CONCLUSION**

The Tethys Entities' Counterclaim fails to state a claim for which relief can be granted and the claims asserted therein should be dismissed in their entirety. The claims are both (i) time barred and (ii) precluded by an express release, and those grounds require dismissal independently from each other. The claims of Tethys Trading and Tethys Partners are further barred by the express terms of their Operating Agreements. Accordingly, Kadakia requests that the Court order that the claims asserted against him by the Tethys Entities be dismissed with prejudice.

Respectfully submitted,

*/s/ Evan G. E. Vincent*

Evan G.E. Vincent, OBA #22325
CROWE & DUNLEVY, P.C.
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
evan.vincent@crowedunlevy.com

**ATTORNEYS FOR THIRD-PARTY PLAINTIFF RUCHIR A. KADAKIA**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2019, I electronically transmitted the foregoing document and attached exhibit to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Brent Blackstock
Lacey L. Shirley
Mid-Continent Tower, Suite 500
401 South Boston Avenue
Tulsa, OK 74103
ATTORNEYS FOR R.P. SMALL CORP.

R. Richard Love III
Madison Mosier
4000 One Williams Center
Tulsa, OK 74172
ATTORNEYS FOR THIRD-PARTY DEFENDANTS

s/ *Evan G. E. Vincent*
Evan G.E. Vincent