UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| R.P. SMALL CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RUCHIR A. KADAKIA, ) <br> ) <br> Defendant ) <br> ) <br> and ) <br> ) <br> RUCHIR A. KADAKIA, individually and ) <br> on behalf of Tethys Trading, LLC, ) <br> ) <br> Counterclaimant and Third- ) <br> Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> R.P. SMALL CORP. ) <br> ) <br> Counterclaim Defendant, ) <br> ) <br> and ) <br> ) <br> JOHN E. MEYER JR. et al., ) <br> ) <br> Third-Party Defendants. ) | Case No. 19-CV-0271-CVE-JFJ |

## OPINION AND ORDER

Now before the Court are the following motions: Third-Party Defendants' Combined Partial Motion to Dismiss and Brief in Support (Dkt. # 19); the Motion to Intervene of JT Hodgson Capital, LLC and Brief in Support (Dkt. # 42); and Third Party Plaintiff Ruchir A. Kadakia's Motion to Dismiss Counterclaims of Tethys Partners, LLC and Tethys Trading, LLC and Brief in Support (Dkt.

# 44). Defendant Ruchir A. Kadakia asks the Court to dismiss counterclaims asserted against him by third-party defendants Tethys Partners, LLC (Tethys Partners) and Tethys Trading, LLC (Tethys Trading). Each of the third-party defendants named in Kadakia's third-party complaint asks the Court to dismiss all of the third-party claims against them except for Kadakia's claim of common law indemnification and contribution. Dkt. # 19. JT Hodgson Capital, LLC (JT Hodgson Capital) requests leave to intervene to assert claims against plaintiff R.P. Small Corp. (RPS) and each of the third-party defendants. Dkt. # 42.

**I.**

RPS filed this case to recover on an unconditional guaranty signed by Kadakia. RPS alleges that it entered into a promissory note for $6,000,000 with Tethys Trading and the promissory note was executed on March 14, 2014. Dkt. # 1, at 2. Kadakia signed an unconditional guaranty on the same date, and he agreed to be jointly and severally liable for the full amount of RPS's debt. Id. In March 2015, RPS granted an extension of the maturity date of the promissory note from March 27, 2015 to March 27, 2016. Id. RPS alleges that Tethys Trading failed to repay the promissory note, and Kadakia has refused to make any payment pursuant to the guaranty. Id. at 3. RPS alleges a single claim of breach of guaranty, and RPS seeks the full $6,000,000 owed under the promissory note, plus $2,502,000 in interest. Id.

Kadakia filed an answer to RPS' complaint, but Kadakia also alleged counterclaims against RPS and third-party claims against numerous parties. Kadakia's claims arise out of an alleged scheme by Tethys Trading and other associated entities to move their assets out of the reach of creditors, and he claims that Tethys Tradings acted with the knowledge and consent of RPS. Kadakia claims that the Tethys entities originated when Jeffrey Hodgson and John E. Meyer, Jr.

created Tethys Energy, LLC to engage in the oil and gas business. Dkt. # 13, at 9-10. Kadakia became acquainted with Hodgson and they started a business that eventually became Tethys Trading. Id. at 10. Tethys Trading was formed in July 2013 by Kadakia, Hodgson, Meyer, and an entity called Legasea that was owned by Robert Finnegan. Id. The parties executed an operating agreement, and Kadakia alleges that it gave Meyer significant control over the operations of the company. Kadakia alleges that RPS acquired a 10 percent membership interest in Tethys Trading when it extended the $6,000,000 loan to Tethys Trading. Id. at 14. Tethys Trading's business allegedly took a downturn after the loan from RPS, and Kadakia asserts that Meyer and Finnegan engaged in a scheme to hide Tethys Trading's assets from creditors with the knowledge and consent of RPS. Id. at 16-18. Kadakia alleges counterclaims of tortious interference with contract and civil conspiracy against RPS. Id. at 19-22. He asserts third-party claims for contractual and common law indemnification[1] against Meyer, Finnegan, and "Tethys-Denominated Entities." Id. at 23-24. Kadakia also alleges third-party claims for breach of fiduciary duty and fraudulent transfer against Meyer, Finnegan, and "other third-party defendants," and he asserts derivative claims on behalf of Tethys Trading. Tethys Partners and Tethys Trading allege counterclaims (Dkt. # 21) against Kadakia for usurpation of corporate opportunity, breach of fiduciary duty, tortious interference with prospective economic advantage, and unjust enrichment. The counterclaims primarily concern a business dealing with the Gladieux Refinery. The third-party defendants allege that Kadakia was supposed to negotiate a deal with the Gladieux Refinery on behalf of Tethys Trading, but he actually diverted this business to a

---

[1] Kadakia also asserts a claim for contribution against these parties. However, plaintiff has not alleged a tort claim against Kadakia and contribution applies only to joint tortfeasors. See OKLA. STAT. tit. 12, § 832; Barringer v. Baptist Healthcare of Oklahoma, 22 P.3d 695, 698 (Okla. 2001).

separate entity that he controlled. Id. at 7. J.T. Hodgson Capital seeks to intervene to assert counterclaims and third-party claims related to the alleged scheme to hide the assets of Tethys Trading from creditors. Dkt. # 42.

**II.**

Before reaching the pending motions to dismiss, the Court finds that it should initially consider whether the third-party claims asserted by Kadakia and the counterclaims asserted by Tethys Partners and Tethys Trading fall within the scope of Federal Rule of Civil Procedure 14. Rule 14(a) allows a defendant, as third-party plaintiff, to serve a summons and complaint on a nonparty "who is or may be liable to it for all or part of the claim against it." "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." American Zurch Ins. Co. v. Cooper Tire & Rubber Co., 512 F.3d 800, 805 (6th Cir. 2008). However, this purpose must be considered with the limitation imposed by Rule 14(a), which is that third-party claims are appropriate only for claims relating to a defendant's liability on the main claim or controversy asserted by the plaintiff. Krainski v. Mill, 356 F. App'x 951 (9th Cir. Dec. 14, 2009) ("Rule 14(a) authorizes impleader of a third-party defendant only when the 'defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff'"); Faser v. Sears, Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982) ("Impleader, or third party practice, is only available when the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim"); U.S. Fidelity & Guar. Co. v. Perkins, 388 F.2d 771 (10th Cir. 1968) ("If impleading a third party defendant would require the trial of issues not involved in the controversy between the original

4

parties without serving any convenience, there is no good reason to permit the third-party complaint to be filed").

Rule 14 does not apply to Kadakia's counterclaims.[2] However, Kadakia has alleged third-party claims against numerous parties for matters unrelated to plaintiff's guaranty, and it appears that he is seeking relief in excess of his potential liability to plaintiff. He also alleges claims for breach of fiduciary duty, fraudulent transfer, and derivative claims on behalf of Tethys Trading that have no obvious connection to plaintiff's guaranty. This type of third-party practice is not permitted under Rule 14, and it would not promote judicial economy to needlessly complicate plaintiff's relatively straightforward lawsuit with these unrelated claims. The counterclaims of third-party defendants Tethys Partners, LLC and Tethys Trading, LLC also concern matters that are wholly outside of the scope of plaintiff's claim for breach of guaranty. The counterclaims concern business dealings in which Kadakia allegedly breached his duties to his employer, and this is an entirely collateral matter that should be litigated in a separate lawsuit. The proposed counterclaims and third-party claims of J.T. Hodgson Capital have no obvious connection to the breach of guaranty claim asserted by

---

[2] Rule 14 may not limit the scope of Kadakia's counterclaims against RPS, but the guaranty itself may bar Kadakia's counterclaims. The guaranty states that Kadakia expressly "guarant[eed] the full, prompt and unconditional payment when due" and the "full, prompt, and unconditional performance of each and every term and condition of any transaction to be kept and performed by the Borrower under the Note." Dkt. # 1, at 5. Further clarifying the unconditional nature of the guaranty, Kadakia expressly waived any defense based on "the existence of any claim, set-off or other rights which the Guarantor may have at any time against the Borrower, any other guarantor of any of the Borrower's Obligations, the Lender or any other person, whether in connection herewith or in connection with any unrelated transactions." Id. at 5. Kadakia further agreed that he "irrevocably waive[d] and relinquishe[d] any and all statutory, contractual, common law, equitable or other claims and rights (a) to seek reimbursement, contribution, indemnification, set-off or other recourse from or against the Borrower in connection with any payments made by the Guarantor under this Guaranty Agreement . . . ." Id. at 7.

plaintiff and, in fact, J.T. Hodgson Capital seeks to litigate claims concerning a separate promissory note and security agreement. Dkt. # 42, at 8-9.

Rather than rule on the pending motions, the Court finds that Kadakia's third-party claims should be dismissed. Kadakia may not allege tort claims against third parties or seek damages for amounts other than his potential liability to plaintiff for breach of guaranty, and the Court will not consider fraudulent transfer claims in this action. Likewise, the claims of third-party defendants should also be limited to disputes concerning their liability on plaintiff's guaranty. The Court has reviewed Hodgson's motion to intervene (Dkt. # 42), and his proposed third-party complaint concerns a separate promissory note that is outside of the scope of plaintiff's breach of guaranty claim. Hodgson may renew his motion to intervene after Kadakia has filed an amended third-party complaint if Hodgson has claims concerning his liability for the guaranty at issue in plaintiff's complaint. Kadakia is advised that any third-party claims must have a close connection to his liability to plaintiff for breach of guaranty, and the Court will not permit third-party claims that loosely relate to the business practices of Tethys Trading and Tethys Partners. Kadakia's counterclaims or third-party claims may more appropriately be considered as defenses to the plaintiff's claim, if such defenses are permitted under the guaranty, rather than as third-party claims that would require the parties to litigate collateral issues unrelated to plaintiff's claim for breach of guaranty.

**IT IS THEREFORE ORDERED** that Third-Party Defendants' Combined Partial Motion to Dismiss and Brief in Support (Dkt. # 19), the Motion to Intervene of JT Hodgson Capital, LLC and Brief in Support (Dkt. # 42), and Third Party Plaintiff Ruchir A. Kadakia's Motion to Dismiss

Counterclaims of Tethys Partners, LLC and Tethys Trading, LLC and Brief in Support (Dkt. # 44) are **moot**.

**IT IS FURTHER ORDERED** that Kadakia's third-party complaint (Dkt. # 13) is **dismissed without prejudice** for failure to comply with Rule 14, and Kadakia may refile a third-party party complaint alleging claims concerning his liability for breach of guaranty no later than **April 9, 2020**.

**IT IS FURTHER ORDERED** that the counterclaims (Dkt. # 21) of third-party defendants Tethys Partners, LLC and Tethys Trading, LLC are **dismissed without prejudice**. Tethys Partners, LLC and Tethys Trading, LLC may file appropriate counterclaims concerning their liability on plaintiff's guaranty no later **April 23, 2020** should Kadakia assert third-party claims against them.

**DATED** this 2nd day of April, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE