# PROMISSORY NOTE

$6,000,000.00

March 27, 2014
Tulsa, Oklahoma

FOR VALUE RECEIVED, **TETHYS TRADING, LLC**, an Oklahoma limited liability company ("Maker"), promises to pay to the order of R.P. Small Corp. or successors and assigns ("Payee"), at Payee's address at 1585 E. 22nd St., Tulsa, OK 74114-1305, the principal amount of up to Six Million Dollars ($6,000,000.00), plus interest thereon at the rates set forth below (collectively the "Note Rate"). The Note Rate shall apply to the outstanding principal amount of this Note received by Maker from Payee or used by Maker as set forth below. Interest shall be payable monthly beginning on the 30th day following the date of this Note and every 30 days thereafter. Principal and all accrued and unpaid interest shall be due and payable on or before March 24, 2015 (hereafter the "Maturity Date"). This Note may be paid at any time without penalty or additional interest.

The foregoing notwithstanding, Maker may extend the Maturity Date for four (4) successive 12-month periods, upon written notice to Payee not less than five (5) days prior to the end of the then-impending Maturity Date or the applicable extension period, so long as Maker is then not in default under the terms of this Note. If one or more extensions occur, the other terms and conditions of this Note shall remain in full force and effect during such extension or extensions.

The purpose of this Note is to fund, in whole or in part, margin requirements for Maker's trades in Distillates-Light Ends. The proceeds of this Note shall be placed by Maker, upon initial receipt, in a segregated account maintained at Morgan Stanley, and such proceeds shall not be co-mingled with any of Maker's own funds until they are removed from such segregated account, the notice of which shall be made by Maker to Payee as of the date on which such funds are removed from such segregated account. While the proceeds of this Note are maintained in such segregated account, the outstanding principal amount of this Note maintained in such account shall accrue interest at the rate of 6% *per annum*, which interest shall be payable by Maker to Payee as set forth herein. From and after the date on which the principal amount of this Note is removed by Maker from such segregated account and used with any margin requirement for its business, such amount so removed from such account shall then accrue interest at the rate of 10% *per annum*, payable in accordance with the terms hereof.

The amounts due under this Note shall be secured by that certain Pledge and Security Agreement executed by Maker (as debtor) in favor of Payee (as secured party) by which Maker pledges to Payee Maker's accounts receivable resulting in any transaction by which Maker uses the proceeds of this Note to fund margin requirements as discussed herein.

Interest on the principal amount of this Note shall be calculated on the basis of the actual number of days elapsed in the period for which the calculation is being made based on 360-day year. On the Maturity Date, all principal and interest shall be due and payable without notice or demand.

The interest payable upon the indebtedness evidenced by this Note shall not at any time

exceed the maximum rate of interest permitted under the laws of the State of Oklahoma for loans of the type and character evidenced by this Note.

All payments under this Note shall be made in lawful currency of the United States of America at Payee's residence or office (as set forth above).

From time to time the Maturity Date of this Note may be extended or this Note may be renewed, in whole or in part, or a new note of different form may be substituted for this Note and/or the rate of interest may be changed, or changes may be made in consideration of loan extensions, and Payee, from time to time, may waive or surrender, either in whole or in part, any rights, guarantees, security interests or liens given for the benefit of Payee in connection with payment of this Note or any security therefor; but no such occurrences shall in any manner affect, limit, modify or otherwise impair any rights, guaranties or security of Payee not specifically waived, released or surrendered in writing, nor shall any maker, guarantor, endorser or any person who is or might be liable hereon, either primarily or contingently, be released from liability by reason of the occurrence of any such event. Payee, from time to time, shall have the unlimited right to release any person who might be liable hereon, and such release shall not affect or discharge the liability of any other person who is or might be liable hereon.

In the event that John E. Meyer, Jr. either resigns from his position as, is removed from his position of, or ceases to serve as sole Manager of Maker, Payee may, at its option, without further notice or demand, declare this Note in default and all indebtedness due and owing hereunder shall be due and payable immediately.

If (a) any payment required by this Note is not made within five (5) business days after the due date and receipt by Maker of Notice from Payee, (b) any default occurs under any other instrument related hereto or under the provisions of any security agreement, pledge agreement or other document or agreement which provides security for the indebtedness evidenced by this Note, or (c) Maker applies for or consents to the appointment of a receiver, trustee, or liquidator of itself or of all or a substantial part of its assets, or admits in writing its inability to pay its debts as they fall due, or makes a general assignment for the benefit of creditors, or is adjudicated a bankrupt or insolvent, or a petition or other proceeding (voluntary or otherwise) is filed by or with respect to Maker in which a reorganization or an arrangement with Maker's creditors is sought or by which any creditor of Maker or Maker itself seeks to take advantage of any insolvency, bankruptcy, reorganization, arrangement, or other similar proceeding, Payee may, at its option, without further notice or demand, declare this Note in default and all indebtedness due and owing hereunder shall be due and payable immediately. In the event of a default, the entire balance (principal and interest) shall be due and payable immediately. All makers, endorsers, guarantors and sureties hereby severally waive protest, presentment, demand, and notice of protest and nonpayment in case this Note or any payment due hereunder is not paid when due; and they agree to any renewal of this Note or to any extension, acceleration or postponement of the time of payment, or any other indulgence, to any substitution, exchange or release of collateral and to the release of any party or person primarily or contingently liable, without prejudice to Payee and without notice to any maker, endorser, guarantor or surety. Maker hereof, and any guarantor, endorser, surety or any other person who is or may become liable hereon shall, on demand, pay all costs of collection, including reasonable attorney fees incurred by Payee in attempting to enforce payment of this Note and for defending the validity of any

document securing this Note.

This Note is given for an actual loan of money for business purposes and not for personal, agricultural or residential purposes, and is executed and delivered in the State of Oklahoma and shall be governed by and construed in accordance with the laws of the State of Oklahoma. The state or federal courts sitting within Tulsa, Oklahoma shall have exclusive jurisdiction over any disputes which arise hereunder and the parties acknowledge that venue is proper only in such courts.

**TETHYS TRADING, LLC, an Oklahoma limited liability company**

**By:** ______________________________

**John E. Meyer, Jr., Manager**