# AGREEMENT REGARDING TRANSFER OF MEMBERSHIP INTERESTS

This Agreement Regarding Transfer of Membership Interests (the "Agreement") is entered into effective as of this 31st day of December, 2015 (the "Effective Date") among Ruchir A. Kadakia ("Kadakia"), Robert Finnegan ("Finnegan"), John E. Meyer, Jr. ("Meyer"), and Tethys Trading, LLC, Tethys Biofuels, LLC, Tethys Latin America, LLC, Tethys Partners, LLC, Tethys Derivatives, LLC, and Tethys Energy, LLC (collectively, the "Tethys Companies") (Collectively, Kadakia, Finnegan, Meyer, and the Tethys Companies are each a "Party").

## RECITALS

A. WHEREAS, Tethys Trading, LLC is a limited liability company, organized and existing under the laws of the State of Oklahoma, with its principal offices at 954 N. Washington Boulevard, Suite 250, Chicago, Illinois, 60607;

B. WHEREAS, Tethys Biofuels, LLC is a limited liability company, organized and existing under the laws of the State of Oklahoma, with its principal offices at 954 N. Washington Boulevard, Suite 250, Chicago, Illinois, 60607;

C. WHEREAS, Tethys Capital, LLC is a limited liability company, organized and existing under the laws of the State of Delaware, with its principal offices at 954 N. Washington Boulevard, Suite 250, Chicago, Illinois, 60607;

D. WHEREAS, Tethys Latin America, LLC is a limited liability company, organized and existing under the laws of the State of Oklahoma, with its principal offices at 954 N. Washington Boulevard, Suite 250, Chicago, Illinois, 60607;

E. WHEREAS, Tethys Partners, LLC is a limited liability company, organized and existing under the laws of the State of Oklahoma, with its principal offices at 954 N. Washington Boulevard, Suite 250, Chicago, Illinois, 60607;

F. WHEREAS, Tethys Derivatives, LLC is a limited liability company, organized and existing under the laws of the State of Oklahoma, with its principal offices at 954 N. Washington Boulevard, Suite 250, Chicago, Illinois, 60607;

G. WHEREAS, Tethys Energy, LLC is a limited liability company, organized and existing under the laws of the State of Oklahoma, with its principal offices at 954 N. Washington Boulevard, Suite 250, Chicago, Illinois, 60607;

H. WHEREAS, Kadakia owns Units of Membership Interests in the Tethys Companies and in Tethys Capital, LLC (the "Units") as follows:

| | |
|---|---|
| - Tethys Trading, LLC | 250 Units |
| - Tethys Biofuels, LLC | 20.944 Units |
| - Tethys Capital, LLC | 166 1/3 Units |
| - Tethys Latin America, LLC | 100 Units |

| | |
|---|---|
| - Tethys Partners, LLC | 100 Units |
| - Tethys Derivatives, LLC | 33 1/3 Units |
| - Tethys Energy, LLC | 33 Units; |

I. WHEREAS, in return for the Consideration described herein, Kadakia wishes to assign, transfer and convey his Units in Tethys Trading, LLC, Tethys Biofuels, LLC, Tethys Capital, LLC, Tethys Latin America, LLC, Tethys Partners, LLC, and Tethys Derivatives, LLC to Meyer and Finnegan, with fifty percent (50%) of such Units in each company transferred to Meyer, and fifty percent (50%) of such Units in each company transferred to Finnegan;

J. WHEREAS, Kadakia wishes to transfer and convey one hundred percent (100%) of his Units in Tethys Energy to Meyer;

K. WHEREAS, as of 12:00 A.M. on January 1, 2016, Kadakia will no longer own any Units in any of the Tethys Companies or in Tethys Capital, LLC; and

L. WHEREAS, Meyer and Finnegan are willing to accept such Units from Kadakia in return for the Consideration described herein.

NOW, THEREFORE, in consideration of the Recitals set forth above, all of which are incorporated into the body of this Agreement, the promises and covenants contained herein, and for other good and valuable consideration, the adequacy and receipt of which are hereby acknowledged, the undersigned parties agree as follows:

1. **Payment**. On the Effective Date, Meyer and Finnegan shall pay by wire transfer, and provide written confirmation of the payment, the sum of FIFTY THOUSAND and 00/100 ($50,000.00) (the "Payment") to Kadakia, pursuant to the following wiring instructions:

| | |
|---|---|
| Bank: | Chase Bank |
| Account Name: | Ruchir Kadakia |
| Account No.: | 437032316 |
| ABA No.: | 322271627 |
| Reference: | Tethys Units Payment |

2. **Assignment**. In exchange for the Payment, and the other promises and covenants contained herein, Kadakia hereby sells, assigns, transfers and conveys his Units (with such assignments to take place at 12:00 A.M. on January 1, 2016):

A. to Meyer, fifty percent (50%) of his Units in Tethys Trading, LLC, Tethys Biofuels, LLC, Tethys Capital, LLC, Tethys Latin America, LLC, Tethys Partners, LLC, and Tethys Derivatives, LLC, all free and clear of all liens, claims, encumbrances, charges, security interests and rights of third parties, absolute or contingent, of any kind whatsoever;

B. to Finnegan, fifty percent (50%) of his Units in Tethys Trading, LLC, Tethys Biofuels, LLC, Tethys Capital, LLC, Tethys Latin America, LLC, Tethys Partners, LLC, and Tethys Derivatives, LLC, all free and clear of all liens, claims, encumbrances, charges, security interests and rights of third parties, absolute or contingent, of any kind whatsoever; and

C. to Meyer, one hundred percent (100%) of his Units in Tethys Energy, LLC, all free and clear of all liens, claims, encumbrances, charges, security interests and rights of third parties, absolute or contingent, of any kind whatsoever.

3. **Indemnification:**

A. To the fullest extent permitted by applicable law, Kadakia, agrees to indemnify Meyer, Finnegan, and the Tethys Companies from and against any and all claims, demands, damages, fees, actions, and causes of action of whatsoever nature, whether in contract or in tort, at law or in equity, liquidated or unliquidated, which have accrued or may hereafter accrue to any third party, whether now known or not known, arising out of any action taken by Kadakia that is proved by a finder of fact to have been unauthorized or taken outside of Kadakia's scope of authority with respect to any Tethys Company or Tethys Capital, LLC.

B. To the fullest extent permitted by applicable law, Meyer, Finnegan, and the Tethys Companies, for themselves, heirs, successors and assigns, agree to indemnify Kadakia and his successors and assigns, from and against any and all claims, demands, damages, fees, actions, and causes of action of whatsoever nature, whether in contract or in tort, at law or in equity, liquidated or unliquidated, which have accrued or may hereafter accrue to any third party, whether now known or not known, arising out of, or in any manner relating to, the business of the Tethys Companies or Tethys Capital, LLC, or Kadakia's ownership of the Units, except any such claims, demands, damages, fees, actions, and causes of action arising out of any action taken by Kadakia that is proved by a finder of fact to have been unauthorized or taken outside of Kadakia's scope of authority with respect to any Tethys Company or Tethys Capital, LLC.

4. **Releases**.

A. Kadakia, for himself and his attorneys, legal representatives, and heirs and assigns RELEASES, ACQUITS, FOREVER DISCHARGES, AND COVENANTS NOT TO SUE Finnegan, Meyer, and the Tethys Companies, and their past and present shareholders, officers, directors, employees, agents, representatives, attorneys, predecessors, successors, affiliates, subsidiaries, divisions, groups, and parent companies, and all their representatives and assigns, from any and all claims, rights, demands, debts, liabilities, controversies, or causes of action, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, of any nature whatsoever from the beginning of time through the Effective Date, including, but not limited to, those arising out of or relating to: (1) business conducted by the Tethys Companies or Tethys Capital, LLC; (2) Kadakia's employment with any of the Tethys Companies or Tethys Capital, LLC; (3) Kadakia's ownership of the Units; or (4) any other act, transaction, or occurrence prior to the Effective Date; except that nothing herein shall prevent Kadakia from enforcing the terms of this Agreement.

B. Meyer and Finnegan, for themselves and their attorneys, legal representatives, and heirs and assigns RELEASE, ACQUIT, FOREVER DISCHARGE, AND COVENANT NOT TO SUE Kadakia, his attorneys, legal representatives, and heirs and all their assigns, from any and all claims, rights, demands, debts, liabilities, controversies, or causes of action, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, of any nature whatsoever from the beginning of time through the Effective Date,

including, but not limited to, those arising out of or relating to: (1) business conducted by the Tethys Companies or Tethys Capital, LLC; (2) Kadakia's employment with any of the Tethys Companies or Tethys Capital, LLC; (3) Kadakia's ownership of the Units; or (4) any other act, transaction, or occurrence prior to the Effective Date; except that nothing herein shall prevent Meyer and Finnegan from enforcing the terms of this Agreement.

C. The Tethys Companies, for themselves and their past and present, employees, agents, representatives, attorneys, predecessors, successors, affiliates, subsidiaries, divisions, groups, and parent companies RELEASE, ACQUIT, FOREVER DISCHARGE, AND COVENANT NOT TO SUE Kadakia, his attorneys, legal representatives, and heirs and all their assigns, from any and all claims, rights, demands, debts, liabilities, controversies, or causes of action, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, of any nature whatsoever from the beginning of time through the Effective Date, including, but not limited to, those arising out of or relating to: (1) business conducted by the Tethys Companies; (2) Kadakia's employment with any of the Tethys Companies; (3) Kadakia's ownership of the Units; or (4) any other act, transaction, or occurrence prior to the Effective Date; except that nothing herein shall prevent the Tethys Companies from enforcing the terms of this Agreement.

5. **Representations and Warranties.**

A. The Tethys Companies represent and warrant that they have received an Opinion of Counsel, as that term is defined in the various operating agreements for the Tethys Companies, opining that the assignment of Units contemplated by this Agreement does not materially adversely affect the classification of the Tethys Companies as partnerships for federal or state income-tax purposes.

B. Finnegan and Meyer represent and warrant that all consents to the assignment required of additional members of any of the Tethys Companies and Tethys Capital, LLC pursuant to their operating agreements, have been obtained.

6. **Binding Effect**. The undersigned parties agree that the provisions in this Agreement are binding on themselves and their respective heirs, personal and legal representatives, successors, and assigns.

7. **Severability**. In the event that any provision of this Agreement is held invalid, such invalidity shall not affect other provisions of this Agreement.

8. **Miscellaneous**.

A. **Entire Agreement**. Except as otherwise expressly provided herein, this Agreement (and the related instruments by which each party came to hold his Units) contains the entire agreement among the parties executing this Agreement with respect to the transactions contemplated herein. This Agreement may only be modified by express written amendment specifically referencing this Agreement and signed by all parties.

B. **Captions**. The captions contained in this Agreement are for reference only and are not part of this Agreement.

C. **Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of Oklahoma. If any legal action or proceeding arising from this Agreement is initiated, the prevailing party shall be entitled to recover its court costs and all reasonable and necessary attorney's fees and expenses, in addition to any damages or other relief, whether in law or equity, to which such prevailing party may be entitled.

D. **Further Assurances**. Each party hereto agrees to execute and deliver from time to time any other instruments or documents considered necessary or desirable by the others to effect, finalize, record or perfect the assignment contemplated hereunder and to take all reasonable additional acts, and furnish reasonable assurances, as further required by the other.

E. **Resulting Ownership**. As a result of this Agreement, as of 12:00 A.M. on January 1, 2016, Kadakia will no longer hold any Membership Units in any of the Tethys Companies or in Tethys Capital, LLC.

F. **Tax Treatment**. For the purpose of Federal and State tax reporting, including the filing of any amended returns, for any year during which Kadakia owned Units, the Tethys Companies and Tethys Capital, LLC will treat Kadakia exactly the same as all other members of the Tethys Companies and Tethys Capital, LLC. For a period of five years from the Effective Date, Kadakia shall have the right to audit, at his expense, any tax return, including amended returns, filed by the Tethys Companies and Tethys Capital, LLC for any year during which Kadakia owned Units.

G. **Use of "Tethys"**. As of the Effective Date, Kadakia agrees not to use, or aid others in using, the name "Tethys" for any business enterprise, or otherwise.

H. **Confidentiality**. The undersigned parties acknowledge that the terms of this Agreement are confidential and shall not be disclosed by them or their representatives to any third parties, except: (a) tax reporting as required by law; (b) to a party's attorneys or tax consultants and auditors; (c) to comply with regulatory requirements; (d) to comply with a court order and/or subpoena; or (e) as necessary to comply with or carry out the terms of the Agreement.

I. **Duplicate Originals**. This Agreement may be executed in duplicate original counterparts, each of which shall be considered an original for all purposes.

**IN WITNESS WHEREOF**, the undersigned parties have caused this Agreement to be executed by their duly appointed representatives as of the Effective Date.

[SIGNATURE PAGES FOLLOW]

**PARTIES**

______________________________
Ruchir A. Kadakia

______________________________
John E. Meyer, Jr.

______________________________
Robert Finnegan

TETHYS TRADING, LLC, an Oklahoma limited liability company

By: ______________________________
Manager

TETHYS BIOFUELS, LLC, an Oklahoma limited liability company

By: ______________________________
Manager

TETHYS LATIN AMERICA, LLC, an Oklahoma limited liability company

By: ______________________________
Manager

TETHYS PARTNERS, LLC, an Oklahoma limited liability company

By: ______________________________
Manager

TETHYS DERIVATIVES, LLC, an Oklahoma limited liability company

By: ______________________________
Manager

**PARTIES**

______________________________
Ruchir A. Kadakia

______________________________
John E. Meyer, Jr.

______________________________
Robert Finnegan

TETHYS TRADING, LLC, an Oklahoma limited liability company

By: ______________________________
Manager

TETHYS BIOFUELS, LLC, an Oklahoma limited liability company

By: ______________________________
Manager

TETHYS LATIN AMERICA, LLC, an Oklahoma limited liability company

By: ______________________________
Manager

TETHYS PARTNERS, LLC, an Oklahoma limited liability company

By: ______________________________
Manager

TETHYS DERIVATIVES, LLC, an Oklahoma limited liability company

By: ______________________________
Manager

TETHYS ENERGY, LLC, an Oklahoma limited liability company

By: ______________________
Manager

TETHYS TRADING, LLC, an Oklahoma limited liability company

By: ______________________
Manager