**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **R.P. SMALL CORP.**<br><br>**Plaintiff,**<br>**v.**<br><br>**RUCHIR A. KADAKIA,**<br><br>**Defendant.**<br><br>**and**<br><br>**RUCHIR A. KADAKIA**<br><br>**Counterclaimant and Third-Party Plaintiff,**<br><br>**v.**<br><br>**R.P. SMALL CORP., an Illinois corporation,**<br><br>**Counterclaim Defendant,**<br>**and**<br><br>**JOHN E. MEYER, JR.;**<br>**ROBERT FINNEGAN;**<br>**and**<br>**TETHYS TRADING, LLC;**<br>**TETHYS CAPITAL, LLC;**<br>**TETHYS ENERGY, LLC;**<br>**TETHYS BIOFUELS, LLC;**<br>**TETHYS LATIN AMERICA, LLC;**<br>**TETHYS PARTNERS, LLC; and**<br>**TETHYS DERIVATIVES, LLC;**<br>**each an Oklahoma limited liability company;**<br><br>**Third-Party Defendants.** | ) | **Case No. 19-cv-271-JED-JFJ** |

**DEFENDANT, COUNTERCLAIMANT, AND THIRD-PARTY PLAINTIFF**
**<u>KADAKIA'S MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM</u>**

Pursuant to Fed. R. Civ. P. 15 and Local Rule LCvR 7.2(k) and (l), Defendant, Counterclaimant, and Third-Party Plaintiff Ruchir A. Kadakia ("Kadakia") moves the Court for leave to file an Amended Counterclaim in the form of *Exhibit "A"* attached (a proposed Amended Counterclaim, together with the Third-Party Complaint – the latter of which the Court allowed leave to re-file on or before April 9, 2020).

1. This case involves complex disputes arising out of a loan Plaintiff R.P. Small Corp. ("Small Corp.") made to Third Party Defendant Tethys Trading, LLC that was guaranteed by Defendant Ruchir Kadakia and Third-Party Defendants John Meyer, and Robert Finnegan.

2. When Small Corp. sued only Kadakia on the Kadakia Guaranty, Kadakia brought a counterclaim against Small Corp. and third party claims against several parties, including Meyer and Finnegan, for their liability on a contractual indemnification of Kadakia that covers Kadakia's liability on his guaranty and their alleged actions that caused the principal obligor, Tethys Trading, to be unable to repay the note and other actions that harmed Kadakia.

3. By Opinion and Order dated April 2, 2020 [Dkt. #65], the Court, among other things, dismissed without prejudice Kadakia's Third-Party Complaint without prejudice to re-file same on or before April 9, 2020.

4. Kadakia seeks leave to file the proposed Counterclaim at this time as a result of Plaintiff's recent production of a document reflecting an agreement, dated December 19, 2020, between Plaintiff and Third-Party Defendants Tethys Trading, Meyer and Finnegan. This document was discovered by Kadakia's counsel very recently. Among other material issues, as alleged in the proposed Amended Counterclaim attached, the document appears to materially modify and effectively supersedes in whole or part the 2014 Tethys Trading Promissory Note to Plaintiff and Kadakia seeks declaratory relief based on the terms of that document.

5. The current scheduling order sets June 1, 2020 as the deadline for adding parties or amendment to pleadings, so this motion is timely under the scheduling order. *See* Doc. No. 57. The motion is further timely because the amendments are based in large part on information that Kadakia has only recently received in discovery.

6. Counsel for Kadakia has contacted counsel for Plaintiff as to whether Plaintiff objects to the Kadakia's request for leave to amend but has yet to receive a response. Taking into consideration the challenges presented by the stay-in-place directives due to the COVID-19 issues, counsel will supplement this motion to inform the court if they have a different position, but the assumption is that they oppose the motion.

7. Counsel for the Third Party Defendants have also been contacted and they stated that they do not have a position on the motion to leave as it relates to the Amended Counterclaim.

8. Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend "should be freely give[n] … when justice so requires." *Fed. R. Civ. P*. 15(a)(2). The Supreme Court has stated that "this mandate is to be heeded", *Foman v. Davis,* 371 U.S. 178, 182 (1962), in recognition of the liberality within which requests for leave to amend are received. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

9. The interests of justice weigh heavily in favor of granting Kadakia leave to amend his counterclaim, as the agreement produced in discovery materially impacts the rights and obligations of the parties. Plaintiff is not able to make any legitimate showing of undue delay or

undue prejudice, Kadakia has moved promptly and timely under the scheduling order for leave to amend upon discovery of the agreement, which was only recently produced. Further, this

## CONCLUSION AND REQUEST FOR RELIEF

Accordingly, Defendant, Counterclaimant, and Third-Party Plaintiff Ruchir A. Kadakia respectfully requests that the Court grant him leave to file his amended Counterclaim in the form of *Exhibit "A"* attached. A proposed order granting this motion is being submitted contemporaneously herewith.

Respectfully submitted,

*/s/ Neil D. Kelly*

Neil D. Kelly (admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
JPMorgan Chase Tower
600 Travis St, Houston, TX 77002
(713) 220.4198
(713) 220.4285 (Facsimile)

and

Evan G.E. Vincent, OBA #22325
CROWE & DUNLEVY, P.C.
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
evan.vincent@crowedunlevy.com

**ATTORNEYS FOR THIRD-PARTY PLAINTIFF RUCHIR A. KADAKIA**

## CERTIFICATE OF CONFERENCE

As noted above, I requested counsel for Plaintiff R.P. Small Corp. to state their position on this motion, but have not heard back from them. Counsel for Third Party Defendants responded and stated that they did not have a position.

s/ *Neil Kelly*
Neil Kelly

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2020, I electronically transmitted the foregoing document and attached exhibit to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Brent Blackstock
Lacey L. Shirley
Mid-Continent Tower, Suite 500
401 South Boston Avenue
Tulsa, OK 74103
ATTORNEYS FOR R.P. SMALL CORP.

R. Richard Love III
Madison Mosier
4000 One Williams Center
Tulsa, OK 74172
ATTORNEYS FOR THIRD-PARTY DEFENDANTS

s/ *Neil Kelly*
Neil Kelly