**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **R.P. SMALL CORP.**<br><br>**Plaintiff,**<br>**v.**<br><br>**RUCHIR A. KADAKIA,**<br><br>**Defendant.**<br><br>**and**<br><br>**RUCHIR A. KADAKIA, individually and derivatively on behalf of Tethys Trading, LLC,**<br><br>**Counterclaimant and Third-Party Plaintiff,**<br><br>**v.**<br><br>**R.P. SMALL CORP., an Illinois corporation,**<br><br>**Counterclaim Defendant,**<br>**and**<br><br>**JOHN E. MEYER, JR.;**<br>**ROBERT FINNEGAN;**<br>**and**<br>**TETHYS SUPPLY AND MARKETING, LLC;**<br>**TETHYS CAPITAL, LLC;**<br>**TETHYS TRADING, LLC;**<br>**TETHYS ENERGY, LLC;**<br>**TETHYS BIOFUELS, LLC;**<br>**TETHYS LATIN AMERICA, LLC;**<br>**TETHYS PARTNERS, LLC;**<br>**TETHYS DERIVATIVES, LLC; and**<br>**TETHYS SHIPPING, LLC,**<br>**each an Oklahoma limited liability company;**<br>**and**<br>**JOHN DOES and JANE DOES 1 to 10;**<br><br>**Third-Party Defendants.** | **Case No. 19-cv-271-JED-JFJ** |

**RUCHIR A. KADAKIA'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 2, 2020 OPINION AND ORDER [Dkt. #65]**

Although he has replead his Third Party Action as directed by the Court to meet the April 9, 2010 deadline in the Court's April 2, 2020 Opinion and Order [Dkt. #65], Ruchir A. Kadakia ("Kadakia") moves the Court to reconsider its dismissal of certain of the claims asserted in Kadakia's Third Party Complaint against John E. Meyer, Jr. ("Meyer"), Robert Finnegan ("Finnegan"), and multiple Tethys-denominated entities [Dkt. #13] as stated in the Court's Opinion and Order.

## I. THE CLAIMS OF PLAINTIFF R.P. SMALL CORP. AND KADAKIA

Plaintiff R.P. Small Corp. ("Small Corp.") seeks to enforce Kadakia's guaranty of a Promissory Note evidencing a $6 million loan from Small Corp. to Tethys Trading, LLC (the "Tethys Promissory Note"). But Small Corp. has neither declared an event of default of the Tethys Promissory Note nor does it allege in its Original Complaint that the note is in default. Indeed, as evidenced by a December 19, 2019 agreement between Small Corp, Meyer, Finnegan, and Tethys Trading – the existence of which was only recently disclosed via a document production, **Small Corp. willingly agreed that the Tethys Promissory Note *is not in default*.** If the Tethys Promissory Note is not in default, Small Corp. cannot seek to enforce Kadakia's obligations under his guaranty.

When Kadakia's Counterclaim and Third Party Complaint are evaluated in light of these facts, it become clear that the following issues raised by Kadakia's directly affect his potential liability on the guaranty and the amount of that liability:

- Can Kadakia enforce a contractual indemnification given to him by Meyer, Finnegan, and Tethys entities that makes them liable for any liability Kadakia might have on the guaranty?

- What liability arises from transfers of Tethys Trading's money and other directly related valuable assets, including equity interests, that left Tethys Trading unable to pay the Tethys Promissory Note – or able to meet its indemnification obligations owed to Kadakia – all to the prejudice of Kadakia?

- Who directed and was aware of the transfers of the money held by Tethys Trading, which included the loaned money, and of related assets out of Tethys Trading, and what benefit did the persons involved in the transfers receive?

These issues are unfortunately factually and legally complicated, but they are part of the broader controversy between Small Corp. and Kadakia.

## II. KADAKIA'S THIRD, FOURTH, FIFTH, AND SIXTH THIRD PARTY CLAIMS WERE CONSISTENT WITH FEDERAL RULES OF CIVIL PROCEDURE 14(A) AND 18

A reconsideration and reversal of the Court's April 2, 2020 Opinion and Order as to the Fifth and Sixth third party claims is appropriate because:

1. The Third Claim in Kadakia's original Third Party Complaint against Meyer, Finnegan, and multiple Tethys entities asserts a contractual indemnification claim arising from express language in a December 31, 2015 "Agreement Regarding Transfer of Membership Interests." The Fourth Claim asserts a right to common law indemnification.

   These claim fits squarely within the requirements of Federal Rule of Civil Procedure 14(a) because they assert claims against a nonparty "who is or may be liable to [Kadakia] for all or part of the claim against it." FRCP 14(a).[1]

2. Kadakia's other claims – Count Five (breach of fiduciary duty) and Count Six (personal liability for causing fraudulent transfers) -- against Meyer, Finnegan, and the Tethys entities are proper under Federal Rule of Procedure 18.

   The factual allegations underlying these claims relate to actions by Small Corp., Meyer, Finnegan, and the Tethys Entities regarding the handling or receipt of assets and monies of Tethys Trading that should have been used to pay the Tethys Promissory Note, instead of indirect transfers to obtain Small Corp.'s forbearance or other transfers out of Tethys Trading to defund Tethys Trading to Kadakia's detriment.

[1] For this reason, Kadakia's revised Counterclaim and Third Party Complaint includes claims arising from the contractual indemnification and the common law right to indemnification, which were asserted in the original Third Party Complaint in Counts Three and Four, respectively.

> These claims thus arise from the same transaction or occurrence as both (i) Small Corp.'s claim against Kadakia that requires evidence of a default of the underlying Tethys Promissory Note, and (ii) Kadakia's contractual indemnification claim.

Respectfully, allowing Kadakia to proceed with the Fifth and Sixth claims in his Third Party Complaint is consistent with the Federal Rules of Civil Procedure. *See, e.g., King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158–72 (10th Cir. 1990), *cert. denied*, 496 U.S. 912 (1990) (once a court has a proper third-party claim, it should allow joinder under Rule 18 of any other claim the third-party plaintiff may have against the third-party defendant arising out of the same transaction or occurrence); *Scherman v. Kansas City Aviation Center, Inc.*, 1993 WL 191369 (D. Kansas, May 14, 1993); *United of Omaha Life Ins. Co. v. Reed*, 649 F. Supp. 837 (D. Kansas 1986).

Finally, from a judicial economy perspective, Kadakia's breach of fiduciary duty and fraudulent transfer claims are based on the same facts as the affirmative defenses/counterclaims and thus arise out of the same transaction and occurrence, and should be tried with the affirmative defenses/counterclaims in one case in order to avoid multiple actions and risk of inconsistent fact findings.

## III. Conclusion and Request for Relief

Accordingly, Ruchir A. Kadakia respectfully requests that the Court reconsider its April 2, 2020 Opinion and Order and allow him to maintain the claims stated in his original Third Party Complaint in Counts Five and Six, including by way of amendment or supplementation of Kadakia's revised Counterclaim and Third-Party Complaint, filed as of April 9, 2020.

Respectfully submitted,

*/s/ Neil D. Kelly*

Evan G.E. Vincent, OBA #22325
CROWE & DUNLEVY, P.C.
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
evan.vincent@crowedunlevy.com

and

Neil D. Kelly (admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
JPMorgan Chase Tower
600 Travis St, Houston, TX 77002
(713) 220.4198
(713) 220.4285 (Facsimile)

**ATTORNEYS FOR THIRD-PARTY PLAINTIFF RUCHIR A. KADAKIA**

## CERTIFICATE OF CONFERENCE

I certify that on April 9, 2020, I contacted counsel for Plaintiff R. P. Small Corp. and Third Party Defendants to ask their position on the relief sought in this Motion for Reconsideration. Counsel for Third Party Defendants advised that his clients do not oppose the Court's April 2 Order, but they also do not oppose Kadakia's moving for reconsideration of same. As of the time of filing, I have not been able to confer with Plaintiff's counsel. Given their prior positions in the case, it is more than likely that they oppose the motion; if I learn differently, I will supplement this certificate of conference.

/s/ *Neil D. Kelly*
Neil D. Kelly

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2020, I electronically transmitted the foregoing document and attached exhibit to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Brent Blackstock
Lacey L. Shirley
Mid-Continent Tower, Suite 500
401 South Boston Avenue
Tulsa, OK 74103
ATTORNEYS FOR R.P. SMALL CORP.

R. Richard Love III
Madison Mosier
4000 One Williams Center
Tulsa, OK 74172
ATTORNEYS FOR THIRD-PARTY DEFENDANTS

s/ *Neil D. Kelly*
Neil D. Kelly