**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTICT OF OKLAHOMA**

R.P. SMALL CORP.

Plaintiff,

v.

RUCHIR A. KADAKIA,

Defendant,

and

RUCHIR A. KADAKIA, individually and derivatively on behalf of Tethys Trading, LLC,

Counterclaimant and Third-Party Plaintiff,

v.

R.P. SMALL CORP., an Illinois Corporation,

Counterclaim Defendant,

and

JOHN E. MEYER, JR. et al.,

Third-Party Defendants.

Case No. 19-cv-0271-CVE-JFJ

**THIRD-PARTY DEFENDANTS' RESPONSE IN OPPOSITION TO RUCHIR A. KADAKIA'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 2, 2020 OPINION AND ORDER [DKT. #68]**

Third-Party Defendants John E. Meyer, Jr. *et al.*, hereby submit this Response in Opposition to Ruchir A. Kadakia's Motion for Reconsideration of the Court's April 2, 2020 Opinion and Order [Dkt. #68].

1. On April 2, 2020, the Court entered an Opinion and Order [Dkt. #65], in which the Court, in relevant part, dismissed without prejudice the third-party complaint filed by Ruchir A.

Kadakia ("Kadakia"), and granted Kadakia leave to refile a third-party complaint alleging claims concerning his liability for breach of guaranty by April 9, 2020.

2. On April 9, 2020, Kadakia filed a Verified Amended Counterclaim and Third-Party Complaint [Dkt. #66], a Motion for Leave to File Amended Counterclaim [Dkt. #67], and a Motion for Reconsideration of the Court's April 2, 2020 Opinion and Order [Dkt. #68] (the "Motion to Reconsider"), the latter of which is at issue here.[1]

3. In *Dougal v. State Farm Mut. Auto Ins. Co.*, this Court acknowledged that "[t]he Federal Rules of Civil Procedure do not recognize a 'motion to reconsider,' " and that "[a] motion to reconsider is an inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts previously available." *Dougal*, No. 03-CV-0886-CVE-SAJ, 2006 WL 1720547, **1-2 (N.D. Okla. June 20, 2006) (Eagan, J.) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)) (internal quotation marks omitted).

4. Instead of a motion to reconsider, "the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Id.* at *1 (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

5. "[A] Rule 59(e) motion is normally granted only to correct manifest errors of law or to present newly discovered evidence." *Id.* (quoting *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005)) (internal quotation marks omitted). Accordingly, a Rule 59(e) motion to alter or amend the judgment is warranted only where there is (1) an intervening change in the controlling law, (2)

---

[1] The amend third-party complaint still does not comply with either Rule 14 or Rule 12(b)(6) of the Federal Rules of Civil Procedure. Third Party Defendants will move to dismiss Kadakia's third-party claims [Dkt. #66] when responsive pleadings are due.

new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *Id.* (citing *Servants of the Paraclete*, 204 F.3d at 1012).[2]

6. Here, Kadakia urges his Motion to Reconsider based singularly upon a December 19, 2019 agreement between Small Corp., Meyer, Finnegan, and Tethys Trading (the "Workout Agreement") that was timely produced in discovery. This Workout Agreement lends nothing to reconsideration. Nor does Kadakia's incorrect claim that the Tethys Promissory Note is not in default, or that somehow any of these events might affect Kadakia's obligation under his guaranty.

7. Here is the actual sequence of events which show the Tethys Note was not (and currently is not) paid, Kadakia is still liable under his guaranty, and Meyer and Finnegan entered a workout agreement in order to repay Plaintiff (rather than get sued):

a. Kadakia received a letter from Plaintiff's lawyer on April 26, 2019 (Bates No. kadakia000115) in which Plaintiff's lawyer asserts: "As of the writing of this letter, Tethys has not fulfilled its obligations on the Note. You guaranteed that you would 'immediately pay or perform the [Borrower's Obligations].' Please remit Six Million Dollars plus interest of $2,502,000.00 due immediately."

b. Third Party Defendants Meyer and Finnegan were engaged in years of repayment negotiations with Plaintiff but nonetheless received a similar letter on May 24, 2019, attaching a draft complaint and informing them that the complaint would be filed "unless we can agree on the terms of a workout agreement."

---

[2] In the alternative, a motion under Rule 60(b) is reserved for a party seeking "relief from a final judgment, order, or proceeding." *Id.* at *2 (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) is inapplicable here because in the Order and Opinion [Dkt. #65] the Court dismissed Kadakia's third-party claims without prejudice, and thus there is no final judgment, order, or proceeding.

c. Kadakia did not satisfy Plaintiff's demand so he was sued, and the Complaint recites at ¶¶ 14 and 15 that payments on the Tethys Note were not made as provided, causing Kadakia's personal guaranty to be due.

d. In contrast, Meyer and Finnegan executed the Workout Agreement with Plaintiff dated December 19, 2019.

e. The Workout Agreement, paragraph C, provides: "Without waiving any of its rights under the Promissory Note or the associated guarantees, RPS is willing to accept the performance of the obligations set forth herein in lieu of the instigation of litigation to collect the full amounts due from Tethys Trading, provided that all payments made by Meyer and Finnegan as set forth herein are timely made."

f. The Workout Agreement, paragraph 6, obligates Meyer and Finnegan for the repayment of "Tethys Trading Obligations" capped at an amount **twice** that of Kadakia's Guaranty amount.[3]

g. The Workout Agreement, paragraph 7(b), provides that Meyer and Finnegan are not released from the Guaranties until the full $6,000,000 is repaid to Plaintiff.

h. The Workout Agreement, paragraph 9, provides that the Tethys Trading Obligations and Meyer's and Finnegan's guarantees thereof shall not be in default, so that Plaintiff does not conduct collection activities against Meyer and Finnegan while they are performing under the Workout Agreement.

---

[3] The Tethys Obligations include the Tethys Note, guaranteed by Kadakia, Meyer and Finnegan, an additional unsecured amount advanced by Plaintiff to Tethys Trading while Kadakia was Chief Executive Officer, plus interest accrued. It is a real head-scratcher to figure out how this agreement to repay Plaintiff in full by Kadakia's co-guarantors damaged Kadakia or is somehow the basis for a civil conspiracy claim.

8. Kadakia's obligation under his guaranty cannot be changed by the Workout Agreement. The Kadakia Guaranty provides:

> 3. The obligations of the Guarantor [Kadakia] hereunder shall be unconditional and absolute and, without limiting the generality of the foregoing, shall not be released, discharged, be a defense to or otherwise affected by:
>
> (a) any extension, renewal, settlement, indulgence, compromise, waiver or release of or with respect to any of the Borrower's Obligations or any part thereof or any agreement relating thereto, or with respect to any obligation of any other guarantor of the Borrower's Obligations . . . or any failure or omission to enforce any right, power or remedy with respect to any of the Borrower's Obligations…
>
> ***
>
> (e) any change in the structure or ownership of the Borrower [Tethys Trading] or any other guarantor of any of the Borrower's Obligations, or any solvency, bankruptcy, reorganization, or other similar proceeding affecting the Borrower or any other guarantor of any of the Borrower's Obligations, or any of their respective assets or any resulting release or discharge of any obligation of the Borrower [or] any guarantor of any of the Borrower's Obligations.

[Dkt. #1, Ex. A at 2].

9. Kadakia also argues that the Court should reconsider its rulings with respect to Kadakia's third-party claims on the grounds that (a) the contractual indemnification and common law indemnification claims are in fact proper under Rule 14(a), and (b) the breach of fiduciary duty and fraudulent transfer claims arise from the same transaction or occurrence as Small Corp.'s claim against Kadakia and Kadakia's contractual indemnification claim.

10. However, the Court has already ruled that Kadakia's third-party claims "have no obvious connection to plaintiff's guaranty," and that in asserting such third-party claims Kadakia "is seeking relief in excess of his potential liability to plaintiff." [Dkt. #65, at 5]. Kadakia's argument here essentially amounts to a disagreement with the substance of the Court's rulings, and

Kadakia has used this Motion to Reconsider as an attempt to reargue issues that have already been fully considered by the Court. Accordingly, the Motion to Reconsider should be denied because Kadakia has failed to show clear error or manifest injustice.

WHEREFORE, the Court should deny Ruchir A. Kadakia's Motion for Reconsideration of the Court's April 2, 2020 Opinion and Order [Dkt. #68], and grant the Third-Party Defendants any and all such other relief as the Court deems just and proper.

Respectfully Submitted,

**CONNER & WINTERS, LLP**

s/ C. Austin Birnie
R. Richard Love, III, OBA #14770
C. Austin Birnie, OBA #31942
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-5711
rlove@cwlaw.com
abirnie@cwlaw.com

***Counsel for John E. Meyer, Jr.; Robert Finnegan; ; Tethys Trading, LLC; Tethys Capital, LLC; Tethys Energy, LLC; Tethys Biofuels, LLC; Tethys Latin America, LLC; Tethys Partners, LLC; and Tethys Derivatives, LLC***

***Third Party Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Brent Blackstock, brent@brentblackstock.com
Lacey Shirley, lacey@brentblackstock.com
Neil Kelly, neilkelly@huntonak.com
Evan G. E. Vincent, evan.vincent@crowedunlevy.com

s/ C. Austin Birnie
C. Austin Birnie