**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTICT OF OKLAHOMA**

| | |
|---|---|
| R.P. SMALL CORP.<br><br>Plaintiff,<br>v.<br><br>RUCHIR A. KADAKIA,<br><br>Defendant,<br><br>and<br><br>RUCHIR A. KADAKIA, individually and derivatively on behalf of Tethys Trading, LLC,<br><br>Counterclaimant and Third-Party Plaintiff,<br><br>v.<br><br>R.P. SMALL CORP., an Illinois Corporation,<br><br>Counterclaim Defendant,<br><br>and<br><br>JOHN E. MEYER, JR. et al.,<br><br>Third-Party Defendants. | Case No. 19-cv-0271-CVE-JFJ |

**THIRD-PARTY DEFENDANTS' RESPONSE IN OPPOSITION TO RUCHIR A. KADAKIA'S MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM**

Third-Party Defendants John E. Meyer, Jr. *et al.*, hereby submit this Response in Opposition to Ruchir A. Kadakia's Motion for Leave to File Amended Counterclaim [Dkt. #67].

1. On April 2, 2020, the Court entered an Opinion and Order [Dkt. #65], in which the Court, in relevant part, dismissed without prejudice the third-party complaint filed by Ruchir A.

Kadakia ("Kadakia"), and granted Kadakia leave to refile a third-party complaint alleging claims concerning his liability for breach of guaranty by April 9, 2020.

2. On April 9, 2020, Kadakia filed a Verified Amended Counterclaim and Third-Party Complaint [Dkt. #66] and also a Motion for Leave to File Amended Counterclaim [Dkt. #67], in which Kadakia has sought leave to file an Amended Counterclaim together with a Third-Party Complaint.[1]

3. It is well established that courts may refuse leave to amend on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City and Cnty. of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) (internal quotation marks omitted).

4. With respect to futility, "[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *E. SPIRE Commc'ns, Inc. v. N.M. Pub. Reg. Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999); *see also Parker v. Town of Chelsea*, No. 05-CV-0550-CVE-FHM, 2006 WL 1666188, *1 (N.D. Okla. June 14, 2006) (Eagan, J.) ("The issue of futility turns on whether the amended complaint can withstand a motion to dismiss or fails to state a claim.").

[1] The proposed Verified Amended Complaint and Third-Party Complaint attached as Exhibit A to Kadakia's Motion for Leave to File Amended Counterclaim [Dkt. #67-1] appears to be identical to the Verified Amended Counterclaim and Third-Party Complaint [Dkt. #66]. It is unclear why Kadakia filed a Motion for Leave to File Amended Counterclaim *after* he already filed the Verified Amended Complaint and Third-Party Complaint, but to avoid any confusion the instant pleading is intended to be responsive to both pleadings.

5. Here, Kadakia's Amended Counterclaim and Third-Party Complaint [Dkt. #66 and #67-1) should be denied as futile because each of the claims asserted therein do not survive the standard for a motion to dismiss under Fed. R. Civ. P. 12(b), as shown in Third-Party Defendants' Motion to Dismiss Kadakia's Amended Counterclaim and Third-Party Complaint filed contemporaneously herewith [Dkt. #75], which is incorporated herein by reference.

WHEREFORE, the Court should deny Kadakia's Motion for Leave to File Amended Counterclaim [Dkt. #67], and grant the Third-Party Defendants any and all such other relief as the Court deems just and proper.

Respectfully Submitted,

**CONNER & WINTERS, LLP**

s/ C. Austin Birnie
R. Richard Love, III, OBA #14770
C. Austin Birnie, OBA #31942
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-5711
rlove@cwlaw.com
abirnie@cwlaw.com

***Counsel for Third Party Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23th day of April, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Brent Blackstock, brent@brentblackstock.com
Lacey Shirley, lacey@brentblackstock.com
Neil Kelly, neilkelly@huntonak.com
Evan G. E. Vincent, evan.vincent@crowedunlevy.com

s/ C. Austin Birnie
C. Austin Birnie