**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **R.P. SMALL CORP.**<br>**Plaintiff,**<br>**v.**<br><br>**RUCHIR A. KADAKIA,**<br>**Defendant.**<br>**and**<br><br>**RUCHIR A. KADAKIA,**<br>**Counterclaimant and**<br>**Third-Party Plaintiff,**<br>**v.**<br><br>**R.P. SMALL CORP., an Illinois corporation,**<br>**Counterclaim Defendant,**<br>**and**<br><br>**JOHN E. MEYER, JR., et al.;**<br>**Third-Party Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 19-CV-271-CVE-JFJ** |

**DEFENDANT RUCHIR A. KADAKIA'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED ANSWER TO INCLUDE AFFIRMATIVE DEFENSE OF STATUTE OF LIMITATIONS**

Pursuant to *Fed. R. Civ. P.* 15 and *LCvR* 7.2(k) and (l), Defendant Ruchir A. Kadakia ("Kadakia") moves the Court for leave to file an Amended Answer to include affirmative defense number 14 that Plaintiff R.P. Small Corp.'s breach of contract claim is barred under the applicable statute of limitations.

**Plaintiff and Third-Party Defendants do not oppose the Kadakia's addition of the affirmative defense of the statute of limitations.**

Kadakia files this motion contemporaneously with his motion for summary judgment dismissing the Complaint, which motion contains as an alternative grounds

for summary judgment that the Complaint is time barred by virtue of the applicable 5-year limitations period under 12 O.S. §95(1).

Although Plaintiff and Third-Party Defendant do not oppose this motion for leave, Kadakia provides the following further explanation why the Court should grant this motion for leave:

1. The deadline to amend pleadings under the current Scheduling Order (Dkt. No. 57) is June 1, 2020. Kadakia's request to amend his Answer to include a statute of limitations affirmative defense is accordingly timely.

2. The only cause of action asserted in the Complaint is for breach of contract – specifically, Kadakia's Personal Guaranty. Plaintiff filed the Complaint on May 20, 2019.

3. The Complaint is vague in its allegations as to when the breach of contract claim accrued. The Complaint does not allege the occurrence of an "Event of Default" giving rise to a claim under the Kadakia Guaranty (which is a prerequisite under paragraph 4 of the Kadakia Guaranty to enforcement). Rather, the Complaint alleges at paragraph 14 that, "As of March 27, 2016, payments on the Promissory Note were not made as provided for in the Promissory Note [Dkt. #1]"; and the Complaint alleges next that Kadakia is in breach of terms of the personal guaranty on the promissory note because he has not paid the amount due to RPS [Plaintiff] [*id.*]."

4. In the wake of filings relating to the effect of Workout Agreement dated effective December 19, 2019 (and more specifically, section 9 thereof)[1], Plaintiff has in

[1] *See* Section 9 of the Workout Agreement (Dkt. # 70).

recent filings clarified and re-stated its contention as to the basis of a cause of action against Kadakia – that is, that Plaintiff's cause of action herein is not predicated upon the occurrence of an "Event of Default" under the Kadakia Guaranty, but rather upon an amount being due and unpaid under the 2014 Promissory Note:

Plaintiff's Opposition to Motion for Reconsideration [Dkt.#73]

> p. 4 - "The Workout Agreement does not change the fact that "full, prompt and unconditional payment when due" has not occurred, as guaranteed by Kadakia.");
>
> p. 9 - "Kadakia executed a personal guaranty to a Note for which payments have not been made when due, and Kadakia is now liable for full payment."

Plaintiff's Motion to Dismiss Counterclaims [Dkt.#79]

> p. 2 - "Instead of honoring his promise to make good on any failure by Tethys to pay as agreed…"

5. As set forth in Kadakia's accompanying motion for summary judgment, if Plaintiff's recent clarified contentions are accepted as true <u>solely for the purposes of Kadakia's summary judgment motion</u>, an alternative basis for summary judgment appears – that is, that the cause of action under the Kadakia Guaranty accrued when a payment under the 2014 Promissory Note came due and was unpaid. Thus, if Exhibit "D" to the Complaint is accepted as true <u>solely for the purposes of Kadakia's summary judgment motion</u>, Plaintiff's cause of action would have accrued prior to May 19, 2014.

6. Accordingly, Plaintiff's own recently-filed assertions as to the nature and accrual of its cause of action against Kadakia themselves create time-bar implications and warrant the assertion of a statute of limitations defense by way of supplement to Kadakia's earlier-pleaded affirmative defenses here sought.

7. *Fed. R. Civ. P.* 15(a)(2) directs that leave to amend "should be freely give[n] … when justice so requires." *Fed. R. Civ. P.* 15(a)(2). The Supreme Court stated that "this mandate is to be heeded", *Foman v. Davis,* 371 U.S. 178, 182 (1962), in recognition of the liberality within which requests for leave to amend are received. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

**8.** The interests of justice weigh heavily in favor of granting the motion so that statute of limitations considerations may be addressed in the context of Plaintiff's newly-raised assertions as to the accrual of its cause of action against Kadakia. The addition of the affirmative defense will not cause any undue delay or undue prejudice. Kadakia has moved promptly for leave to amend based upon Plaintiff's own clarifications regarding the vaguely-pleaded date of accrual of its cause of action, and this request to amend is timely under the Court's Scheduling Order.

## CONCLUSION AND REQUEST FOR RELIEF

Accordingly, Defendant Ruchir A. Kadakia respectfully requests that the Court grant this motion for leave to amend the Answer to permit Kadakia to plead as an affirmative defense (numbered 14) that Plaintiff's breach of contract action to enforce the Kadakia Guaranty is barred under the applicable statute of limitations. The proposed Amended Answer is attached as Exhibit 1 to this motion.

Dated: May 15, 2020.

Respectfully submitted,

*/s/ Evan G.E. Vincent*

Evan G.E. Vincent, OBA #22325
CROWE & DUNLEVY, P.C.
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
evan.vincent@crowedunlevy.com

and

Neil D. Kelly (admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
JPMorgan Chase Tower
600 Travis St, Houston, TX 77002
(713) 220.4198
(713) 220.4285 (Facsimile)

**ATTORNEYS FOR DEFENDANT RUCHIR A. KADAKIA**

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule LCvR 7.2, Kadakia's counsel contacted counsel for the Plaintiff and Third Party Defendants and they did not object to Kadakia's request for leave to add the affirmative defense of the statute of limitations.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2020, I electronically transmitted the foregoing document and attached exhibit to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Brent Blackstock
Lacey L. Shirley
Mid-Continent Tower, Suite 500
401 South Boston Avenue
Tulsa, OK 74103
ATTORNEYS FOR R.P. SMALL CORP.

R. Richard Love III
Madison Mosier
4000 One Williams Center
Tulsa, OK 74172
ATTORNEYS FOR THIRD-PARTY DEFENDANTS

s/ *Evan G.E.Vincent*
Evan Vincent