**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **R.P. SMALL CORP.**<br>**Plaintiff,**<br>**v.**<br><br>**RUCHIR A. KADAKIA,**<br>**Defendant.**<br>**and**<br><br>**RUCHIR A. KADAKIA,**<br>**Counterclaimant and**<br>**Third-Party Plaintiff,**<br>**v.**<br><br>**R.P. SMALL CORP., an Illinois corporation,**<br>**Counterclaim Defendant,**<br>**and**<br><br>**JOHN E. MEYER, JR., et al.;**<br>**Third-Party Defendants.** | ) | **Case No. 19-CV-271-CVE-JFJ** |

**MOTION FOR SUMMARY JUDGMENT**

**RUCHIR A. KADAKIA'S MOTION AND SUPPORTING BRIEF**
**FOR SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT [Dkt. #1]**

Pursuant to FED. R. CIV. P. 56 and LCvR 56.1, Defendant Ruchir A. Kadakia ("Kadakia") respectfully moves the Court for entry of summary judgment on Plaintiff R.P. Small Corp.'s only cause of action – breach of contract –- as plead in its Complaint filed May 20, 2019 [Dkt. #1].

## I. SUMMARY OF ARGUMENT

The Complaint contains a single cause of action, alleging breach by Kadakia of a written Guaranty Agreement ("Kadakia Guaranty") that he executed on March 24, 2014, made in connection with a March 27, 2014 Promissory Note made by Tethys Trading, LLC to Plaintiff (the "2014 Promissory Note"). Summary judgment is proper on Plaintiff's breach of contract claim against Kadakia because:

*First*, Plaintiff's claim against Kadakia is not ripe under the express terms of the Kadakia Guaranty in that (a) there is no "Event of Default" of the 2014 Promissory Note, which is both an express contractual condition precedent for any claim of liability under the Kadakia Guaranty and a legal requirement under Oklahoma law, and (b) "Borrower's Obligations" as defined in the Kadakia Guaranty are not due as confirmed by the recently-disclosed Workout Agreement with the primary obligor, Tethys Trading, LLC ("Tethys Trading") extending maturity of Borrower's Obligations to December 19, 2025.

*Second*, assuming in the alternative for the purposes of this Motion, that Plaintiff's position is valid that Kadakia's liability on the Kadakia Guaranty arose immediately upon Tethys Trading, LLC's failure to make any payment, Plaintiff's

breach of contract action arose when "Borrower's Obligations" first came due and went unpaid in accordance with the underlying 2014 Promissory Note.

According to Plaintiff's Exhibit "D" to the Complaint, monthly interest of $50,000 per month due the first of the month for a period of at least two (2) consecutive months (in the aggregate amount of $100,000) had accrued as of May 1, 2014 but no part of it was paid when due. According to Plaintiff's Exhibit "D" and Plaintiff's view of the Kadakia Guaranty, Plaintiff's cause of action against Kadakia for breach of the Kadakia Guaranty accrued as early as April 2, 2014. Because Plaintiff did not file the Complaint until May 20, 2019, Plaintiff's sole claim is barred by the applicable 5-year limitations period under 12 O.S. §95(1).[1]

## II. CONCISE STATEMENT OF MATERIAL FACTS TO WHICH NO GENUINE ISSUE EXISTS

There is no genuine issue with respect to the following material facts:

1. On March 27, 2014, Tethys Trading, LLC executed a Promissory Note (the "2014 Promissory Note") as Maker in which it promised to pay to the order of Plaintiff as Payee the principal amount of up to $6 million, plus interest thereon at the rates set forth in the note. Exhibit 2 to this Motion is the 2014 Promissory Note (which is also Exhibit "B" to Plaintiff's Complaint).

2. The 2014 Promissory Note provides that interest shall be payable monthly beginning on the 30th day following the date of the 2014 Promissory Note (March 27,

[1] This motion is without prejudice to Kadakia's assertion of additional affirmative defenses, including but not limited to the discharge of the Kadakia Guaranty by novation or other legal or equitable grounds.

2014) and every 30 days thereafter. Ex. 2, Promissory Note at par. 3.

3. Plaintiff filed its Complaint on May 20, 2019. *See* Dkt.#1. Exhibit "D" to Plaintiff's Complaint is a document entitled "Tethys Promissory Note Interest Accrued since April 2014". According to Plaintiff's Exhibit "D", interest of $50,000 was accrued as of April 2, 2014, and additional interest of $50,000 accrued during the month of April 2014. Accordingly, as set forth in Exhibit "D" to the Complaint, interest in the total amount of $100,000 had accrued as of May 2, 2014, no amount of which was paid as of May 19, 2014. Exhibit 4 to this Motion is Exhibit "D" to Plaintiff's Complaint.

4. On March 24, 2014, Kadakia executed the Guaranty Agreement (the "Kadakia Guaranty") that is attached as Exhibit 1 to this Motion. Kadakia Guaranty is Exhibit "A" to Plaintiff's Complaint.

5. Paragraph 1 of the Kadakia Guaranty provides in relevant part:

> The Guarantor hereby irrevocably guaranties the full, prompt and unconditional payment when due, of the Borrower's Obligations due and owing to the Lender, when and as the same shall become due, whether at the stated maturity date, by acceleration or otherwise, and the full, prompt and unconditional performance of each and every term and condition of any transaction to be kept and performed by the Borrower under the Note. This Guaranty Agreement is a primary obligation of the Guarantor and shall be a continuing inexhaustible Guaranty Agreement. In the event any of the Borrower's Obligations shall not be paid or performed according to their terms, the Guarantor shall immediately pay or perform the same, this Guaranty Agreement being an absolute, irrevocable and unconditional guaranty of full payment and performance and not a guaranty of collection.

Ex. 1, Kadakia Guaranty.

6. The Kadakia Guaranty defines (in the third unnumbered Recital) the term, "Borrower's Obligations", as "the full, prompt, and unconditional payment when due

of the Loan, and the full and complete performance of all other obligations of the Borrower with respect to the Loan." Ex. 1, Kadakia Guaranty.

7. The Kadakia Guaranty defines (in the first unnumbered Recital) the term, "Loan", as the "loan to the Borrower in the amount of Six Million Dollars ($6,000,000.00) Dollars [sic], together with interest thereon." Ex. 1, Kadakia Guaranty.

8. Paragraph 4 of the Kadakia Guaranty provides, "Upon the occurrence of an Event of Default (as such term is defined in the [2014 Promissory Note]), the Lender shall be immediately entitled to enforce the obligations of the Guarantor hereunder." Ex. 1, Kadakia Guaranty, par. 4.

9. The 2014 Promissory Note does not capitalize the term "Event of Default", but it states in detail what must occur for an "Event of Default" to exist:

> If (a) any payment required by this Note is not made within five (5) business days after the due date and receipt by Maker of Notice from Payee, (b) any default occurs under any other instrument related hereto or under the provisions of any security agreement, pledge agreement or other document or agreement which provides security for the indebtedness evidenced by this Note, or…. Payee may, at its option, without further notice or demand, declare this Note in default and all indebtedness due and owing hereunder shall be due and payable immediately. In the event of a default, the entire balance (principal and interest) shall be due and payable immediately. All makers, endorsers, guarantors and sureties hereby severally waive protest, presentment, demand, and notice of protest and nonpayment in case this Note or any payment due hereunder is not paid when due; and they agree to any renewal of this Note or to any extension, acceleration or postponement of time of payment, or any other indulgence, to any substitution, exchange or release of collateral and to the release of any party or person primarily or contingently liable, without prejudice to Payee and without notice to any maker, endorser, guarantor or surety….

Ex. 2, 2014 Promissory Note, p. 2, 4th paragraph.

10. Third-Party Defendants Tethys Trading, John Meyer ("Meyer") and Robert Finnegan ("Finnegan"), and Plaintiff and Richard Small, individually, entered into a written Workout Agreement effective December 19, 2019 ("Workout Agreement") with respect [redacted] The Workout Agreement states [redacted] Exhibit 3 is a true copy of the Workout Agreement.

11. The Workout Agreement provides in relevant part in Sections 9 and 10:

> [redacted]

> [redacted]

Ex. 3, Workout Agreement (emphasis added).

[redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

## III. Kadakia is Entitled to Summary Judgment

### A. The Summary Judgment Standard

The usual and primary purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Fed. R. Civ. P. 56(c) directs the entry of summary judgment in favor of a party who shows that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law. An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores*, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

If movant properly supports the summary judgment motion, the burden then shifts to non-movant, who may not rest upon merely allegation or denials within non-movant's pleading, but must set forth specific facts showing that there is a genuine issue for trial. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1197-98 (10th Cir. 2000). In setting forward these specific facts, plaintiff must identify the facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671. If the evidence offered in opposition to summary judgment is merely colorable or is not significantly probative, summary judgment may be granted. *See Cone v. United Hosp. Ass'n*, 14 F.3d 526, 533 (10th Cir. 1994).

### B. Summary Judgment For Kadakia is Proper Because No Event of Default Has Occurred Under the 2014 Promissory Note

#### 1. Liability under the Kadakia Guaranty is Expressly Conditioned on an "Event of Default" of the 2014 Promissory Note.

As noted above, Paragraph 4 of the Kadakia Guaranty unambiguously provides that Plaintiff may enforce the guaranty only upon an Event of Default as defined in the 2014 Promissory Note:

> Upon the occurrence of an Event of Default (as such term is defined in the [2014 Promissory Note]), [Plaintiff] shall be immediately entitled to enforce the obligations of [Kadakia] hereunder.

Ex. 1, Kadakia Guaranty at Par. 4.

The 2014 Promissory Note does not capitalize the term "Event of Default", but it defines what must occur for an "Event of Default" to exist:

> If (a) any payment required by this [2014 Promissory Note] is not made within five business days after the due date and receipt by Maker of notice from Payee, (b) [default under related agreements such as the security agreement], or (c) [Tethys Trading's insolvency or a bankruptcy proceeding], [Plaintiff] may, at its option, without further notice or demand, declare this [2014 Promissory Note] in default and all indebtedness due and owing shall be due and payable immediately. In the event of a default, the entire balance (principal and interest) shall be due and payable immediately.

Ex. 2, 2014 Promissory Note, p. 2, 4th paragraph.

An "Event of Default" thus requires as a precondition to Kadakia's liability under the guaranty:

1. Tethys Trading to fail to make a payment within five business days after due;
2. Tethys Trading to receive notice from Plaintiff about the failure to make the payment; and
3. Plaintiff to exercise its option to declare the 2014 Promissory Note in default, whereupon and all indebtedness is due and owing immediately.

While the Kadakia Guaranty waived notice to Kadakia of these events, the guaranty expressly does NOT waive the existence of an Event of Default of the 2014 Promissory Note.

**2. The Workout Agreement confirms that the 2014 Promissory Note is not in default and that no Event of Default has occurred.**

As noted above, the Workout Agreement unambiguously provides that the 2014 Promissory Note is not in default:

[redacted]

Ex. 3, Workout Agreement.

Because the 2014 Promissory Note is not in default and an "Event of Default" has not occurred, Kadakia is not liable under the Kadakia Guaranty. The 2014 Promissory Note either is or is not in default, which is a critical fact (or non-fact). There cannot be both (a) an "Event of Default" as required to impose liability on the Kadakia Guaranty, and (b) no default of the 2014 Promissory Note as provided in the Workout Agreement. Stated differently, the admission in the Workout Agreement that the 2014 Promissory Note is not in default – for whatever reason – prevents Plaintiff from continuing this action to enforce the Kadakia Guaranty.

[redacted]

[redacted]

Ex. 3, Workout Agreement.

**3. Dismissal of Plaintiff's claim is required by Oklahoma law.**

The dismissal of Plaintiff's claim is entirely consistent with, and even required by, Oklahoma law. As the Oklahoma Supreme Court observed in *Lum v. Lee Way Motor Freight, Inc.*, a guarantor's secondary liability is conditioned on the principal's default:

> A guaranty is a promise to answer for the debt, default or miscarriage of another person. A guarantor has a collateral obligation which is independently and separately enforceable from that of the principal debtor or obligor. Under Oklahoma law a guarantor is secondarily liable. His obligation is conditioned upon default by the principal debtor or obligor.

1987 OK 112, ¶ 13, 757 P.2d 810, 814. This is consistent with the "Event of Default" condition precedent in the Kadakia Guaranty, which only reinforces the basic concept that the underlying obligation must be in actual default for the guarantor to be liable.

As the Court further noted in *Lum*, a guaranty is a contract and subject to contract interpretation principles:

> The obligation of a private law guarantor is purely contractual. The meaning of the written contract is controlled by the intent of the parties at the time they entered into the agreement. To determine that intent an inquiry must focus on the precise terms of the guarantor's undertaking and the extent of his promise.

*Id.* at ¶ 16, 757 P.2d at 815. As required by *Lum*, the "Event of Default" requirement in the Kadakia Guaranty, which on its face incorporates the default terms of the 2014 Promissory Note, cannot be ignored and must be given its full effect. The same is true as to the Workout Agreement and its effect on the 2014 Promissory Note – the unambiguous statement of no default must be given its plain meaning.

The obvious concept of a default (as defined in the principal obligation) as a perquisite to a guarantor's liability is well established in Oklahoma law. *See, e.g.*, *JPMorgan Chase Bank, N.A. v. Specialty Restaurants, Inc.*, 2010 OK 65, 243 P.3d 8 (principal defaulted on the promissory note); *First Nat. Bank and Trust Co. of Vinta v. Kissee*, 1993 OK 96, ¶ 10, 859 P.2d 502, 506 (default is a perquisite to enforcement of a guaranty: "Other than default, the instrument embodies no prerequisite performance of an act by debtor or bank, nor any condition precedent before guarantor's liability is operative.");

*Founders Bank and Trust Co. v. Upsher*, 1992 OK 35, 830 P.2d 1355 (principal defaulted on the promissory note); and *Riverside Nat Bank v. Manolakis*, 1980 OK 72, 613 P.2d 438, 441 (debtor defaulted on the promissory note).

And where a lender (as Plaintiff here) attempted to enforce a guaranty in the absence of a default of the principal obligation, the court appropriately granted summary judgment for the guarantor. *See Borges v. Waller*, 2011 OK CIV APP 127, 270 P.3d 202. The court's reasoning in *Borges* that a guarantor's liability is dependent on a default is instructive:

> Borges' argument fails to acknowledge two imperatives. First, the guarantee agreements are triggered by some kind of default on the part of the tenant, of which there has been none in this case….
>
> The mechanism under which Guarantors become responsible for the underlying obligations of the principal obligor is default. 'A guaranty is a promise to answer for the debt, default or miscarriage of another person. A guarantor has a collateral obligation which is independently and separately enforceable from that of the principal debtor or obligor. Under Oklahoma law a guarantor is secondarily liable. His obligation is conditioned upon default by the principal debtor or obligor.' *Lum v. Lee Way Motor Freight, Inc.*, 1987 OK 112, 757 P.2d 810, 814; 15 O.S.2001 §321. [Emphasis added.]
>
> The language of the lease guarantee is consistent with this position as well. Subsection four (4) of the lease guarantee provides that the Guarantor shall pay the demand of the landlord upon the default of the tenant in the payment or performance of the guaranteed indebtedness. The lease guarantee does not otherwise provide for payment by the Guarantors to the landlord.

*Id.* at ¶¶ 7-10, 270 P.3d at 204-05.

What *Borges* makes clear is that a default of the principal obligation must exist under both Oklahoma law and, if provided for, as stated in the terms of the guaranty. *See also, Stuart C. Irby Co. v. Wire Nuts Elect., Inc.*, 2013 WL 6732664 at *3 (N.D. Okla. 2013) (citing *Borges,* "A guarantor's liability is conditioned upon the default of the

principal, but the guarantor's obligations depend upon the terms of the guaranty, rather than the terms of the creditor's contract with the principal."). Just as the absence of a default of the lease defeated the guarantee/plaintiff's claim against the lease guarantor in *Borges*, the facts of (i) an absence of an Event of Default of the 2014 Promissory Note and (ii) the admission of no default in the Workout Agreement each defeat Plaintiff's claim as not being ripe as a matter of law.

### C. ALTERNATIVELY, PLAINTIFF'S CLAIM TO ENFORCE THE KADAKIA GUARANTY IS BARRED BY THE FIVE YEAR STATUTE OF LIMITATIONS

Kadakia's alternative argument arises from Plaintiff's contention in paragraph 11 of its Complaint that Kadakia is liable because the Kadakia Guaranty provides for "full, prompt and unconditional payment when due, of the Borrower's obligations due and owing to the Lender." While this contention is incorrect because it ignores the express language of Section 4 of the Kadakia Guaranty and the effect of the Workout Agreement, the Court should hold Plaintiff to that position because Plaintiff has restated this position in subsequent briefing:

Plaintiff's Opposition to Motion for Reconsideration [Dkt.#73]

> p. 4 - "The Workout Agreement does not change the fact that "full, prompt and unconditional payment when due" has not occurred, as guaranteed by Kadakia."
>
> p. 9 - "Kadakia executed a personal guaranty to a Note for which payments have not been made when due, and Kadakia is now liable for full payment."

Plaintiff's Motion to Dismiss Counterclaims [Dkt.#79]

> p. 2 – "Instead of honoring his promise to make good on **any** failure by Tethys to pay as agreed…" (emphasis added)

As set forth in Exhibit 4 to this motion, which is the same as Exhibit "D" to the Complaint, according to Plaintiff's allegations that are accepted as true and not disputed *solely for the purposes of this alternative argument in this Motion*, Tethys Trading failed in its obligations to pay monthly interest of $50,000 per month for the months of March, April and May 2014. Borrower's Obligations were thus past due under the 2014 Promissory Note as early as April 2, 2014.

Plaintiff, however, did not commence this action until it filed its Complaint [Dkt. #1] on May 20, 2019. The sole breach of contract claim stated in the Complaint is thus time-barred under the applicable five (5)-year statute of limitations, and should be dismissed, in the alternative, on summary judgment. 12 O.S. §95(1); 15 O.S. § 332 (guarantor is liable immediately on default of the principal, and without demand or notice); *Cadle Co. v. Bianco*, 1992 Ok. Civ. App. 175, 849 P.2d 437, 439 (summary judgment upheld for guarantor on basis of statute of limitations).

## IV. CONCLUSION AND REQUEST FOR RELIEF

Accordingly, Ruchir A. Kadakia respectfully requests that the Court enter summary judgment on the only cause of action in the Complaint – the alleged breach of the Kadakia Guaranty.

Respectfully submitted,

*/s/ Evan G.E. Vincent*

Evan G.E. Vincent, OBA #22325
CROWE & DUNLEVY, P.C.
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
evan.vincent@crowedunlevy.com

And

Neil D. Kelly (admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
JPMorgan Chase Tower
600 Travis St, Houston, TX 77002
(713) 220.4198
(713) 220.4285 (Facsimile)

**ATTORNEYS FOR DEFENDANT RUCHIR A. KADAKIA**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19th, 2020, I electronically transmitted the foregoing document and attached exhibit to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Brent Blackstock
Lacey L. Shirley
Mid-Continent Tower, Suite 500
401 South Boston Avenue
Tulsa, OK 74103
ATTORNEYS FOR R.P. SMALL CORP.

R. Richard Love III
Madison Mosier
4000 One Williams Center
Tulsa, OK 74172
ATTORNEYS FOR THIRD-PARTY DEFENDANTS

*/s/ Evan G.E. Vincent*
Evan G.E. Vincent