Kadakia Motion for Summary Judgment
Exhibit 1

Kadakia Guaranty

# GUARANTY AGREEMENT

THIS GUARANTY AGREEMENT (this "Guaranty Agreement"), is made as of the 24 day of March, 2014, by **Ruchir A. Kadakia** ( "Guarantor") in favor of R.P. Small Corp., an Illinois corporation (the "Lender").

**RECITALS**:

WHEREAS, Tethys Trading, LLC, an Oklahoma limited liability company (the "Borrower"), made a certain promissory note, dated as of the date hereof (the "Note"), in favor of the Lender, pursuant to which the Lender made a loan to the Borrower in the amount of Six Million Dollars ($6,000,000.00) Dollars, together with interest thereon (the "Loan"); and

WHEREAS, the Note is secured by, among other things, certain Accounts Receivable and other collateral identified in the Pledge and Security Agreement, dated as of the date hereof (the "Borrower Collateral"), from the Borrower to the Lender; and

WHEREAS, as a condition precedent to the making of the Loan, *inter alia*, the Lender has required that the Guarantor, who has an equity ownership interest, whether direct or indirect, in the Borrower, and thus will directly or indirectly benefit from the Loan, unconditionally enter into and execute this Guaranty Agreement, hereby guaranteeing the full, prompt and unconditional payment when due of the Loan, and the full and complete performance of all other obligations of the Borrower with respect to the Loan (the "Borrower's Obligations"); and

WHEREAS, the Guarantor has determined that the execution, delivery and performance of this Guaranty Agreement directly benefits, and is in the best interests of, the Guarantor; and

WHEREAS, all words and terms not defined herein shall have the respective meanings and be construed herein as provided in the Note and Pledge and Security Agreement;

THEREFORE, in consideration of the Loan made to the Borrower and with knowledge that the Lender would not make the Loan but for the promises of the Guarantor hereunder, the Guarantor, hereby absolutely and unconditionally, represents, warrants and covenants as follows:

1. The Guarantor hereby irrevocably guaranties the full, prompt and unconditional payment when due, of the Borrower's Obligations due and owing to the Lender, when and as the same shall become due, whether at the stated maturity date, by acceleration or otherwise, and the full, prompt, and unconditional performance of each and every term and condition of any transaction to be kept and performed by the Borrower under the Note. This Guaranty Agreement is a primary obligation of the Guarantor and shall be a continuing inexhaustible Guaranty Agreement. In the event any of the Borrower's Obligations shall not be paid or performed according to their terms, the Guarantor shall immediately pay or perform the same, this Guaranty Agreement being an absolute, irrevocable and unconditional guaranty of full payment and performance and not a guaranty of collection.
2. The Guarantor waives all defenses based upon surety or impairment of collateral, including without limitation, any actions or defenses identified generally or specifically under the Uniform Commercial Code or other body of law governing sureties or guarantors, waives notice of acceptance of this Guaranty Agreement and notice of any of the Borrower's Obligations to which it may apply, and waives notice of default, non-payment, partial payment, presentment, demand,

protest, notice of protest or dishonor and all other notices to which the Guarantor might otherwise be entitled, or which might be required by law and required to be given by the Lender.

3. The obligations of the Guarantor hereunder shall be unconditional and absolute and, without limiting the generality of the foregoing, shall not be released, discharged, be a defense to or otherwise affected by:
   (a) any extension, renewal, settlement, indulgence, compromise, waiver or release of or with respect to any of the Borrower's Obligations or any part thereof or any agreement relating thereto, or with respect to any obligation of any other guarantor of the Borrower's Obligations, whether (in any such case) by operation of law or otherwise, or any failure or omission to enforce any right, power or remedy with respect to any of the Borrower's Obligations or any part thereof or any agreement relating thereto, or with respect to any obligation of any other guarantor of any of the Borrower's Obligations;
   (b) any modification or amendment of or supplement to the Note, including, without limitation, any such amendment which may increase the amount of the Borrower's Obligations guaranteed hereby;
   (c) any release, surrender, compromise, settlement, waiver, subordination or modification, with or without consideration, of any collateral securing the Borrower's Obligations or any part thereof, any other guaranties with respect to the Borrower's Obligations or any part thereof, or any other obligation of any person or entity with respect to the Borrower's Obligations or any part thereof, or any non-perfection or invalidity of any direct or indirect security for any of the Borrower's Obligations;
   (d) any acceptance by the Lender of additional security to act as collateral for the Borrower's Obligations;
   (e) any change in the structure or ownership of the Borrower or any other guarantor of any of the Borrower's Obligations, or any solvency, bankruptcy, reorganization, or other similar proceeding affecting the Borrower or any other guarantor of any of the Borrower's Obligations, or any of their respective assets or any resulting release or discharge of any obligation of the Borrower any guarantor of any of the Borrower's Obligations;
   (f) the existence of any claim, set-off or other rights which the Guarantor may have at any time against the Borrower, any other guarantor of any of the Borrower's Obligations, the Lender or any other person, whether in connection herewith or in connection with any unrelated transactions;
   (g) the enforceability or validity of the Borrower's Obligations or any part thereof or the genuineness, enforceability or validity of any agreement relating thereto or with respect to any collateral securing the Borrower's Obligations or any part thereof, or any other invalidity or unenforceability relating to or against the Borrower or any other guarantor of any of the Borrower's Obligations, for any reason related to the Note or any provision of applicable law or regulation purporting to prohibit the payment by the Borrower or any other guarantor of any of the Borrower's Obligations;
   (h) the failure of the Lender to take any steps to perfect and maintain any security interest in, or to preserve any rights to, any security or collateral for any of the Borrower's Obligations, if any;
   (i) any borrowing or grant of a security interest by the Borrower, debtor-in-possession, under Section 364 of the United States Bankruptcy Code;
   (j) the disallowance, under Section 502 of the United States Bankruptcy Code, of all or any portion of the claims of the Lender for repayment of all or any part of any of the Borrower's Obligations;

(k) the failure of any other guarantor to sign or become party to this Guaranty Agreement or any amendment, change, or reaffirmation hereof; or

(l) any other act or omission to act or delay of any kind by the Borrower, any other guarantor of any of the Borrower's Obligations, the Lender or any other person or any other circumstance whatsoever which might, but for the provisions of this Section constitute a legal or equitable discharge of the Guarantor's obligations hereunder.

4. Upon the occurrence of an Event of Default (as such term is defined in the Note), the Lender shall be immediately entitled to enforce the obligations of the Guarantor hereunder.
5. The Lender may at any time before or after an Event of Default exercise its right to set-off all or any portion of the Borrower's Obligations owed to it against any liability or indebtedness of the Lender to the Borrower or the Guarantor (whether owed by the Borrower or the Guarantor or alone or in conjunction with any other person or entity, provided that the Borrower or the Guarantor has a beneficial interest therein) without prior notice to the Borrower or Guarantor.
6. The Guarantor hereby waives any right or claim of right to cause a marshalling of the Borrower's assets or to cause the Lender to proceed against any of the security or collateral held by the Lender before proceeding against the Guarantor, and the Guarantor hereby waives any and all legal requirement that the Lender shall institute any action at law or in equity against the Borrower, or anyone else, with respect to the Note or with respect to any other documents, agreements or instruments executed by the Borrower or with respect to any security held by the Lender, as a condition precedent to bringing any action against the Guarantor upon this Guaranty Agreement.
7. Until repayment and performance of all of the Borrower's Obligations, the Guarantor hereby irrevocably waives and relinquishes any and all statutory, contractual, common law, equitable or other claims and rights (a) to seek reimbursement, contribution, indemnification, set-off or other recourse from or against the Borrower in connection with any payments made by the Guarantor under this Guaranty Agreement and (b) to be subrogated to the Lender's rights under the Note upon the Guarantor's performance under this Guaranty Agreement.
8. This Guaranty Agreement is made and shall continue as to any of the Borrower's Obligations to the Lender without regard to the existence of other collateral or security or guaranties, if any, or to the validity or effectiveness of any or all thereof; and any or all such collateral and security and guaranties may, from time to time, without notice to or consent of the Guarantor, be sold, released, surrendered, exchanged, settled, compromised, waived, subordinated or modified, with or without consideration, on such terms and conditions as may be acceptable to the Lender without in any manner affecting or impairing the liability of the Guarantor. The Guarantor's obligations under this Guaranty Agreement shall extend to any and all monies advanced by the Lender pursuant to the Note.
9. If claim is ever made upon the Lender for repayment or recovery of any amount or amounts received by the Lender in payment for, or on account of, any of the Borrower's Obligations, and the Lender repays all or part of said amount by reason of (a) any judgment, decree or order of any court or administrative body having jurisdiction over the Lender or any of its property, or (b) any settlement or compromise of any such claim effected by the Lender with any such claimant (including the Borrower), then, and in such event, the Guarantor agrees that any such judgment, decree, order, settlement or compromise shall be binding upon him, notwithstanding the cancellation of any note or any other instrument evidencing any of the Borrower's Obligations, and the Guarantor shall be and remain liable to the Lender hereunder for the amount so repaid or recovered to the same extent as if such amount had never originally been received by the Lender.
10. Settlement of any claim by the Lender against the Borrower, whether in any proceeding or not, and whether voluntary or involuntary, shall not reduce the amount due under the terms of this

Guaranty Agreement except to the extent of the amount paid by the Borrower in connection with the settlement.

11. No delay on the part of the Lender in exercising any of its rights, powers or privileges or partial or single exercise thereof under the Note, this Guaranty Agreement or any other document made to or with the Lender by the Borrower shall operate as a waiver of any such privileges, powers or rights. No waiver of any of its rights hereunder, and no modification or amendment of this Guaranty Agreement, shall be deemed to be made by the Lender unless the same shall be in writing, duly signed on behalf of the Lender, by a duly authorized officer, and each such waiver, if any, shall apply only with respect to the specific instance involved, and shall in no way impair the rights of the Lender or the obligations of the Guarantor to the Lender in any other respect at any other time.
12. All rights, powers and remedies afforded to the Lender by reason of this Guaranty Agreement are separate and cumulative remedies and no one of such remedies whether or not exercised by the Lender shall be deemed to exclude any of the other remedies available to the Lender nor prejudice availability of any other legal or equitable remedy which the Lender may have with respect to the Loan.
13. This Guaranty Agreement shall be governed by and construed in accordance with the laws of the State of Oklahoma without reference to principles of conflicts of law, except to the extent that the validity or perfection of the security interest granted hereunder, or remedies hereunder, in respect of any particular collateral are governed by the laws of another jurisdiction. The fact that any part of this Guaranty or the Note may not be enforced will not affect the enforceability of the rest of such documents. The Guarantor irrevocably submits to the exclusive jurisdiction of any federal or state court located in the State of Oklahoma with respect to any proceedings relating to this Guaranty or the Note, and irrevocably agrees not to assert any objection to venue in such court or any claim of inconvenient forum. The Guarantor irrevocably consents to service of process by mailing of such process by registered or certified mail, postage prepaid, at its address set forth below.
14. This Guaranty Agreement shall be binding upon and inure to the benefit of and be enforceable by all parties hereto and their respective successors, assigns, heirs, administrators, executors and legal representatives.
15. All notices and other communications relating to this Guaranty shall be made in writing and delivered to the Borrower at 954 West Washington Blvd., Suite 250, Chicago, Illinois 60607, and delivered to the Lender at 1585 E. 22nd St., Tulsa, OK 74114-1305, or such other place as the Lender shall designate in writing, with a copy to the Guarantor at the address indicated on the signature page below. Any such notice shall be deemed effective (i) when delivered, if delivered personally or by email or facsimile transmission, (ii) two (2) days after delivered (properly addressed and all fees paid) for overnight delivery service to a courier that regularly provides such service and regularly obtains executed receipts evidencing delivery, or (iii) five (5) days after deposited (properly addressed and stamped for first-class delivery) in the United States mail.
16. In case of any proceedings to collect any liabilities from the Guarantor, the Guarantor shall pay all costs and expenses of every kind for collection, sale or delivery, including reasonable attorney's fees, and after deducting such costs and expenses from the proceeds of sale or collection, the Lender may apply any residue to the liabilities of the Guarantor who shall continue to be liable for any deficiency, with interest at the Note Rate (as such term is defined under the Note).
17. This Guaranty shall be binding upon the Guarantor and the heirs, legal representatives, successors and assigns of the Guarantor. If more than one party shall execute this Guaranty, the term

"Guarantor" shall mean all parties executing this Guaranty, and all such parties shall be jointly and severally obligated hereunder.

18. In all references herein to any parties, persons, entities or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the within instrument may require.
19. The Guarantor hereby acknowledges and agrees that the Guarantor shall have the sole responsibility for obtaining from the Borrower such information concerning the Borrower's financial condition and business operations as the Guarantor may require, and that the Lender has no duty at any time to disclose to the Guarantor any information relating to the business operations or financial condition of the Borrower.
20. THE GUARANTOR HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION NOW EXISTING OR HEREAFTER ARISING RELATING TO THE LOAN, THIS GUARANTY AGREEMENT, THE NOTE OR ANY DEALINGS OR TRANSACTIONS RELATED THERETO AND THE GUARANTOR AGREES THAT ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY.
21. THE GUARANTOR HEREBY WAIVES ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER IN ANY LITIGATION ANY SPECIAL, EXEMPLARY, PUNITIVE OR CONSEQUENTIAL DAMAGES OR ANY DAMAGES OTHER THAN, OR IN ADDITION TO, ACTUAL DAMAGES. THE GUARANTOR CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF THE LENDER HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE LENDER, IN THE EVENT OF LITIGATION, WILL NOT SEEK TO ENFORCE THE FOREGOING WAIVER. THIS WAIVER CONSTITUTES A MATERIAL INDUCEMENT FOR THE LENDER TO ACCEPT THIS GUARANTY AGREEMENT AND MAKE THE LOAN.

INTENDING TO BE BOUND, the Guarantor has caused this Guaranty Agreement to be duly executed and delivered, all as of the day and year first above written.

**Guarantor:**

______________________________

**Ruchir A. Kadakia**
**94 Deer Plain Dr.**
**Spring, TX 77389**