IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF OKLAHOMA

(1) R.P. SMALL CORP.

Plaintiff,

v.

(1) RUCHIR A. KADAKIA,

Defendant,

And

(1) RUCHIR A. KADAKIA, individually and derivatively on behalf of Tethys Trading, LLC,

Counterclaimant and
Third-Party Plaintiff,

v.

(2) R.P. SMALL CORP., an Illinois Corporation,

Counterclaim Defendant,

And

(1) JOHN E. MEYER, JR.; et al.,

Third-Party Defendants.

Case No. 19-cv-271-CVE-JFJ

**THIRD-PARTY DEFENDANTS' REPLY IN SUPPORT OF THEIR COMBINED MOTION TO DISMISS VERIFIED AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT, AND BRIEF IN SUPPORT**

Defendant Ruchir Kadakia's Combined Response to Third-Party Defendants' Motion to Dismiss Verified Amended Counterclaim and Third-Party Complaint, and Brief in Support and Plaintiff's Motion to Dismiss Counterclaims [Doc. No. 85], does nothing

to refute the solid grounds for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and alternatively 14(a). Third-Party Defendants have just a brief reply for the Court's consideration:

**Regarding the First Count** (Declaratory Relief).

- If there has been no event of default under the Promissory Note (as Kadakia wrongly claims), then Plaintiff will not be able to prove its sole claim against Kadakia, and the claim will fail. There is no additional case or controversy warranting a declaratory relief claim on the same subject as Plaintiff's original claim for relief.

**Regarding the Second Count** (Contractual Indemnification).

- At page 9 Kadakia states there is a "difference between defenses to liability and affirmative claims". Not under this Guaranty. This Court's Order [doc. no. 65] in footnote 2 squarely recognizes that the Guaranty waives "claims", "set-off", "other rights" and "other recourse" Kadakia has or may have against "Lender", "Borrower" or "any other guarantor".
- And, thinking practically about what Kadakia wishes to accomplish with his counterclaims and third-party claims, it is apparent he seeks judgments against the lender, the borrower, and the other two guarantors in order to set-off his liability for the unpaid Note. Paragraphs 3 and 7 of the Guaranty do not allow Kadakia to bring these counterclaims and third-party claims.
- The broad waiver at paragraph 3(f) bans claims and rights Kadakia "may have at any time". The future is a point in time and is part of "any" time.

- If Kadakia's contractual indemnification claim were to impose whatever liability Kadakia has to Small upon the Third-Party Defendants, does not that reduce Small's potential pool of assets from which to collect from four to three? Is not the Guaranty's broad language, when read fairly from the perspective of a lender, meant to forestall such a result?
- Regarding the language used in the 2015 Transfer Agreement indemnity clause, "third party" is not capitalized and therefore is not a defined term like the term "Party". Plaintiff is not a "third party" (defined under common legal parlance as an outside party) because it signed a written acknowledgment and consent to the agreement as a member of the Tethys Trading limited liability company.
- Kadakia's brief asserts that Third-Party Defendants are "absurd" and employ a "tortured" reading of the 2015 Transfer Agreement in arguing that Kadakia did not negotiate a waiver of the Guaranty. But Kadakia's hyperbole does not refute his prior admission: "In the negotiations preceding the closing of Kadakia's sale of his Tethys ownership interests … Kadakia … requested a release or discharge with respect to any obligations of Kadakia under Kadakia's Personal Guaranty to Small Corp." which Meyer and Finnegan "rejected". [Doc. No. 13, paragraph 47].

- Kadakia does not even address the alternative dismissal argument under Fed.R.Civ.P. 14(a), and it is therefore conceded.[1]

**Regarding the Third Count** (Tortious Interference).

- When Kadakia asserts he has adequately pled a "tortious interference" claim "by way of … transfers of Tethys Trading assets" by Plaintiff and Third-Party Defendants that were "improperly motivated" [Doc. No. 85, p.2], he is recasting his fraudulent transfer claim that this Court previously dismissed. This Court's Order explicitly read: "the Court will not consider fraudulent transfer claims in this action." [Doc. No. 65, p.6].
- Kadakia prattles on at page 18 about fraudulent transfers and even attaches emails produced during discovery, which this Court cannot consider under a Rule 12(b)(6) motion.[2]

**Regarding the Fourth Count** (Civil Conspiracy).

- Kadakia's Response Brief clarifies that he has also recast his fraudulent transfer claim as a civil conspiracy claim which is, again, in defiance of this Court's Order [Doc. No. 65, p.6].

---

[1] Even if Kadakia had contractual indemnification rights that were not waived in the Kadakia Guaranty, these rights still would not transfer Kadakia's primary liability under the Complaint to the Third-Party Defendants and are therefore improper under Rule 14(a).

[2] If Rule 12(b)(6) allowed consideration of evidence outside the pleadings such as emails, then Third-Party Defendants would attach all the emails showing Kadakia, as the Chief Executive Officer of Tethys Trading, directing and authorizing every single transfer of money in the first two quarters of 2015. Kadakia has bates-labeled copies of all of these emails.

- The "amount" for which Kadakia is potentially responsible under the Guaranty obligation to Plaintiff will be determined under the Plaintiff's original claim against Kadakia. Why does this Court need to address it again under a trumped-up civil conspiracy claim?

Third-Party Defendants pray for dismissal with prejudice in accordance with Fed.R.Civ.P. 12(b)(6), or in the alternative 14(a). There is no basis in law for the amended counterclaims and third-party claims, and this needless litigation is not productive.

Respectfully Submitted,

**CONNER & WINTERS, LLP**

s/ R. Richard Love III
R. Richard Love, III, OBA #14770
C. Austin Birnie, OBA #31942
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-5711
rlove@cwlaw.com
abirnie@cwlaw.com

***Counsel for Third Party Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of May, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Brent Blackstock, brent@brentblackstock.com
Lacey Shirley, lacey@brentblackstock.com
Neil Kelly, neilkelly@huntonak.com
Evan G. E. Vincent, evan.vincent@crowedunlevy.com

s/ R. Richard Love III
R. Richard Love, III