**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **R.P. SMALL CORP.**<br><br>**Plaintiff,**<br>**v.**<br><br>**RUCHIR A. KADAKIA,**<br><br>**Defendant.**<br><br>**and**<br><br>**RUCHIR A. KADAKIA**<br><br>**Counterclaimant and Third-Party Plaintiff,**<br><br>**v.**<br><br>**R.P. SMALL CORP., an Illinois corporation,**<br><br>**Counterclaim Defendant,**<br>**and**<br><br>**JOHN E. MEYER, JR.;**<br>**ROBERT FINNEGAN;**<br>**and**<br>**TETHYS TRADING, LLC;**<br>**TETHYS CAPITAL, LLC;**<br>**TETHYS ENERGY, LLC;**<br>**TETHYS BIOFUELS, LLC;**<br>**TETHYS LATIN AMERICA, LLC;**<br>**TETHYS PARTNERS, LLC; and**<br>**TETHYS DERIVATIVES, LLC; each an Oklahoma limited liability company;**<br><br>**Third-Party Defendants.** | ) | **Case No. 19-CV-271-JFH-JFJ** |

**DEFENDANT RUCHIR A. KADAKIA'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT DIRECTED TO COMPLAINT**

Defendant, Counterclaimant, and Third-Party Plaintiff Ruchir A. Kadakia ("Kadakia") submits this Brief by way of reply to the Response (dated June 9, 2020) of Plaintiff R.P. Small Corp. (at times, "Plaintiff" or "Small Corp.") to Kadakia's motion for summary judgment ("Kadakia's Motion"). [redacted]

## INTRODUCTION

The 23-page legal memorandum, plus hundreds of additional pages of exhibits, that Plaintiff submitted in response to Kadakia's motion for summary judgment is primarily directed to refute a position that Kadakia is not taking. Indeed, Plaintiff's Response is largely immaterial to the Kadakia Motion – both factually and legally.

**The primary basis for the Kadakia Motion is that Plaintiff's action seeking to enforce the Kadakia Guaranty is premature or not ripe**. As set forth in the Kadakia Motion and addressed further below, Oklahoma law requires that the underlying primary obligation of the borrower be in default as a precondition to a lender's enforcement of a personal guaranty. Plaintiff does not and cannot deny that [redacted]

Unable to deny the non-occurrence of a default under the 2014 Promissory Note – the fundamental precondition under law to an action under the Kadakia Guaranty – Plaintiff resorts to distorting the holding and application of Oklahoma statutory law and case law mandating an event of default by the primary obligor as a precondition to enforcement of a guaranty. Plaintiff does this by failing to distinguish between the defense of discharge and the defense of ripeness. *The Kadakia Motion does not argue that the Workout Agreement effects a discharge of the*

*Kadakia Guaranty; rather, the Kadakia Motion argues that the Complaint should be dismissed without prejudice as premature because the legal prerequisite of default by the primary obligor, Tethys Trading, is not met.*

In addition to distorting Kadakia's argument, Plaintiff deploys a strategy of diversion as to the "facts." Plaintiff hoists upon the Court volumes of immaterial documents and content with the implication that somewhere buried in the pile is a material issue of fact. Plaintiff then proceeds with fabricating a purported "breach" by Meyer/Finnegan that the Court should "infer" from the contentions made in Plaintiff's Response. Plaintiff's argument that the Court should "infer" a breach of the Workout Agreement reveals the weakness of its position, as evidence establishing a breach is straightforward. Yet Plaintiff has not given notice of, nor sought to invoke, default rights and remedies against Tethys Trading, Meyer or Finnegan under the 2014 Promissory Note or Meyer/Finnegan Guarantees

The reality is that there is no genuine issue of material fact that Tethys Trading is not in default of the 2014 Promissory Note (and Plaintiff does not deny numbers 1, 2, and 4 through 14 of Kadakia's statement of undisputed material facts material to the matter of the non-default). The argument of a breach of the Workout Agreement is simply a red herring – and the fact that Plaintiff makes it shows Plaintiff's acknowledgment that it cannot proceed to enforce the Kadakia Guaranty in this action absent a current status of default.

## <u>ARGUMENT AND AUTHORITIES</u>

### A. There is No Genuine Issue of Material Fact that Tethys Trading is not in Default under the 2014 Promissory Note.

At pages 3 through 7 of the Kadakia Motion, Kadakia sets forth fourteen (14) enumerated material facts. Plaintiff admits, or does not deny, all but one. Plaintiff denies only number 3, which recites accurately the facts that Plaintiff alleged in Exhibit "D" to the Complaint regarding

payments and credits to the alleged Note obligations. Plaintiff now seeks to informally amend on the fly the allegations of the Complaint (and Exhibit "D" thereto), but even if the Court were to allow this ad hoc amendment, the denial of Factual Statement No. 3 is immaterial to the matter of whether the 2014 Promissory Note is currently in default. [redacted][1]

The additional facts that Plaintiff presents in numbered paragraphs in its Response do not defeat Kadakia's entitlement to summary judgment. Indeed, what Plaintiff does not state in those paragraphs speaks volumes. Plaintiff never contends in those paragraphs that the Workout Agreement has been breached or that Plaintiff has taken any action to trigger its rights in the event of a breach.

There is no "Event of Default" under the 2014 Promissory Note; [redacted] And Plaintiff has not presented any other evidence of an "Event of Default". This is admitted by Plaintiff in both its responses to undisputed facts in Kadakia's Motion and the additional facts in Plaintiff's Response. Plaintiff's claim against Kadakia should accordingly be dismissed.

**B. Plaintiff's Response is a Distortion of Controlling Oklahoma Law and the Provisions of the 2014 Promissory Note and the Kadakia Guaranty**

Under Oklahoma law a guarantor's liability is secondary to the principal debtor or obligor and is accordingly conditioned upon default by the principal debtor or obligor. *Lum v. Lee Way Motor Freight, Inc.*, 1987 OK 112, ¶ 13, 757 P.2d 810, 814; *Borges v. Waller*, 2011 OK

[1] Even if Meyer and Finnegan breached the Workout Agreement, Plaintiff must still show an actual "Event of Default" of the 2014 Promissory Note as a precondition to seeking to enforce the Kadakia Guaranty.

CIV APP 127, 270 P.3d 202, 204-05; see also, *Stuart C. Irby Co. v. Wire Nuts Elect., Inc.*, 2013 WL 6732664 at *3 (N.D. Okla. 2013) (citing *Borges*, "A guarantor's liability is conditioned upon the default of the principal, but the guarantor's obligations depend upon the terms of the guaranty, rather than the terms of the creditor's contract with the principal.")

Neither the 2014 Promissory Note nor the Kadakia Guaranty dispense with the prerequisite of a default by Tethys Trading under the 2014 Promissory Note for an action against Kadakia under the Kadakia Guaranty. Just the opposite – the Kadakia Guaranty and the 2014 Promissory Note expressly require a default by Tethys Trading before the Kadakia Guaranty may be enforced.

Plaintiff disregards the provisions of the 2014 Promissory Note and Kadakia Guaranty and also distorts the language. While purporting to quote the waiver language in the last paragraph of page 2 of the Promissory Note, Plaintiff omits the immediately preceding sentence, "In the event of a default, the entire balance (principal and interest) shall be due and payable immediately." Moreover, although the Kadakia Guaranty provides for waiver of notice and various other acts of Plaintiff (such as settlement with Tethys Trading or a reduction of the obligation or extension of the 2014 Promissory Note) as a basis for Kadakia's pressing a defense of discharge, the Kadakia Guaranty does ***not*** waive an Event of Default of the 2014 Promissory Note as a prerequisite for an action under the Kadakia Guaranty.

Plaintiff attempts to distinguish *Borges*, *supra*, on the grounds that the case (a) involved a lease and not a promissory note and (b) did not involve a default by the primary obligor are without merit. In *Borges*, the landlord reached an agreement with the tenant/primary obligor for a compromise of the rent claimed to be due by the landlord. Citing the opinion of the court in *Lum*, *supra*, and the Oklahoma statute concerning guaranties, 15 O.S. §321, the court held,

among other things, that the landlord could not proceed against the guarantor, whose liability is secondary to the primary obligor and contingent upon the occurrence of a default.

Significantly, the guaranty in *Borges* contained similar "waiver" language as provided in the Kadakia Guaranty. As in this case, landlord reached an agreement with the tenant that obviated a default by the primary obligor. The Court held that absent a default by the primary obligor, the creditor could not proceed on a claim under the guaranty. *Borges*, *supra*, 270 P.3d at 204-05.

Plaintiff's reliance on *First Nat. Bank and Trust Co. v. Kissee,* 1993 OK 96, 859 P.2d 506, is likewise flawed. In *First Nat. Bank*, the court held only that, "We conclude that bank's extension of time for payment of debtor's obligation did not result in the discharge of guarantor from liability." 859 P.2d at 508. Again, Kadakia's Motion seeks summary judgment (and a without-prejudice dismissal) on the basis of ripeness. It is not seeking a summary judgment dismissal with prejudice on the basis of discharge.[2]

**C. Plaintiff's Argument that the Workout Agreement is Extrinsic Evidence is Inapposite to Kadakia's Entitlement to Summary Judgment.**

Plaintiff improperly attempts to have it both ways by relying upon the Workout Agreement as evidence of an earlier default under the 2014 Promissory Note while also arguing that the Court should not consider the Workout Agreement because it is "extrinsic evidence." While neither argument defeats summary judgment for Kadakia, Plaintiff's extrinsic evidence argument is simply irrelevant because it relates to contract interpretation issues that are not presented here.

---

[2] The holding of *Founders Bank & Trust Co. v. Upsher*, 1992 OK 35, 830 P.2d 1355, also relied upon heavily by Plaintiff, is similarly distinguishable.

The Workout Agreement [redacted] The Workout Agreement is not offered for the purposes of construing, interpreting or varying the terms and conditions of the 2014 Promissory Note.

[redacted] That is all that is necessary for the Court to grant Kadakia summary judgment.

**D. Plaintiff's Response on the Statute of Limitations Undermines the Credibility of Plaintiff's contentions.**

Plaintiff substantially alters the position it has taken since the beginning of this lawsuit to avoid Kadakia's alternative statute of limitations summary judgment argument. As Kadakia explained in his Motion for Summary Judgment, the 5 year limitations period bars Plaintiff's claim if one accepts as true Plaintiff's allegations and contentions that (i) a default existed under the 2014 Promissory Note immediately when the first full payment was not made, and (ii) payments had not been made under the 2014 Promissory Note. Plaintiff's Response retreats from both these positions to avoid the statute of limitations.

Plaintiff introduces a substantial amount of information and documents that were not previously disclosed to make its statute of limitations arguments, despite all of it being responsive to outstanding discovery requests. Indeed, Plaintiff abandons Exhibit "D" to its Complaint (the schedule it originally represented as showing the amount due) with a new

schedule (Exhibit 1) that shows a total of 31 partial payments that Plaintiff received on the 2014 Promissory Note. It is unclear how Plaintiff could not have known what payments it had received when it filed this case, and it is even less clear why Plaintiff withheld this information from Kadakia until being faced with a motion for summary judgment. The sudden shift in Plaintiff's position does not change Kadakia's entitlement to summary judgment in his favor, however, for the reasons stated above and in Kadakia's motion.

## CONCLUSION

Accordingly, Defendant, Counterclaimant, and Third-Party Plaintiff Ruchir A. Kadakia respectfully requests that the Court enter summary judgment dismissing the Complaint without prejudice on the grounds that the Complaint is not ripe.

Respectfully submitted,

s/ *Evan G. E. Vincent*
Evan G.E. Vincent, OBA #22325
CROWE & DUNLEVY, P.C.
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
evan.vincent@crowedunlevy.com

and

Neil D. Kelly (admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
JPMorgan Chase Tower
600 Travis St, Houston, TX 77002
(713) 220.4198
(713) 220.4285 (Facsimile)

**ATTORNEYS FOR THIRD-PARTY PLAINTIFF RUCHIR A. KADAKIA**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2020, I electronically transmitted the foregoing document and attached exhibit to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Brent Blackstock
Lacey L. Shirley
Mid-Continent Tower, Suite 500
401 South Boston Avenue
Tulsa, OK 74103
ATTORNEYS FOR R.P. SMALL CORP.

R. Richard Love III
Madison Mosier
4000 One Williams Center
Tulsa, OK 74172
ATTORNEYS FOR THIRD-PARTY DEFENDANTS

s/ *Evan G. E. Vincent*
Evan G.E. Vincent