**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**R.P. SMALL CORP.**
Plaintiff,

v.

**RUCHIR A. KADAKIA**,
Defendant.

and

**RUCHIR A. KADAKIA**,
Counterclaimant
and Third-Party Plaintiff,

v.

**R.P. SMALL CORP.**,
an Illinois corporation,
Counterclaim Defendant,

and

**JOHN E. MEYER, JR.**, et al.;
Third-Party Defendants.

Case No. 19-CV-271-JFH-JFJ

**DEFENDANT RUCHIR A. KADAKIA'S MOTION FOR STATUS CONFERENCE AND SECOND AMENDED SCHEDULING ORDER**

GableGotwals entered its appearance in this matter on 13 July 2020 (Dkt. ##111, 113-114), replacing Hunton Andrews Kurth (Dkt. ##115-116) and Crowe & Dunlevy as counsel of record for Defendant, Third-Party Plaintiff, Counter Claimant, and Counter Defendant, Ruchir A. Kadakia. This matter has been pending for fourteen months and has been assigned to three judges. During that time, the parties have engaged in extensive motion practice and written discovery on the complex business and contractual relationships among the parties and related non-parties. Written discovery has not concluded, and the parties have not taken depositions. The scope of the remaining discovery will be driven in

significant part by motions pending before the Court—motions that will frame the issues ultimately to be determined at trial. Notwithstanding the parties' recent agreement to extend certain dates in the Amended Scheduling Order (Dkt. #110), the new dates do not allow the parties' sufficient time to complete discovery, whatever its scope, on the potential claims and defenses in this matter and develop their cases for trial.

Accordingly, Kadakia moves the Court for a status conference at the Court's earliest convenience[1] to discuss the steps necessary to prepare this case for trial and the effect those steps will have on dates in the Amended Scheduling Order (Dkt. #110). Among the issues to be discussed are the scope of remaining discovery, experts, and pending motions.

In support of the motion, Kadakia states as follows:

1. Counsel for the parties conferred regarding this motion. Plaintiff is not opposed to a status conference. Plaintiff does not oppose a change to the scheduling order as long as the trial date remains the same. Third-Party Defendants do not oppose either the motion or the conference.

2. The Court's Amended Scheduling Order (Dkt. #110) of 9 July 2020 establishes, along with pre-trial and trial dates, the following dates for discovery and motion practice:

a. 19 July 2020 – Expert Identification and Reports
b. 6 August 2020 – Rebuttal Expert Identification and Reports
c. 25 August 2020 – Dispositive Motions Cutoff
d. 31 August 2020 – Discovery Cutoff

3. GableGotwals entered its appearance on 13 July 2020 (Dkt. ##111, 113-114) on behalf of Kadakia, providing Kadakia with only 6 days to comply with the expert identification deadline supporting Kadakia's affirmative claims for relief and his defenses, 24 days to comply with the rebuttal expert deadline, 43 days to comply with the dispositive

[1] The parties are available for a telephone hearing. The undersigned can coordinate with opposing counsel and the Court Clerk's office to arrange a mutually convenient time.

motion deadline, and 49 days to complete Kadakia's discovery supporting his affirmative defenses, counterclaims, and third-party claims.

4. As of today's filing, Hunton Andrews Kurth and Crowe & Dunlevy have not completed their file transfer to GableGotwals of discovery materials, correspondence, work product, and other non-publicly available case information. Without these materials, GableGotwals' ability to get up to speed on the complex issues in this case is unavoidably impeded.

5. On 14 July 2020, Plaintiff and Kadakia conferred on discovery matters identified in deficiency letters exchanged among Plaintiff, Kadakia, and Third-Party Defendants in June and July 2020. Although Plaintiff and Kadakia reached agreement on certain issues, there still exists the possibility that one or more of the parties will move to compel on remaining deficiencies in the written discovery exchanged to date.[2]

6. Upon GableGotwals' entry into the matter, 6 motions were fully briefed and are at issue, awaiting hearing(s) and rulings by the Court:

a. *Defendant, Counter Claimant, and Third-Party Plaintiff Kadakia's Motion for Leave to File Amended Counterclaim* (Dkt. #67);

b. *Ruchir A. Kadakia's Motion for Reconsideration of the Court's April 2, 2020 Opinion [Dkt. #65]* (Dkt. #68);

c. *Third-Party Defendants' Combined Motion to Dismiss Verified Amended Counterclaim and Third-Party Complaint* (Dkt. #75);

d. *Ruchir A. Kadakia's Motion and Supporting Brief for Summary Judgment on Plaintiff's Complaint [Dkt. #1]* (Dkt. #90);

e. *Plaintiff's Motion to Compel Non-Party Tethys Group Holdings LLC to Comply with Subpoena Duces Tecum* (Dkt. #95);

f. *Third-Party Defendants' Combined Brief in Opposition to Plaintiff's Motion to Compel and Motion to Quash Document Subpoena Issued by Plaintiff on Non-Party Tethys Group Holdings, LLC* (Dkt. #109).

---

[2] Third-Party Defendants did not participate in the conference, and thus their discovery deficiencies have not been addressed or resolved.

Five of the 6 motions were filed before the case was reassigned on 10 June 2020 (Dkt. #100).

7. These motions, especially the first four, will frame the issues that remain in the case and will drive the scope of the parties' discovery practice. For example, as of this filing, the claims and defenses needing expert support and/or additional discovery remain an open issue. With 3 days remaining before the expert identification deadline, Kadakia cannot reasonably identify expert witnesses with any confidence, when he does not yet know which of his claims and defenses will remain in the case after the Court rules on the pending motions. Similarly, Kadakia's prior counsel had identified 10 to 20 depositions, exclusive of expert depositions and depositions the other parties may request, that may be needed to support his claims and defenses. The undersigned counsel is evaluating the list provided by prior counsel to determine which witnesses must be deposed. The number of, and need for, the depositions is also dependent on the outcome of the pending motions. Kadakia anticipates additional written discovery will be needed from the parties and non-parties. The scope of this discovery is also dependent on the claims and defenses to be tried.

8. Under normal circumstances, the discovery and motion practice deadlines would be aggressive, but under the circumstances of this particular case, both with regard to the procedural issues discussed above and the inescapable pandemic-related challenges (Mr. Kadakia has been out of the country since before the pandemic and cannot, for now, travel back to the United States), the deadlines in the Amended Scheduling Order—especially the expert identification and discovery deadlines—are almost certainly unachievable. To allow the parties sufficient time to develop their cases, the parties realistically need an additional 90 to 120 days after the Court's rulings on the pending motions to complete discovery.

9. Accordingly, Kadakia requests a status conference at the Court's earliest convenience to further discuss the issues identified above, schedule the hearing(s) on the pending motions with sufficient time allowed for new counsel to educate itself, and confer on extended discovery, motion practice, pre-trial, and trial dates for a Second Amended Scheduling Order.

DATED: 16 July 2020

Respectfully submitted,

*/s/ John D. Russell*

John D. Russell, OBA No. 13343
Philip D. Hixon, OBA No. 19121
Adam C. Doverspike, OBA No. 22548
GableGotwals
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
T: (918) 595-4800
F: (918) 595-4990
E: *jrussell@gablelaw.com*
*phixon@gablelaw.com*
*adoverspike@gablelaw.com*

Counsel for Defendant, Third-Party Plaintiff, Counter Claimant, and Counter Defendant Ruchir A. Kadakia

## CERTIFICATE OF SERVICE

I hereby certify that on 16 July 2020, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Lacey L. Shirley - *lacey@brentblackstock.com*
Roger B. Blackstock - *brent@brentblackstock.com*

COUNSEL FOR PLAINTIFF/COUNTER DEFENDANT
R.P. SMALL CORP.

Austin Birnie - *abirnie@cwlaw.com*
Madison Mosier - *mmosier@cwlaw.com*
R. Richard Love - *rlove@cwlaw.com*

COUNSEL FOR THIRD-PARTY DEFENDANTS
JOHN E. MYER; JR., ROBERT FINNEGAN;
TETHYS SUPPLY AND MARKETING, LLC;
TETHYS CAPITAL, LLC; TETHYS ENERGY, LLC;
TETHYS BIOFUELS, LLC; TETHYS LATIN AMERICA, LLC;
TETHYS DERIVATIVES, LLC; and TETHYS SHIPPING, LLC;

*and*

COUNSEL FOR THIRD PARTY DEFENDANTS/COUNTER CLAIMANTS
TETHYS TRADING, LLC; and TETHYS PARTNERS, LLC

*/s/ John D. Russell*
John D. Russell