IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF OKLAHOMA

(1) R.P. SMALL CORP.

Plaintiff,

v.

(1) RUCHIR A. KADAKIA,

Defendant,

And

(1) RUCHIR A. KADAKIA, individually and derivatively on behalf of Tethys Trading, LLC,

Counterclaimant and
Third-Party Plaintiff,

v.

(2) R.P. SMALL CORP., an Illinois Corporation,

Counterclaim Defendant,

And

(1) JOHN E. MEYER, JR.; et al.,

Third-Party Defendants.

Case No. 19-cv-271-JFH-JFJ

**THIRD-PARTY DEFENDANTS' MOTION TO QUASH TWO ADDITIONAL DOCUMENT SUBPOENAS ISSUED BY PLAINTIFF ON NON-PARTIES TRANSMARKET HOLDINGS LLC, AND TETHYS GROUP HOLDINGS, LLC**

Third-Party Defendants John E. Meyer, Jr. et al., move to quash two additional subpoenas *duces tecum* issued by Plaintiff upon the following Non-Parties: (1) Tethys Group Holdings, LLC; and (2) Transmarket Holdings, LLC. Copies of these additional

subpoenas are attached as Exhibit 1 and Exhibit 2, respectively. Plaintiff issued these additional subpoenas after Third-Party Defendants opposed Plaintiff's Motion to Compel [doc. no. 95] and moved to quash the previous subpoena [doc. no. 108] issued solely upon Tethys Group Holdings, LLC. These two newly-issued subpoenas also seek documents that are not relevant to the Plaintiff's guaranty claim against Kadakia, nor to Kadakia's defenses, because they relate to Plaintiff's relationship with certain of the Third Party Defendants under a "Workout Agreement" that is not the subject of this lawsuit. The subpoenas place an undue burden on non-parties to this lawsuit and seek confidential financial information of a private company to which no party in this lawsuit is entitled. Third Party Defendants seek an award of their attorneys' fees and costs as a sanction in having to bring this motion to quash pursuant to Fed.R.Civ.P. 45(d)(1).

## BACKGROUND

1. The first subpoena recipient, Tethys Group Holdings, LLC ("TGH"), is not a party to this lawsuit, nor has it ever been a party.

2. The second subpoena recipient, Transmarket Holdings, LLC ("TMH"), is not a party to this lawsuit, nor has it ever been a party. TMH is an affiliate of TGH.

3. TGH is a holding company in which Third-Party Defendants Meyer and Finnegan own minority interests. TGH owns Tethys Supply & Marketing, LLC, which formerly was a party to this case until Judge Eagan dismissed Kadakia's claims against it and banned further proceedings against it in this lawsuit [*see* document no. 65].

4. Because Meyer and Finnegan also signed guaranty agreements with Plaintiff, Plaintiff threatened to sue Meyer and Finnegan on their guaranties, just as it has sued

Kadakia in this lawsuit. In contrast to Kadakia, however, Meyer and Finnegan entered into a Workout Agreement with Plaintiff dated December 19, 2019. This Workout Agreement is filed under seal as Document Number 66-3.

5. The Workout Agreement is between Plaintiff, Meyer, Finnegan, and Tethys Trading. There is no claim in this lawsuit in which any party to the Workout Agreement is seeking to enforce a right given under it.

6. Pursuant to the Workout Agreement, Plaintiff is given certain rights to receive distributions from the interests owned by Meyer and Finnegan in TGH.

7. The Workout Agreement has certain reporting and notice provisions in Section 4, which require Meyer and Finnegan to give Plaintiff copies of all *reports and notifications* that Meyer and Finnegan receive from TGH.[1]

8. Meyer and Finnegan have provided Plaintiff with copies of all reports and notifications that Meyer and Finnegan received from TGH. Plaintiff's counsel was informed of this compliance by the undersigned counsel in a letter dated April 15, 2020.

9. Rather than follow up with the undersigned counsel regarding the reports and notifications that Meyer and Finnegan provided on April 15, 2020, Plaintiff's counsel surreptitiously issued the original subpoena to TGH on April 30, 2020, purposefully hiding the subpoena's issuance from the undersigned counsel by leaving the undersigned off of the service list.

---

[1] There is no requirement other than to pass on any financial reports and notices, which was done on April 15, 2020. The subject subpoenas go beyond seeking any reports/notices TGH might have sent to Meyer and Finnegan and, instead, broadly ask for balance sheets, income profit and loss statements, and any other documents that might show the "profitability" of TGH.

10. On May 18, 2020, Defendant Kadakia filed a motion for summary judgment [filed under seal]. He alleges that because of the Workout Agreement, there has not been an event of default and that Plaintiff therefore cannot collect on Defendant Kadakia's guaranty.

11. In response to this motion for summary judgment, Plaintiff claims that Meyer and Finnegan may have breached the Workout Agreement by failing to give Plaintiff copies of TGH notices and reports, and Plaintiff attempts to buttress this argument by pointing to Plaintiff's issuance of the TGH subpoena.

12. However, the TGH and TMH document subpoenas do not just seek information on any reports or notices that Meyer and Finnegan might have received from TGH in accordance with its Operating Agreement (which Plaintiff could easily seek from Third Party Defendants pursuant to Fed.R.Civ.P. 34); rather, Plaintiff inappropriately asks for a broad array of confidential financial and banking information to which Plaintiff is not entitled, including balance sheets, income statements, and anything else that may demonstrate TGH's "profitability".

## ARGUMENT AND AUTHORITIES

### A. The Subpoenas Violate Rule 45(d).

A party issuing a subpoena *duces tecum* under Fed.R.Civ.P. 45 must take care not to impose undue burden or expense on a non-party. The subpoenas appended as Exhibits 1 and 2 seek to impose a tremendous burden on non-parties to produce records that are not only irrelevant but are also highly confidential. The subpoenas are identical and contain two paragraphs. The first paragraph asks for documents that may have been exchanged

between TGH and Meyer and Finnegan. These records have already been provided to Plaintiff but, nonetheless, can be requested from parties to this litigation without burdening non-parties. The second paragraph broadly requests TGH to produce all of its balance sheets and financial records demonstrating its "profitability". This paragraph is not related in any way to Plaintiff's claims, nor Kadakia's defenses. *See*, *infra*. Even if the financial information were relevant, it is highly confidential and should be protected from discovery under Fed.R.Civ.P. 45 (e)(2)(B). Accordingly, the two newly-issued document subpoenas should be quashed.

B. <u>The Subpoenas Seek Irrelevant Documents in a Manner that is Disproportional to the Needs of the Case and that Result in the Harassment of Non-Parties.</u>

The TGH and TMH document subpoenas should also be quashed on the basis that they do not comply with Fed.R.Civ.P. 26(b)(1) which limits the scope of discovery to information that is "…relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Paragraph one of the two subpoenas asks the non-party recipients to produce all "notices, correspondence, and other communications" between Meyer, Finnegan, and TGH, as required by the Amended and Restated LLC Agreement attached to the subpoenas. The Amended and Restated LLC Agreement allows certain reports to be provided to Finnegan and Meyer as minority interest owners, and the Workout Agreement requires

Meyer and Finnegan to furnish any such reports to Small upon their receipt. Meyer and Finnegan received the 2019 audited financial statements of Tethys Supply & Marketing (subsidiary of TGH) in April 2020, and these financial statements were immediately provided to Plaintiff on April 15, 2020 pursuant to the Workout Agreement. There has been no other reports or notices provided to Meyer and Finnegan pursuant to the Amended and Restated LLC Agreement appended to the subject subpoenas *duces tecum*. Plaintiff was so informed.

Nonetheless, any discovery that Plaintiff might require regarding what Meyer and Finnegan might have received as minority interest owners in Tethys Supply & Marketing can be asked of Meyer and Finnegan, both parties to this litigation pursuant to Fed.R.Civ.P.34. The Court should quash the subpoena to non-parties, when the records can be received from the parties and the non-parties need not be burdened.

Paragraph two of the two subpoenas broadly requests all financial information that TGH and TMH might have on the "profitability" of TGH. This request has no relevance to the claims of Plaintiff, nor to the defenses of Kadakia.[2] Information about the value of Meyer's and Finnegan's minority interest ownerships in Tethys Supply & Marketing is not something that Plaintiff is entitled to know under the Workout Agreement or any other

[2] Kadakia defends against Plaintiff's suit on Kadakia's guaranty by saying the underlying obligation that the guaranty supports is not in default based upon language used in the Workout Agreement. Plaintiff counters by saying the Workout Agreement *might* be in breach because Meyer and Finnegan might not have produced all the notices and reports they received from TGH. This is nonsense, but it only places a very narrow set of documents in focus: notices and reports received by Meyer and Finnegan from TGH as required under TGH's Amended and Restated LLC Agreement. There can be no claim that all of TGH's finances are somehow relevant. Plaintiff's counsel is attempting to use the subpoena process in an abusive manner.

contractual relationship with Third Party Defendants. Instead, Plaintiff has asked for the information because Plaintiff's counsel got an overture of further settlement from Defendant Finnegan, in a private attempt by Finnegan (which Plaintiff attached to the subpoena *duces tecum*).

Because Plaintiff's two newly-issued document subpoenas ask for a great deal more than just notices and reports that TGH might have sent to Meyer and Finnegan, they go beyond what is allowed. Wherefore, Third-Party Defendants request that the subpoenas appended as Exhibit 1 and Exhibit 2 be quashed, and that Third-Party Defendants be awarded their costs and attorney's fees in presenting this pleading in accordance with Fed.R.Civ.P. 45(d)(1).

Respectfully submitted,

**CONNER & WINTERS, LLP**

s/ R. Richard Love III
R. Richard Love, III, OBA #14770
C. Austin Birnie, OBA #31942
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-5711
rlove@cwlaw.com
abirnie@cwlaw.com

***Counsel for Third Party Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Brent Blackstock, brent@brentblackstock.com
Lacey Shirley, lacey@brentblackstock.com
John Russell, jrussel@gablelaw.com
Adam C Doverspike, adoverspike@gablelaw.com

s/ R. Richard Love III
R. Richard Love, III