# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **R.P. SMALL CORP.**<br><br>**Plaintiff,**<br>**v.**<br><br>**RUCHIR A. KADAKIA,**<br><br>**Defendant.**<br><br>**and**<br><br>**RUCHIR A. KADAKIA, individually and derivatively on behalf of Tethys Trading, LLC,**<br><br>**Counterclaimant and Third-Party Plaintiff,**<br><br>**v.**<br><br>**R.P. SMALL CORP., an Illinois corporation,**<br><br>**Counterclaim Defendant,**<br>**and**<br><br>**JOHN E. MEYER, JR.;**<br>**ROBERT FINNEGAN;**<br>**and**<br>**TETHYS SUPPLY AND MARKETING, LLC;**<br>**TETHYS CAPITAL, LLC;**<br>**TETHYS TRADING, LLC;**<br>**TETHYS ENERGY, LLC;**<br>**TETHYS BIOFUELS, LLC;**<br>**TETHYS LATIN AMERICA, LLC;**<br>**TETHYS PARTNERS, LLC;**<br>**TETHYS DERIVATIVES, LLC; and**<br>**TETHYS SHIPPING, LLC,**<br>**each an Oklahoma limited liability company;**<br>**and**<br>**JOHN DOES and JANE DOES 1 to 10;**<br><br>**Third-Party Defendants.** | ) | **Case No. 19-cv-271-CVE-JFJ** |

**RESPONSES OF DEFENDANT RUCHIR A. KADAKIA**
**TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

Pursuant to the Federal Rules of Civil Procedure, Defendant Ruchir A. Kadakia (at times, "Defendant" or "Kadakia") provides these objections and responses to "Plaintiff's First Set of Discovery Requests."

## GENERAL OBJECTIONS AND RESERVATIONS

Kadakia makes the following General Objections and Reservations, applicable to each set of Discovery Requests (*i.e.*, interrogatories, requests for admissions and requests for production of documents):

1. Defendant objects to each and every instruction, definition, request for admission, interrogatory, and document request to the extent that any one, or more, imposes burdens or requirements beyond, additional to, or different from those authorized or permitted under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the North District of Oklahoma, and judicial opinions decided thereunder.

2. Defendant objects to each and every instruction, definition and document request to the extent that it is neither relevant to the subject matter of the within action nor reasonably calculated to lead to the production of admissible evidence.

3. Defendant objects to each and every instruction, definition, request for admission, interrogatory, and document request to the extent that any one, or more, may be construed as seeking to elicit the disclosure of information or disclosure or production of a communication that is subject to a claim of privilege, including, without limitation, the attorney-client privilege (including the "necessary communications" corollary), or the necessary communications corollary to the attorney-client privilege, or the attorney work product

and any other privilege under applicable law, and (b) is vague and unclear in its request for documents relating to his response to Request for Admissions No. 18. Notwithstanding the foregoing objections, Kadakia states that he has no copy of the Tethys Trading Notice of Maturity Extension to Plaintiff except the version of the document attached as an exhibit to the Complaint filed in this litigation.

REQUEST FOR ADMISSION NO. 19: Admit that **Exhibit D** to the Complaint is a true and accurate computation of the Accrued Interest on the Tethys Promissory Note since April 2014.

**Response:**

Responding to Request for Admission No. 19, Kadakia denies that **Exhibit D** contains an accurate computation of Accrued Interest on the Tethys Promissory Note since April 2014.

INTERROGATORY NO. 21: If you are unable to admit Request for Admission No. 19 in full, please state all facts relating to Your denial of the Request.

**Response:**

Answering Interrogatory No. 21, Kadakia states that the interest computation set forth in **Exhibit D** applies an incorrect interest rate (of 10%, rather than 6%) during periods of time in which balances were maintained on deposit in the segregated account at Morgan Stanley specifically earmarked to Plaintiff's $6 Million loan to Tethys Trading, LLC. Additionally, as alleged in the Counterclaim and Third-Party Complaint filed by Kadakia in this litigation, Third-Party Defendants Meyer and Finnegan caused amounts on deposit in the referenced Tethys Trading segregated account earmarked to Plaintiff's $6 Million loan to be transferred to other entities, with the knowledge and consent of Plaintiff.

REQUEST FOR PRODUCTION NO. 20: Produce all communications between the Defendant and Tethys Trading, LLC, during the period beginning January 1, 2014 and ending at the present date.

**Response:**

Responding to Request for Production No. 20, Kadakia shall produce such responsive documents as are in his possession, custody or control covering the period of January 1, 2014 through August 15, 2019 (the date of the certification of service of Plaintiff's Discovery Requests).

INTERROGATORY NO. 22: Identify the Holder of the "segregated account" noted in the Promissory Note.

**Response:**

Answering Interrogatory No. 22, Kadakia states, to the best of his knowledge and information, the referenced segregated account was maintained under the name of Tethys Trading, LLC from its opening upon funding of Plaintiff's $6 Million loan to Tethys Trading until the point in time that Kadakia was last provided with account statements of Tethys Trading, LLC.

REQUEST FOR PRODUCTION NO. 21: Produce all documents relating to the "segregated account."

**<u>Response</u>:**

Responding to Request for Production No. 21, Kadakia objects on the grounds, and to the extent that, Request No. 21 (a) seeks production of documents that are shielded from discovery under the attorney-client privilege (including the necessary communications corollary), the work-product doctrine, and any other privilege under applicable law, and (b) is vague and unclear as a "segregated account" also was opened and maintained by Tethys Trading with respect to a loan payable due to Reinhold Fussle. Notwithstanding the foregoing objections, Kadakia states that he shall produce such non-privileged documents in his possession, custody or control responsive to the "segregated account" earmarked to Plaintiff's $6 Million loan to Tethys Trading, LLC.

REQUEST FOR PRODUCTION NO. 22: Produce all documents relating to loans (including promissory notes, loan applications, and guaranty agreements) with parties other than Plaintiff.

**<u>Response</u>:**

Responding to Request for Production No. 22, Kadakia objects on the grounds, and to the extent that, Request No. 22 (a) seeks production of documents that are shielded from discovery under the attorney-client privilege (including the necessary communications corollary), the work-product doctrine, and any other privilege under applicable law, and (b) is vague and unclear as the Request does not identify any borrower; and (c) is overbroad, burdensome and harassing to the extent that it relates to any borrower other than Tethys Trading, LLC and contains no time period. Notwithstanding the foregoing objections, Kadakia states that he shall produce such non-privileged documents in his possession, custody or control relating to the loan extended by Reinhold Fussle, as lender, to Tethys Trading, LLC, as borrower.

*<u>/s/ Evan G. E. Vincent</u>*
Evan G.E. Vincent, OBA #22325
CROWE & DUNLEVY, P.C.
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
evan.vincent@crowedunlevy.com

Neil D. Kelly (admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
JPMorgan Chase Tower
600 Travis St, Houston, TX 77002
(713) 220.4198
(713) 220.4285 (Facsimile)
**ATTORNEYS FOR THIRD-PARTY PLAINTIFF RUCHIR A. KADAKIA**

**VERIFICATION**

RUCHIR A. KADAKIA, of full age, verifies that the facts set forth in the foregoing Responses to Requests for Admission and Responses to Interrogatories are true to the best of my knowledge, information and belief.

Dated: December 30, 2019

RUCHIR A. KADAKIA

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2019, I electronically transmitted the foregoing document to the following persons via email and U.S. mail:

R. Brent Blackstock
Lacey L. Shirley
Mid-Continent Tower, Suite 500
401 South Boston Avenue
Tulsa, OK 74103
ATTORNEYS FOR R.P. SMALL CORP.

R. Richard Love III
Madison Mosier
4000 One Williams Center
Tulsa, OK 74172
ATTORNEYS FOR THIRD-PARTY DEFENDANTS

s/ *Evan G. E. Vincent*
Evan G.E. Vincent