**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **R.P. SMALL CORP.**<br>Plaintiff,<br>v.<br>**RUCHIR A. KADAKIA**,<br>Defendant.<br>and<br>**RUCHIR A. KADAKIA**,<br>Counterclaimant<br>and Third-Party Plaintiff,<br>v.<br>**R.P. SMALL CORP.**,<br>an Illinois corporation,<br>Counterclaim Defendant,<br>and<br>**JOHN E. MEYER, JR.**, et al.;<br>Third-Party Defendants. | Case No. 19-CV-271-JFH-JFJ |

## DEFENDANT RUCHIR A. KADAKIA'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO AMEND RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Ruchir Kadakia objects to Plaintiff R.P. Small Corp.'s Motion to Amend Response to Defendant's Motion for Summary Judgment (Dkt. #136), seeking leave to offer newly *created* evidence in opposition to Kadakia's Motion for Summary Judgment (Dkt. #90). Kadakia requested summary judgment on two theories: (i) Plaintiff's claims against Kadakia are not ripe because Plaintiff has neither alleged nor proved that Tethys Trading, LLC ("Tethys Trading") defaulted on the promissory note underlying the Kadakia guaranty, and (ii) alternatively, if Tethys Trading defaulted (which Plaintiff has not proved), Plaintiff's claim is precluded by the applicable statute of limitations. *See* Dkt. #90. Kadakia's motion has been fully briefed since 23 June 2020. Dkt. #136 at 1-2, ¶ 3. After being at issue for approximately 3-months, Plaintiff now requests eleventh-hour leave to submit

its newly created evidence without explanation of its origin, the delay in its submission, or its materiality to Kadakia's dispositive motion and/or the other motions pending before the Court.

Prior to Plaintiff's request to supplement the record with its newly created evidence, Plaintiff had failed to plead that Tethys Trading defaulted on the promissory note underlying the Kadakia guaranty. Dkt. #1 at 3. To the contrary, the Workout Agreement among Plaintiff and Third-Party Defendants Tethys Trading, LLC, John E. Meyer, Jr., and Robert Finnegan contains an unequivocal admission that Tethys is not in default of the obligations covered by the agreement, including the promissory note. This admission entitles Kadakia to summary disposition on Plaintiff's claim.[1]

In an attempt to create a fact issue on the admission, Plaintiff issued discovery to Third-Party Defendants' non-party affiliates named in the Workout Agreement and, in advocating for the discovery, informed the Court, "The information is relevant because Kadakia asserts that Meyer and Finnegan's Workout Agreement with Plaintiff eliminates Kadakia's liability on his guaranty. However, the Workout Agreement has probably been breached." Dkt. #120 at 6. The Court allowed this discovery over objection of the Third-Party Defendants. *See* Dkt. #132. Note that, without the discovery, Plaintiff did not have evidence on 21 August 2020 (when the Court allowed the discovery to continue) of a Tethys Trading breach necessary to prosecute its claim against Kadakia.

[1] Further evidence of Plaintiff's inconsistency on the matter of default is Plaintiff's Objection to Kadakia's Motion to Reconsider (Dkt. #73 at 4-5), where Plaintiff argued that the Workout Agreement has no bearing on Kadakia's obligations under the terms of the guaranty agreement. Assuming but not conceding Plaintiff's assertion that the Workout Agreement has no bearing on Kadakia's obligations, the purported amendment to the Workout Agreement is not material to Kadakia's motion for summary judgment and should not be considered.

On September 1, 2020—a mere 11 days after the Court cleared the way for Plaintiff's discovery[2] directed at a yet unproven Tethys Trading breach—Plaintiff and Third-Party Defendants created supposed "new evidence"—a Workout Agreement amendment—in which Tethys Trading (without stated consideration) purportedly concedes a Tethys Trading breach without triggering liability under two of three guaranty agreements (the Meyer and Finnegan agreements) securing the underlying debt, seemingly creating a fact question on the first proposition in Kadakia's dispositive motion, and relieving Third-Party Defendants' affiliates' of their discovery obligation. The issues purportedly resolved by the "new evidence" and the timing and circumstances of its creation are too convenient and plainly manufactured to be fortuitous or genuine.

For the reasons below, Plaintiff's motion should be denied or, alternatively, Kadakia should be permitted to conduct discovery related to the "new evidence" and brief its relevance to the motions pending before the Court.[3]

1. Plaintiff's motion should be denied because it failed to comply with the Court's local rules. A motion to amend requires the movant to inform the Court "whether any other party objects to the motion." LCvR7.2(*l*). The "new evidence" was created on or about September 1, 2020. *See* Dkt. #136 at 2, ¶ 6. Plaintiff's motion was filed September 23, 2020—less than 24-hours before the hearing, *see* Dkt. #135, on the parties' pending motions. *See id*. Plaintiff did not confer, or attempt to confer, with Kadakia prior to filing its motion, and Plaintiff did not provide Kadakia with the "new evidence" prior to filing its

---

[2] And 70 days after Kadakia's motion was fully briefed and at issue.

[3] The pending motions include: (i) *Defendant, Counter Claimant, and Third-Party Plaintiff Kadakia's Motion for Leave to File Amended Counterclaim* (Dkt. #67); (ii) *Ruchir A. Kadakia's Motion for Reconsideration of the Court's April 2, 2020 Opinion [Dkt. #65]* (Dkt. #68); (iii) *Third-Party Defendants' Combined Motion to Dismiss Verified Amended Counterclaim and Third-Party Complaint* (Dkt. #75); *(iv) Ruchir A. Kadakia's Motion and Supporting Brief for Summary Judgment on Plaintiff's Complaint [Dkt. #1]* (Dkt. #90); and (v) *Plaintiff/Counter Defendant R.P. Small Corp.'s Motion for Summary Judgment* (Dkt. #122).

motion. In fact, Kadakia didn't receive the "new evidence" until after conclusion of the September 24, 2020 hearing.[4]

2. Plaintiff's motion should be denied because the "new evidence" is being submitted for the improper purpose of creating a sham fact question on the first proposition in Kadakia's dispositive motion. As set forth in Kadakia's motion, Plaintiff and Third-Party Defendants admitted in the Workout Agreement that the Tethys Trading promissory note was not in default, thereby eliminating a condition precedent under law to Kadakia's liability under his guaranty agreement. In seeking non-party discovery on the Workout Agreement, Plaintiff previously argued on July 21, 2020 that, if the Third-Party Defendants are in default of the Workout Agreement, "Third Party Defendants are also immediately liable along with Kadakia to pay the balance of the promissory note." Dkt. #120 at 3. However, in a material departure from the Workout Agreement's admission and Plaintiff's prior arguments, the newly created evidence from Plaintiff and Third-Party Defendants suggests that Tethys Trading is in default on the promissory note, but that default doesn't reach Third-Party Defendants Meyer's and Finnegan's obligations under their guaranty agreements.[5] Parties may not defeat summary judgment by freshly minting contradictory evidence intended to "create a sham fact issue," as was done by Plaintiff and Third-Party Defendants on September 1, 2020. *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986). The "new

[4] This is not the first occasion that Plaintiff has failed to timely disclose facts or documents with the Court. The Workout Agreement (dated December 19, 2019) was not disclosed to Kadakia until document Production by Plaintiff in mid-February 2020 (at which time briefing was completed on a number of motions before the Court leading up to the Court's Opinion and Order (Dkt. # 65) dated April 2, 2020. Accordingly, Plaintiff failed to advise the Court of the Workout Agreement prior to the Court's disposition of motions relating to Kadakia's third-party claims, ostensibly on the basis that it was not then material. Of course, if the Workout Agreement was not then material to the Court's prior rulings, the amendment to the Workout Agreement should not be material now.

[5] Notably, Third-Party Defendants' non-party affiliates have not produced anything in response to Plaintiff's subpoenas. Alternatively, if any production was made, it has not been shared with Kadakia.

evidence" Plaintiff proposes to offer in opposition to Kadakia's dispositive motion "appear[s] to have been tailored to defeat defendant's motion for summary judgment," and thus Plaintiff's requested amendment should be denied. *Wicks v. United States*, 304 F.Supp.3d 1079, 1090 (N.D. Okla. 2018) (disregarding affidavit conflicting with plaintiff's prior testimony "attempt[ing] to create a sham fact issue").

3. Plaintiff's motion should be denied because proposed submission of the Workout Agreement amendment—after Kadakia's dispositive motion has been at issue for 70 days—is effectively a motion for consideration of the dispositive motion based on the availability of new evidence. However, Plaintiff has not sustained its burden for the newly-created evidence. "[A] motion to alter or amend judgment may be granted only if the moving party establishes … the availability of new evidence that could not have been obtained previously through exercise of due diligence …." *Evans v. Asarco Inc.*, Case No. 04-CV-994-GKF-PJC, 2011 WL 13228484, at *1 (N.D. Okla. 2011); s*ee also F.D.I.C. v. Global Indus. Management, LLC*, No. CIV-11-686-M, 2013 WL 93632, at *1 (W.D. Okla. Jan. 8, 2013) (declining to accept new evidence in support of dispositive motion on reconsideration because movant, inter alia, failed to show the party's diligence in discovering the evidence). Plaintiff does not explain its delay in offering the "new evidence" or why the "new evidence" could not have been obtained prior to June 9, 2020 when Plaintiff filed its response to Kadakia's motion. The Court and Kadakia should not be left wondering what occurred on (or before) September 1, 2020, that changed Plaintiffs' and Third-Party Defendants' agreement that Tethys Trading was not in default under the promissory note. Accordingly, Plaintiff's motion to amend its response should be denied.

4. Plaintiff's motion should be denied because the purported amendment to the Workout Agreement has no effect on the alternative relief sought by Kadakia on his summary judgment motion—that is, Plaintiff's claims are time-barred under the five-years limitations period of 12 O.S. § 95(1). *See also* 15 O.S. § 332 (guarantor is liable immediately on default of the principal, and without demand or notice); *Cadle Co. v. Bianco*, 849 P.2d 437,

439 (Okla. Ct. App. 1992) (summary judgment upheld for guarantor on basis of statute of limitations). Accepting for the purposes of the Kadakia motion only Plaintiff's most-recently recast accounting (Dkt. 96), it is clear that any event of default first occurred upon the missed principal payment due April 1, 2014, which occurred more than five years prior to the filing of Plaintiff's Complaint.

5. If the Court admits the "new evidence" over Kadakia's objection, Kadakia should be allowed to conduct discovery pursuant to Fed. R. Civ. P. 56(d) regarding the September 1 Workout Agreement amendment before the Court considers Kadakia's motion. Kadakia should be permitted to inquire into circumstances of the new evidence's creation, including without limitation the intended purpose of the Workout Agreement amendment; communications or negotiations between Plaintiff and Third-Party Defendants (and their counsel) regarding the Workout Agreement amendment; the consideration, if any, supporting Plaintiff's and Third-Party Defendants' material change to the Workout Agreement's admission that Tethys Trading wasn't in default of the note; and the materiality of the Workout Agreement amendment to Kadakia's statute of limitations contention.

6. Although Plaintiff only requests the Court to consider the new evidence in connection with Kadakia's dispositive motion, Kadakia should also be provided the opportunity to evaluate and brief the effect of the newly created evidence (and any discovery related to it) on the other motions pending before the Court. For example, Plaintiff's and Third-Party Defendants' amendment of the Workout Agreement to place Tethys Trading in default while protecting Meyer and Finnegan from liability on their respective guaranty agreements is likely probative of issues raised in Kadakia's *Motion for Reconsideration of the Court's April 2, 2020 Opinion and Order [Dkt. #65]* (Dkt. #68), especially in connection with Kadakia's conspiracy counterclaim against Plaintiff and fiduciary duty and fraudulent transfer claims against Third-Party Defendants. Kadakia should be afforded the opportunity to further educate the Court regarding how the other parties' actions bring Kadakia's claims within the scope of authority cited in the Courts *Opinion and Order* of 2 April 2020.

*See* Dkt. #65 at 4. The "new evidence" may be similarly material to the other pending motions.

DATED: 5 October 2020

Respectfully submitted,

*/s/ John D. Russell*

John D. Russell, OBA No. 13343
Philip D. Hixon, OBA No. 19121
Adam C. Doverspike, OBA No. 22548
GableGotwals
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
T: (918) 595-4800
F: (918) 595-4990
E: *jrussell@gablelaw.com*
*phixon@gablelaw.com*
*adoverspike@gablelaw.com*

Counsel for Defendant, Third-Party Plaintiff, Counter Claimant, and Counter Defendant Ruchir A. Kadakia

## CERTIFICATE OF SERVICE

I hereby certify that on 5 October 2020, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing.

Lacey L. Shirley - *lacey@brentblackstock.com*
Roger B. Blackstock - *brent@brentblackstock.com*

COUNSEL FOR PLAINTIFF/COUNTER DEFENDANT
R.P. SMALL CORP.

Austin Birnie - *abirnie@cwlaw.com*
Madison Mosier - *mmosier@cwlaw.com*
R. Richard Love - *rlove@cwlaw.com*

COUNSEL FOR THIRD-PARTY DEFENDANTS
JOHN E. MYER; JR., ROBERT FINNEGAN;
TETHYS SUPPLY AND MARKETING, LLC;
TETHYS CAPITAL, LLC; TETHYS ENERGY, LLC;
TETHYS BIOFUELS, LLC; TETHYS LATIN AMERICA, LLC;
TETHYS DERIVATIVES, LLC; and TETHYS SHIPPING, LLC;

*and*

COUNSEL FOR THIRD PARTY DEFENDANTS/COUNTER CLAIMANTS
TETHYS TRADING, LLC; and TETHYS PARTNERS, LLC

*/s/ John D. Russell*
John D. Russell