**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **R.P. SMALL CORP.,**<br>**Plaintiff,**<br>**v.**<br><br>**RUCHIR A. KADAKIA,**<br>**Defendant**<br><br>**and**<br><br>**RUCHIR A. KADAKIA, individually and on behalf of Tethys Trading,**<br>**Counterclaimant and Third-Party Plaintiff,**<br><br>**v.**<br><br>**R.P. SMALL CORP.,**<br>**Counterclaim Defendant,**<br><br>**and**<br><br>**JOHN E. MEYER, JR.; et al.,**<br>**Third-Party Defendants.** | **CASE NO. 19-CV-271-JFH-JFJ** |

**PLAINTIFF R.P. SMALL CORP.'S REPLY TO MOTION TO AMEND RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff R.P. Small Corp. ("RPS" or "Plaintiff"), for its Reply to its Motion to Amend its Response (Dkt. 136) to Defendant Ruchir A. Kadakia's ("Kadakia" or "Defendant") Motion for Summary Judgment (Dkt. 90) ("Motion to Amend") states as follows:

This case is about a Promissory Note executed on March 14, 1014, which was personally guaranteed by Kadakia, and the third parties, Meyer and Finnegan[1]. Each individual is jointly and severally liable for the balance of the Promissory Note. Meyer and Finnegan chose to execute a Workout Agreement with the RPS. Kadakia erroneously seeks to use this third-party agreement,

[1] Formerly Third-Party Defendants Dismissed by Dkt. 65.

the Workout Agreement, to his advantage and eradicate his obligations under his Guaranty. The Workout Agreement is immaterial inasmuch as Kadakia is not a party to it. Kadakia relies on the content of this Workout Agreement to determine the "Event of Default" of the Promissory Note. RPS seeks to admit an Amendment to this Workout Agreement despite its irrelevance to claims in this case. Nonetheless, RPS requests that the Court grant its Motion to Amend so that all evidence regarding the four corners of the Workout Agreement is before the Court.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The test for allowing amendment to a pleading is found in *Triplett v. Leflore County*, 712 F.2d 444, 446 (10th Cir. Okla. 1983), which provides leave should be freely given when the request is not for the purpose of undue delay, bad faith or dilatory motive, and there is no repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party or futility of amendment. "A delay is undue when the party filing the motion has no adequate explanation for the delay, or should have known the facts upon which the proposed amendment is based but failed to include them in the original pleading." *Graff v. Aberdeen Enterprizes II, Inc*., 2018 U.S. Dist. LEXIS 160879, *9, 2018 WL 4517468.

RPS requests leave to amend its Response to Defendant's Motion for Summary Judgment as the exhibit it seeks to include was not executed at the time of its Response filed on June 9, 2020. (Dkt. 96). The Amendment to the Workout Agreement ("Exhibit") was executed three months later on September 1, 2020. Defendant's objections as to the timeliness of the evidence Plaintiff seeks to add is not a proper objection to the granting of leave to amend as the evidence was not previously available to the Plaintiff because the parties to the Amendment had not yet agreed on its terms. Notwithstanding Kadakia's objection, the parties to the Workout Agreement are free to amend it whenever they choose and for whatever reason they deem appropriate. There is no undue

delay, bad faith or dilatory motive in the instant case, and this Court should grant RPS's Motion to Amend notwithstanding the Defendant's objections.

1. **Notwithstanding RPS's Motion to Amend Response to Defendant's Motion for Summary Judgment (Dkt. 136) failing to comply with LCvR7.2(l), granting leave would not cause undue delay or prejudice and was not filed in bad faith or with a dilatory motive.**

RPS concedes that it filed its Motion to Amend without requesting approval by opposing counsel. Of course, it is inconceivable that counsel for Kadakia would have agreed to the motion to amend because the Amendment eliminates one of Kadakia's purported defenses. Nevertheless, Plaintiff's counsel apologizes to the Court and opposing counsel for its failure to inform the Court "whether any other party objects to the motion." LCvR7.2(l). Nevertheless, "Refusing leave to amend is generally only 'justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Graff* at 7 (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir.1995) (citing *Woolsey v. Marion Labs*., Inc., 934 F.2d 1452, 1462 (10th Cir.1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." *Koch v. Koch Industries*, 127 F.R.D. 206, 209 (D.Kan.1989). None of the preceding factors, as set forth in *Graff*, are present in this case, as the Exhibit sought to be included by the Motion to Amend was not executed at the time the Response to Defendant's Motion for Summary Judgment was filed.

2. **RPS's Motion to Amend seeks to submit evidence to rebut Defendant's contention that Tethys Trading LLC is not in default of the Promissory Note (Dkt. 1, Exhibit B).**

The Workout Agreement is not material to this case because it is between RPS, and Finnegan and Meyer.[2] Period. Defendant asserts it is relevant and necessary to support his argument that Tethys, LLC is not in breach of the Promissory Note underlying Defendant's Guaranty. (Dkt. 140, p. 2.) RPS, and Meyer and Finnegan, executed the Workout Agreement in an attempt to rectify the breach and event of default of the Promissory Note. The Workout Agreement is evidence of the very breach and event of default that Defendant claims never happened.

Defendant now asserts that RPS is attempting to "defeat summary judgment by freshly minting contradictory evidence intended to 'create a sham fact issue.'" (Dkt. 140, p. 4). RPS and Kadakia are both free to contract with third parties at will. Such agreements do not inherently "create a sham fact issue." Particularly, when Kadakia introduces, as evidence, the Workout Agreement in which he is not a party. Excluding a portion of this Workout Agreement, presented by a non-signee, would be highly prejudicial to RPS. Defendant cites to *Franks v. Nimmo,* 796 F.2d 1230 (10th Cir. 1986). In *Franks,* the Tenth Circuit held that "[t]here is authority for the proposition that in determining whether a material issue of fact exists, an affidavit may not be disregarded because it conflicts with the affiant's prior sworn statements. In assessing a conflict under these circumstances, however, courts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue." *Id.* at 1237. *Franks* examines discrepancies between testimony and a conflicting affidavit put into evidence for the purpose of defeating summary judgment. Kadakia's reliance on *Franks* requires this Court to find that the parties to the Workout Agreement either could not or did not amend it. In this case, RPS and Meyer

---

[2] Meyer and Finnegan, joined as third-party defendants by Kadakia in Dkt. 13, were dismissed from this case pursuant to Dkt. 65.

and Finnegan executed an Amendment to the Workout Agreement. Testimony and Affidavits are not involved. The Oklahoma Supreme Court "has long recognized that parties should be free to contract for any lawful purpose upon such terms and conditions as they believe to be in their mutual interest." *Hall v. Farmers Ins. Exchange*, 1985 OK 40, 713 P.2d 1027, 1029. ("parties are free to bargain as they see fit.") *Bonner v. Oklahoma Rock Corp*., 1993 OK 131, 863 P.2d 1176, 1183. RPS and Meyer and Finnegan are free to contract for any lawful purpose, and Defendant's allegation that the Amendment to the Workout Agreement is a sham fact issue is incorrect. RPS, Meyer and Finnegan entered into the Amendment to benefit their mutual interest, not create a sham fact for this litigation. RPS's Motion to Amend should be granted if the Court decides the Workout Agreement is material to Defendant's argument for Summary Judgment.

3. **This Court should consider every reasonable inference supported by plausible evidence that Defendant's statement of material facts is controverted.**

Defendant relies on two unreported cases in support of his contention that RPS's Motion to Amend should be denied because Defendant's "dispositive motion has been at issue for 70 days." (Dkt. 140, p. 5, ¶ 3). Defendant's analysis of these cases misses the mark. *Evans v. Asarco Inc*., Case No. 04-CV-994-GKF-PJC, 2011 WL 13228484, at *1 (N.D. Okla. 2011); see also *F.D.I.C. v. Global Indus. Management*, LLC, No. CIV-11-686-M, 2013 WL 93632, at *1 (W.D. Okla. Jan. 8, 2013) (Dkt. 140, p. 5). At issue in both of these cases is an **order** granting summary judgment. In contrast, this Court has yet to rule on Defendant's pending motion for summary judgment.

"Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we

have referred." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). This Court should consider every reasonable inference supported by plausible evidence that Defendant's statement of material facts is controverted.

4. **This Court should grant RPS's Motion to Amend; RPS's claims against Defendant fall within five-years limitations period of 12 O.S. § 95(1).**

Defendant's statement that RPS's claims are time barred by the five-year statute of limitations is incorrect. Defendant asserts that if Tethys Trading LLC defaulted on the Promissory Note underlying Defendant's Guaranty, RPS's claim is precluded by the applicable statute of limitations. (Dkt. 90). Defendant cites to *Bianco*, where summary judgment was upheld for the guarantor on the basis of the statute of limitations, as it had been more than five years since Bianco defaulted by failing to make payments on the note. *Cadle Co. v. Bianco*, 849 P.2d 437, 439 (Okla. Ct. App. 1992).

> The Court notes its prior reliance on Okla. Stat. tit. 15 § 332 and *Cadle Co. v. Bianco*, 849 P.2d 437 (Okla. Civ. App. 1992), wherein the court noted that the statute of limitations begins to run when a cause of action accrues; and further, that a guarantor is immediately liable upon default of the principal. In *Cadle*, the court did not set forth the terms of the underlying loan document nor the type of default; i.e., whether the original debtor failed to make interest payments . . . or whether the payments constituted both principal and interest. **Further, the case against the guarantors was not pursued until five years after the judgment was entered against the underlying debtors.**

*GKC Beard Investments, LLC v. Beard Oil Co*., CV-17-562-R, 2019 WL 4862180, at *3 (W.D. Okla. Oct. 2, 2019) (emphasis added).

The *Bianco* facts do not line up with the facts in this case. In Bianco, the case against the guarantors was not pursued until five years after the judgment was entered against the underlying debtors. This is factually different from the case at hand – there is no previous judgment against the principal, the statute of limitations did not begin accruing against the principal until August 2016 at the time of the last partial payment, and the independent nature of the guaranty does not

allow a statute of limitations on the principal to time bar an action against a guarantor. (*Riverside Nat'l Bank v. Manolakis*, 1980 OK 72, 613 P.2d 438). Defendant is bound by the Guaranty and RPS's claims are not time barred. Defendant's breach began when he refused to acknowledge or perform his obligations under the guaranty when RPS invoked those obligations. The statute of limitations for Defendant's breach began to run in 2019 when the demand letters went out to the guarantors. In an alternate theory, Defendant asserts RPS's claims are not ripe because the language of the Workout Agreement indicates an "Event of Default" of the Promissory Note has not occurred. RPS's Motion to Amend should be granted so the Court has all of the pertinent facts should the Court give weight to Defendant's argument that it must look to the Workout Agreement to determine the Event of Default of the Promissory Note. In any event, the Workout Agreement with Meyer and Finnegan does not involve nor affect Defendant or Defendant's obligations (pursuant to the Guaranty) to RPS in any way.

5. **This Court should grant RPS's Motion to Amend and admit the September 1, 2020 Amendment to the Workout Agreement over Defendant's objection; Defendant must be denied request for additional discovery pursuant to Fed. R. Civ. P. 56(d).**

Defendant should not be permitted to conduct additional discovery pursuant to Fed. R. Civ. P. 56(d), as this rule is not applicable because Defendant is the *movant* for summary judgment. Furthermore, even if the rule did apply, Defendant has not properly requested relief from the Court pursuant to Fed. R. Civ. P. 56. Fed. R. Civ. P. 56(d) is a discovery tool available to the nonmoving party defending a motion for summary judgment.

> (d) **When Facts Are Unavailable to the Nonmovant**. If a **nonmovant** shows by **affidavit or declaration** that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> 1. defer considering the motion or deny it;
> 2. allow time to obtain affidavits or declarations or to take discovery; or
> 3. issue any other appropriate order.

Fed. R. Civ. P. 56(d) (Emphasis added).

Defendant has not met the Rule's threshold requirement that it be a nonmovant of a motion for summary judgment, nor has it filed the requisite affidavit with the Court. The Tenth Circuit has weighed in on this issue:

> To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment.

*Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017).

Defendant has not met Fed. R. Civ. P. 56(d)'s threshold requirement that it be a nonmovant of a motion for summary judgment, nor has it filed the requisite affidavit with the Court. To permit the Defendant's request for additional discovery puts the cart before the horse. By filing his motion for summary judgment, Kadakia represented to the Court that he already had all the evidence he needed to prevail on the motion. By requesting additional discovery, he has effectively conceded defeat on his motion for summary judgment. Discovery should be taken in turn, appropriately considering each motion, as it survives judicial ruling.

6. **The Workout Agreement does not modify the obligations of Defendant under his own Guaranty, and the Motion to Amend should be granted to dispute Defendant's erroneous theory that the Court should look to the Workout Agreement to determine the event of default of the Promissory Note.**

This Court has previously rendered its cautionary Opinion on whether the business practices of Defendant's former business partners would be admitted, stating as follows:

> Kadakia is advised that any third-party claims must have a close connection to his liability to plaintiff for breach of guaranty, and the Court will not permit third-party claims that loosely relate to the business practices of Tethys Trading and Tethys Partners. Kadakia's counterclaims or third-party claims may more appropriately be considered as defenses to the plaintiff's claim, if such defenses are permitted under the guaranty, rather than as third-party claims, that would require the parties to litigate collateral issues unrelated to plaintiff's claim for breach of guaranty.

Dkt. 65, p. 6.

The Workout Agreement with Meyer and Finnegan has no relevance to Defendant's obligations under his Guaranty. Defendant contends that the Workout Agreement is evidence that Tethys Trading LLC is not in default of its obligations under the Promissory Note. This is preposterous; the Workout Agreement is evidence that the Promissory Note is in default. The Workout Agreement with Meyer and Finnegan has no bearing on Defendant's Guaranty and his obligations pursuant thereto. Whether or not the Court looks to the Workout Agreement to determine if an Event of Default of the Promissory Note by Tethys Trading LLC has occurred, the Court should grant RPS's Motion to Amend so that all evidence regarding the four corners of the Workout Agreement is before the Court.

WHEREFORE, Plaintiff moves this Court for leave to amend its response to Defendant's Motion for Summary Judgment and such other relief as may be just.

Respectfully submitted,

By: /s/ R. Brent Blackstock
R. Brent Blackstock, OBA No. 00839
Kelsey Harrison, OBA No. 34392
Mid-Continent Tower, Suite 500
401 S. Boston Ave.
Tulsa, OK 74103
(918) 383-0777, (918) 699-0325 (fax)
Brent@BrentBlackstock.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE BY ECF**

I hereby certify that today I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to counsel of record.

By: /s/ R. Brent Blackstock
R. Brent Blackstock