**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **R.P. SMALL CORP.,**<br>**Plaintiff,**<br>**v.**<br><br>**RUCHIR A. KADAKIA,**<br>**Defendant**<br><br>**and**<br><br>**RUCHIR A. KADAKIA, individually and on behalf of Tethys Trading,**<br>**Counterclaimant and Third-Party Plaintiff,**<br><br>**v.**<br><br>**R.P. SMALL CORP.,**<br>**Counterclaim Defendant,**<br><br>**and**<br><br>**JOHN E. MEYER, JR.; et al.,**<br>**Third-Party Defendants.** | ) | **CASE NO. 19-CV-271-JFH-JFJ** |

**<u>PLAINTIFF R.P. SMALL CORP.'S OPPOSED MOTION REQUESTING A STATUS/ SCHEDULING CONFERENCE AND NEW SCHEDULING ORDER</u>**

**COMES NOW**, Plaintiff R.P. Small Corp. ("RPS" or "Plaintiff") pursuant to Fed. R. Civ. P. 16(b)(4) and moves the Court for a Status/ Scheduling conference with counsel for all parties. Plaintiff requests that the Court enter a new scheduling order at or soon after the Status/Scheduling Conference. Good cause exists for a new scheduling order (with new pretrial deadlines) due to the unexpected delays and pauses in the case caused by the COVID-19 Pandemic's and the McGirt decision's effect on the Court, which have materially impacted the parties' ability to adequately prepare this case for trial. In support of this Motion, RPS states the following:

## INTRODUCTION/ BRIEF PROCEDURAL HISTORY

1. RPS filed its initial Complaint on May 20, 2019, ("Complaint") against Defendant Ruchir A. Kadakia ("Kadakia") for breach of guaranty, alleging that Kadakia breached the terms of the personal guaranty on the promissory note by refusing to pay the amount due to RPS. (Doc. No. 1.)

2. Kadakia filed his answer to Plaintiff's Complaint on August 29, 2019, and later amended his answer on September 12, 2019. (Doc. Nos. 10-11.)

3. Kadakia filed a counterclaim and Third-Party Complaint against Third-Party Defendants John E. Meyer Jr., Robert Finnegan, the Tethys entities, and John Does and Jane Does ("Third Party Defendants"), on September 13, 2019. (Doc. Nos. 12-13.)

4. RPS filed its answer to Kadakia's counterclaims on October 3, 2019. (Doc. No. 17.)

5. Third-Party Defendants filed a Partial Motion to Dismiss, Answer, and Counterclaims against Kadakia on October 10, 2019. (Doc. Nos. 19-22.)

6. Kadakia filed a response and objection to Third-Party Defendants' Partial Motion to Dismiss, and Kadakia filed a Motion to Dismiss Third-Party Defendant's Counterclaims on October 31, 2019. (Doc. Nos. 43-44.)

7. Third-Party Defendants filed a response in opposition to Kadakia's Motion to Dismiss Third-Party Defendants' counterclaims on November 21, 2019. (Doc. No. 49.)

8. Judge Claire V. Eagan entered a Scheduling Order—setting and resetting dates—on February 10, 2020. (Doc. No. 57.)

9. Kadakia filed an Amended Third-Party Complaint against Third-Party Defendants John E. Meyer Jr., Robert Finnegan, the Tethys entities, and John Does and Jane Does on April 9, 2020. (Doc. No. 66.)

10. Third-Party Defendants filed a motion to dismiss Kadakia's Amended Counterclaims and

Third-Party Complaint on April 23, 2020. (Doc. No. 75.)

11. RPS filed its motion to dismiss Defendant's counterclaims on April 27, 2020. (Doc. No. 79.)

12. Kadakia filed a motion for summary judgment on May 19, 2020. (Doc. No. 90.)

13. RPS filed its response in opposition to Kadakia's motion for summary judgment on June 9, 2020. (Doc. No. 96.)

14. The parties filed an agreed motion to extend the scheduling order deadlines on June 17, 2020. (Doc. No. 103.)

15. Kadakia filed a reply, to RPS' Response, in support of his motion for summary judgment on June 23, 2020. (Doc. No. 104.)

16. An amended scheduling order was filed on July 9, 2020. (Doc. No. 110.)

17. Kadakia filed a motion for a status conference and second amended scheduling order on July 16, 2020. (Doc. No. 118.)

18. Judge Heil III issued an order striking the scheduling order and scheduled a scheduling conference for August 27, 2020. (Doc. No. 119.)

19. RPS filed its motion for summary judgment on July 22, 2020. (Doc. No. 122.)

20. Kadakia filed his response in opposition to RPS' motion for summary judgment on August 12, 2020. (Doc. No. 127.)

21. Magistrate Judge Jodi F. Jayne struck/terminated the deadlines in the scheduling order during the hearing on August 21, 2020. (Doc. No. 132.)

22. RPS filed its reply to Kadakia's Response to RPS' motion for summary judgment on August 26, 2020. (Doc. No. 134.)

23. RPS filed a motion for leave to amend its response to Kadakia's motion for summary

judgment on September 23, 2020. (Doc. No. 136.)

24. The Court held a motion hearing on September 24, 2020. (Doc. No. 137.)

25. Kadakia filed a response in opposition to RPS' motion to amend its response to Kadakia's motion for summary judgment on October 5, 2020. (Doc. No. 140.)

26. RPS filed a reply in support of its motion to amend its response to Kadakia's motion for summary judgment on October 28, 2020. (Doc. No. 141.)

As this Court is aware, this case involves heavily contested issues and claims encompassing the Guaranty Agreements and promissory note between RPS, Kadakia, and the Third-Party Defendants. RPS alleges that Kadakia is in breach of the terms of the personal guaranty on the promissory note because he has not paid the amount due to RPS. There are several pending motions that this Court has yet to rule on including: RPS' Motion for Summary Judgment; Kadakia's Motion for Summary Judgment; Third Party Defendants' Combined Partial Motion to Dismiss and Brief in Support; and Third-Party Plaintiff Kadakia's Motion to Dismiss Counterclaims of Tethys Partners, LLC and Tethys Trading, LLC. Currently there is no scheduling order in this case. Therefore, Plaintiff's motion for a scheduling conference and implementation of a new scheduling order are the next logical steps to be taken in this matter.

Plaintiff's counsel contacted Defendant and third-party Defendants' counsel regarding the entry of a new scheduling order. *See* Email dated June 21, 2022. Attorney for Defendant Kadakia, John Russell, objected to the entry of the new scheduling order, until after the Court rules on the pending motions. *See* Email dated June 22, 2022. RPS believes that a status/scheduling conference and new scheduling order with the Court would help move this case forward toward rulings on the pending motions and ultimately a resolution of the remaining

claims in this matter. Thus, a status/scheduling conference would benefit all parties involved and ensure that this case progresses.

## ARGUMENT AND AUTHORITIES

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a schedule may be modified for good cause with consent of the Court. Further, a conference can provide a means of "disposing of pending motions" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." *See* Fed. R. Civ. P. 16(a) and (c)(2). This Motion is brought in good faith and will not delay the proceedings in this matter. The exigent circumstances presented by the coronavirus pandemic have materially impacted the parties' ability to conduct meaningful discovery and prepare this case for trial. Good cause exists to reestablish deadlines in this case, and no party will be prejudiced. *See* Advisory Committee Notes to Rule 16(b) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Plaintiff asks the Court to enter a new scheduling order as the previous scheduling order has been stricken, and a new one is necessary.

## CONCLUSION

Plaintiff, RPS respectfully requests that the Court set a status/scheduling conference in this matter to be attended by counsel for all parties. Plaintiff further requests that the Court (i) enter an Order setting a Status Conference; (ii) enter a new scheduling order with new pre-trial deadlines, as proposed in attached Exhibit 1; and any and all other relief to which it may be entitled.

Respectfully submitted,

______________________________

R. Brent Blackstock, OBA No. 00839
Kelsey M. Harrison, OBA No. 34392
**Brent Blackstock, PLC**

Mid-Continent Tower, Suite 500
401 South Boston Ave.
Tulsa, OK 74103
(918) 383-0777, (918) 699-0325 (fax)
Brent@BrentBlackstock.com
Kelsey@BrentBlackstock.com

**ATTORNEYS FOR PLAINTIFF / COUNTER DEFENDANT R.P. SMALL CORP.**

**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule LCvR 7.2, Plaintiff's counsel has contacted counsel for the Defendant and has been advised that Defendant Kadakia opposes this motion. Plaintiff's counsel has also contacted counsel for the Third-Party Defendants and has been advised that the Third-Party Defendants do not have a position on this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on February_____, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

John D Russell – jrussell@gablelaw.com
Philip D Hixon – phixon@gablelaw.com
Adam Doverspike – adoverspike@gablelaw.com

**Counsel for Defendant, Third-Party Plaintiff,**
**Counter Claimant and Counter Defendant**
Ruchir A. Kadakia

R. Richard Love III – rlove@cwlaw.com
Madison Mosier – mmosier@cwlaw.com
Austin Birnie – abirnie@cwlaw.com

**Counsel for Third-Party Defendants**
John E. Meyer, Jr.; Robert Finnegan;
Tethys Supply and Marketing, LLC;
Tethys Capital, LLC; Tethys Energy, LLC;
Tethys Biofuels, LLC; Tethys Latin America, LLC;
Tethys Derivatives, LLC; and Tethys Shipping, LLC;
*and*
**Counsel for Third-Party Defendants / Counter Claimants**
Tethys Trading, LLC; and Tethys Partners, LLC

*/s/ R. Brent Blackstock*
R. Brent Blackstock