IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**R.P. SMALL CORP.**
Plaintiff,
v.
**RUCHIR A. KADAKIA**,
Defendant.
and
**RUCHIR A. KADAKIA**,
Counterclaimant
and Third-Party Plaintiff,
v.
**R.P. SMALL CORP.**,
an Illinois corporation,
Counterclaim Defendant,
and
**JOHN E. MEYER, JR.**, et al.;
Third-Party Defendants.

Case No. 19-CV-271-JFH-JFJ

## DEFENDANT'S RESPONSE TO PLAINTIFF R.P. SMALL CORP.'S OPPOSED MOTION REQUESTING A STATUS/SCHEDULING CONFERENCE AND NEW SCHEDULING ORDER (DKT. #147)

Plaintiff's motion requesting a status conference and new Scheduling Order and trial date (Dkt. #147) omits material procedural events relevant to its request. The Court has previously entered two orders addressing the relief Plaintiff now seeks: one specific to this case and the other applicable to all matters pending in this Court. The first order informed the parties when they should expect entry of a Scheduling Order. The second order informed them, along with other civil litigants, why relief may be unavoidably delayed. Plaintiff has neither sufficiently acknowledged the challenges facing the Court nor set forth any extraordinary circumstances in its motion which would justify the Court's departure from these prior orders. Plaintiff's motion should be denied in its entirety.

During the Scheduling Conference of 27 August 2020, the Court informed the parties verbally and in writing that it would enter a Scheduling Order after ruling on the pending motions argued at the separate hearing scheduled for 24 September 2020. *See* Dkt. #135 ("After ruling on motions, Court will enter Scheduling Order, if appropriate."). After the subsequent motion hearing, the Court took the motions under advisement. *See* Dkt. #137 (identifying Defendant's Motion for Leave to File Amended Counterclaim (Dkt. #67), Defendant's Motion to Reconsider (Dkt. #68), Motion to Dismiss Defendant's Verified Amended Counterclaim and Third-Party Complaint (Dkt. #75), Plaintiff's Motion to Dismiss for Failure to State a Claim (Dkt. #79), Defendant's Motion for Summary Judgment (Dkt. #90), Plaintiff's Motion for Summary Judgment (Dkt. #122), and Plaintiff's Motion to Amend (Dkt. #136)). The Court has not ruled on the motions. Under the Court's prior minute order, entry of a new Scheduling Order is premature.

The Court entered General Order 22-04 on 27 January 2022, which states in pertinent part that, "[a]bsent extraordinary circumstances, civil cases will not be tried before a district judge in the foreseeable future. The Court will address pending motions in civil cases as its schedule permits; however, the Court's ability to do so will be subject to the demands of its criminal docket." General Order 22-04, Case No. 22-GO-001-JFH (N.D. Okla. Jan. 27, 2022). It is no secret that, because of the *McGirt* decision, the pandemic, and other "unfortunate and unforeseeable circumstances," *Sandhar v. CSAA Fire & Cas. Ins. Co.*, Case No. 19-cv-306-JFH-CDL, 2022 WL 7454667, at *2 (N.D. Okla. Oct. 13, 2022), "the realities of the case at hand are that [it will] progress slowly given the Court's strained resources" for the reasons discussed in the *Sandhar* opinion. *Brown Truck & Equip. Sales,*

*LLC v. Box*, Case No. 21-CV-537-JFH-SH, 2022 WL 3686596, at *4 (N.D. Okla. Aug. 25, 2022).

The realities of this matter will not be changed by either a Rule 16 conference or an order with new dates for discovery, pretrial preparation, or trial.[1] Plaintiff's motion has not sufficiently acknowledged the ongoing challenges affecting the Court's caseload or workload. *See Sandhar*, 2022 WL 7454667, at *3. Mr. Kadakia understands that the Court appreciates the importance of this case to the parties and that the continuing circumstances described in the *Sandhar* opinion remain "a situation with which the Court is [not] satisfied." *Sandhar*, 2022 WL 7454667, at *3 n.4. Similarly, Plaintiff's motion failed to identify any unique, extraordinary circumstances bringing this matter within the narrow exception of General Order 22-04. *See id*. Mr. Kadakia understands, consistent with the Court's pronouncements in General Order 22-04 and its minute of August 2020, that the Court will rule on the pending motions as its schedule permits and then enter the Scheduling Order that Plaintiff has requested.

The Court has before it several motions that potentially will change the complexion of this dispute and ultimately frame the issues on which discovery may be needed by the parties. Only after the motions are decided—and the ultimate issues for trial determined—may the Court set meaningful dates for the parties to engage in productive discovery and pretrial preparation. Until then, Plaintiff's motion should be denied in its entirety.

[1] The Amended Scheduling Order (Dkt. #110) dates previously stricken by the Court included the discovery cutoff, expert report deadlines, pretrial motions and exhibits practice deadlines, pretrial order deadline, the pretrial conference date, and the trial date.

DATED: 13 March 2023

Respectfully submitted,

*/s/ John D. Russell*

John D. Russell, OBA No. 13343
Philip D. Hixon, OBA No. 19121
Adam C. Doverspike, OBA No. 22548
GableGotwals
110 North Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120-1495
T: (918) 595-4800
F: (918) 595-4990
E: *jrussell@gablelaw.com*
*phixon@gablelaw.com*
*adoverspike@gablelaw.com*

Counsel for Defendant, Third-Party Plaintiff, Counter Claimant, and Counter Defendant Ruchir A. Kadakia

## CERTIFICATE OF SERVICE

I hereby certify that on 13 March 2023, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing.

Roger B. Blackstock - *brent@brentblackstock.com*
Kelsey M. Harrison – *kelsey@brentblackstock.com*

COUNSEL FOR PLAINTIFF/COUNTER DEFENDANT
R.P. SMALL CORP.

Austin Birnie - *abirnie@cwlaw.com*
Madison Mosier - *mmosier@cwlaw.com*
R. Richard Love - *rlove@cwlaw.com*

COUNSEL FOR THIRD-PARTY DEFENDANTS
JOHN E. MYER; JR., ROBERT FINNEGAN;
TETHYS SUPPLY AND MARKETING, LLC;
TETHYS CAPITAL, LLC; TETHYS ENERGY, LLC;
TETHYS BIOFUELS, LLC; TETHYS LATIN AMERICA, LLC;
TETHYS DERIVATIVES, LLC; and TETHYS SHIPPING, LLC;

*and*

COUNSEL FOR THIRD PARTY DEFENDANTS/COUNTER CLAIMANTS
TETHYS TRADING, LLC; and TETHYS PARTNERS, LLC

*/s/ John D. Russell*
John D. Russell