**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **R.P. SMALL CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-cv-00271-SEH-JFJ** |
| | ) | |
| **RUCHIR A. KADAKIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

The purpose of this Order is to disclose grounds for disqualification of the undersigned judicial officer. As explained below, I shall disqualify myself from this proceeding, unless the parties agree in writing that I should not be disqualified.

Canon 3(C)(1) of the Code of Conduct for United States Judges provides that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ." Canon 3(D) provides:

> (D) *Remittal of Disqualification*. Instead of withdrawing from the proceeding, a judge disqualified by Canon 3C(1) may, except in the circumstances specifically set out in subsections (a) through (e), disclose on the record the basis of disqualification. The judge may participate in the proceeding if, after that disclosure, the parties and their lawyers have an opportunity to confer outside the presence of the judge, all agree in writing or on the record that the judge should not be disqualified, and the judge is then willing to participate. The agreement should be incorporated in the record of the proceeding.

I am being considered for reappointment as a United States Magistrate Judge in the Northern District of Oklahoma. *See* G.O. 25-02. The following individuals are on the Merit Selection Panel:

Mary Quinn Cooper, Attorney
Steven A. Broussard, Attorney
Dan S. Folluo, Attorney
R. Richard Love, III, Attorney
Charles D. ("Buddy") Neal, Jr., Attorney

Molly Jarvis, Lay Member
Mike McAndrews, Lay Member

*See* G.O. 25-02. R. Richard Love, III is an attorney of record in this proceeding and a member of my reappointment committee. In these circumstances, my impartiality might reasonably be questioned, and disqualification is required unless all parties agree otherwise in writing. *See* Committee on Codes of Conduct Advisory Opinion No. 97 ("Disqualification of Magistrate Judge Based on Appointment or Reappointment Process") (explaining that recusal is required "during that period of time when appointment is under consideration by the panel and court" but that recusal "would be subject to remittal should the magistrate judge decide to utilize the remittal procedure"). I find it appropriate to utilize the remittal procedure and am willing to continue participating in the case if all parties agree.

The parties shall be given one week from the date of this Order to file a joint, written notice of waiver of judicial disqualification signed by counsel for all parties. If nothing is filed and/or no extension is requested by the required deadline, I will recuse from the proceeding, and the case will be randomly reassigned to another United States Magistrate Judge. The parties shall not disclose to the Court whether any party agreed or did not agree. No document shall be filed unless it constitutes a written waiver signed by counsel for all parties following discussion of this Order with their clients.

SO ORDERED this 14th day of February, 2025.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**