IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **R.P. SMALL CORP.**<br>Plaintiff,<br>v.<br>**RUCHIR A. KADAKIA**,<br>Defendant.<br>and<br>**RUCHIR A. KADAKIA**,<br>Counterclaimant<br>and Third-Party Plaintiff,<br>v.<br>**R.P. SMALL CORP.**,<br>an Illinois corporation,<br>Counterclaim Defendant,<br>and<br>**JOHN E. MEYER, JR.**, et al.;<br>Third-Party Defendants. | Case No. 19-CV-271-SEH-SH |

**RUCHIR A. KADAKIA'S MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST PLAINTIFF R.P. SMALL CORP.**

Pursuant to Fed. R. Civ. P. 12(c), Defendant, Counterclaimant, and Third-Party Plaintiff and Defendant, Ruchir A. Kadakia ("**Kadakia**"), submits his motion for judgment on the pleadings against Plaintiff, R.P. Small Corp. ("**Small Corp.**"), based on Small Corp.'s lack of capacity to bring suit in this Court, or any other court in Oklahoma, arising from Small Corp.'s failure to satisfy mandatory registration obligations required of all foreign corporations doing business in Oklahoma. Foreign corporations, like Small Corp., who fail to perform their registration obligations are denied access to Oklahoma courts by operation of law; and were such failure cured, Small Corp.'s claim is untimely. For the

reasons stated below, Kadakia requests the Court to enter judgment on the pleadings in his favor and against Small Corp.

## BACKGROUND

Small Corp.'s Complaint states that the company is an Illinois corporation with its "principal place of business" in Tulsa, Oklahoma. Dkt. #1 at 1, ¶ 1. Venue is alleged to be proper in this Court because "a substantial part of the events giving rise to the claims alleged … occurred in" the Northern District of Oklahoma. Dkt. #1 at 2, ¶ 5. The Complaint further alleges that the promissory note that is the subject matter of this action was executed in Oklahoma by Tethys Trading, LLC, an Oklahoma limited liability company. Dkt. #1 at 1-2, ¶¶ 3, 7. Small Corp. contends that the promissory note was breached (also in Oklahoma) on or about March 27, 2016, giving rise to Kadakia's alleged joint and several liability under his personal guaranty. Dkt. #1 at 1-3, ¶¶ 3, 8-9, 14-15. From the allegations in the Complaint, it is apparent that Small Corp. has been doing business in Oklahoma continuously since at least March 14, 2014, when the promissory note was executed. Dkt. #1 at 2, ¶ 7.

Foreign corporations doing business within Oklahoma, such as an Illinois corporation like Small Corp., must register with the Oklahoma Secretary of State, pursuant to 18 O.S. § 1130, unless a statutorily defined registration exception applies.[1] The

[1] Notably, Small Corp. is registered with the Illinois Secretary of State, as evidenced by publicly available Annual Report filings: Business Entity Search. For years 2023 through 2025, the Annual Reports identify Small Corp.'s president as Small Corp.'s counsel of record in this case, R. Brent Blackstock of 401 S. Boston Ave., Tulsa, OK 74103. Kadakia is evaluating the potential conflict arising from the continued participation of Mr. Blackstock and his firm in the matter as counsel of record while also serving as a corporate officer.

registration exceptions are identified in 18 O.S. § 1132. The Oklahoma Tax Code also requires foreign corporation to be registered in Oklahoma for tax purposes, pursuant to 68 O.S. § 1201 *et seq*. Failure to satisfy the registration obligations in the Oklahoma General Corporation Act and the tax code prohibits the offending party from accessing the courts of Oklahoma, inclusive of the federal courts, until the failure is cured.

Small Corp. is an oil and gas operator who, as alleged in the Complaint, maintains it principal place of business in Tulsa and has engaged in business transactions in Oklahoma with Oklahoma companies. *See R.P. Small Corp. v. Land Dep't, Inc.*, 505 F.Supp.3d 681, 689 (S.D. Tex. 2020) (describing Small Corp.'s business); Dkt. #1 at 1-2, ¶¶ 1, 7. Kadakia recently discovered Small Corp. is not registered with the Oklahoma Secretary of State and, from all appearances, has never been registered with the Secretary of State during the period alleged in the Complaint in which it conducted business within Oklahoma, beginning in March 2014 when the promissory note was executed.

Based on the nature of Small Corp.'s business activities inside and outside of Oklahoma, none of the statutory registration exceptions appear to apply to Small Corp. Small Corp. is therefore prohibited from maintaining its claim against Kadakia whether or not the company cures its registration failure. Because Small Corp. was not registered to do business in Oklahoma in 2019 and, thus, unauthorized to file suit in Oklahoma in 2019, its potential cure of the registration failure will not relate back to the commencement of this action. The statute of limitations on any claim based on the 2016 breach of the promissory note, as alleged in the Complaint, expired in 2021. The limitations period on Small Corp.'s

claim against Kadakia expired long before Small Corp. could cure its registration failure. As such, Kadakia is entitled to judgment on Small Corp.'s claim.

## ARGUMENT AND AUTHORITIES

### Rule 12(c) Standard

The standard for a Rule 12(c) motion for judgment on the pleadings is the same as the motion to dismiss standard: "[T]he court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor." *McMullin v. Ashcroft*, 337 F.Supp.2d 1281, 1290 (D. Wyo. 2004); *Dyno Nobel v. Steadfast Inc. Co.*, 85 F.4th 1018, 1025 (10th Cir. 2023) ("To apply this standard, we accept as true all well-pleaded factual allegations in the complaint, 'resolve all reasonable inferences in the plaintiff's favor, and ask whether it is plausible that the plaintiff is entitled to relief.'" (citation omitted)); *see also Bethel v. America Int'l Mfg. Corp.*, 768 F.Supp. 327, 328 (W.D. Okla. 1991) ("On a motion for judgment on the pleadings, the factual allegations contained in the Complaint are deemed admitted …."). Under this standards, Kadakia's motion should be granted.

### Small Corp. Lacked Access to Courts of the State

Although the company has been doing business in Tulsa since at least 2014, Small Corp. has failed to satisfy its obligations under the Oklahoma General Corporation Act and the Franchise Tax Code, thereby precluding it from maintaining any action in the courts located in Oklahoma. The registration failure coupled with the expiration of the limitations

period on Small Corp.'s claim against Kadakia warrants entry of judgment against Small Corp.

The General Corporation Act defines a "foreign corporation" as "a corporation organized pursuant to the laws of any jurisdiction other than this state." 18 O.S. § 1130(A). A foreign corporation is prohibited from doing business in Oklahoma until it registers with the Oklahoma Secretary of State and pays the prescribed fees. *See id.* § 1130(B). The provisions of the Franchise Tax Code apply to "every corporation organized under the laws of this state, or qualified to do, or *doing business in Oklahoma in a corporate or organized capacity by virtue of creation or organization under the laws* of this or *any other state*." 68 O.S. § 1201 (emphasis added); *see id.* § 1212(B) (noting that a corporation doing business or attempting to do business without satisfying its registration obligation is "guilty of a misdemeanor").

"'Doing business' is a very broad concept and generally encompasses all the activities engaged in by a business that contribute to the profit or loss of the business." *Linear Films, Inc. v. State ex rel. Okla. Tax Com'n*, 876 P.2d 301, 308 (Okla. Ct. App. 1994). "Doing business" is similarly defined broadly in the Franchise Tax Code as "each and every act, power or privilege exercised or enjoyed in this state, as an incident to, or by virtue of the powers and privileges acquired by the nature of such organizations." 68 O.S. § 1202. Necessarily intertwined with the concept of "doing business" is the company's "principal place of business," which Small Corp. conclusively identifies as Tulsa, Oklahoma. *See* Dkt. #1 at 1, ¶ 1. The "principal place of business" has been defined as "'the place where a corporation's officers direct, control, and coordinate the corporation's

activities.'" *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013)(quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)). The "principal place of business" is the "corporation's headquarters" and the "nerve center" from which the corporation does business. *Hertz Corp.*, 559 U.S. at 81.

The failure of a foreign corporation to comply with the registration obligations under the General Corporation Act and the Franchise Tax Code carries potentially significant consequences, arising under the "state door-closing statutes." *Steed v. Warrior Capital, LLC*, No. CIV-06-348-F, 2007 WL 3357415, at *2 (W.D. Okla. Nov. 7, 2007). Under the General Corporation Act:

> A foreign corporation which is required to comply with the provisions of [18 O.S. §§ 1130 and 1131] of this act and which has *done business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state* and has paid to the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this state without authority.

18 O.S. § 1137(A) (emphasis added); *see id.* § 1134 (describing fees and penalties associated with registration failure). The Franchise Tax Code provides that any foreign corporation doing business in the state without registering "shall be guilty of a misdemeanor." 68 O.S. § 1212(B). The offending corporation "shall be *denied the right to sue or defend in any court of this state*." *Id.* § 1212(C) (emphasis added).

These statutory prohibitions on access to Oklahoma state courts extend to the federal courts for disputes based on diversity jurisdiction, like this one (Dkt. #1 at 1, ¶ 4). *See Wilson v. Williams*, 222 F.2d 692, 697 (10th Cir. 1955) ("[W]here a foreign corporation is thus barred from maintaining an action in the courts of a state until it has obtained a

certificate of domestication, it cannot maintain an action in the United States Court within the state without having obtained such a certificate."); *Alex N. Sill Co. v. American Ins. Co.*, Case No. CIV-14-105-C, 2014 WL 12727035, at *2 (W.D. Okla. Oct. 2, 2014) ("These statutes [referring to 18 O.S. §§ 1130 & 1137] apply to actions proceeding in federal court."); *see also Steed*, 2007 WL 3357415, at *3; *Shotwell v. State*, Case No. CIV-25-05-JFH-GLJ, 2025 WL 2214517, at *9 (E.D. Okla. Jul. 15, 2025) (citing *Flour Mills of Am., Inc. v. Pace*, 75 F.R.D. 676, 678 (E.D. Okla. 1977)).

In this matter, there is no dispute that Small Corp. has been continuously doing business in Oklahoma during the time relevant to this matter. Small Corp. alleges that it maintains its principal place of business—and by definition its "nerve center" and headquarters—in Tulsa Oklahoma. Dkt. #1 at 1, ¶ 1. Pursuant to Small Corp.'s Annual Reports filed with the Illinois Secretary of State, all of Small Corp.'s officers are located in the Tulsa "nerve center."[2] Small Corp. further alleges that it loaned money, evidenced by a promissory note, to an Oklahoma limited liability company, Tethys Trading, LLC, in 2014 in Tulsa County, Oklahoma. Dkt. #1 at 1-2, ¶¶ 3, 7. The breach of the promissory note, which allegedly triggered Kadakia's liability under a related personal guaranty, also occurred in Tulsa, Oklahoma in March 2016, along with other material events purportedly

---

[2] *See* note 1, *supra*, for a link to the Business Entity Search option on the Illinois Secretary of State website. As of 2023, the officers of Small Corp. were comprised of Mr. Blackstock, as President; Norma Small of 1585 East 22nd Street, Tulsa, Oklahoma 74114, as Secretary, Vice President, and Treasurer; and Kelsey Harrison of Mr. Blackstock's law firm, as "Authorized Officer," submitting the Annual Report. For the 2024 and 2025 Annual Reports, Mrs. Small's role was limited to Secretary, but she, Mr. Blackstock, and Ms. Harrison remained the only officers of Small Corp. The Court may take judicial notice of these publicly available and accessible Annual Reports. *See Barrick v. Clardy*, Case No. CIV-23-129-JFH-GLJ, 2024 WL 1861032, *3 (E.D. Okla. Apr. 11, 2024).

supporting Small Corp.'s claim against Kadakia. Dkt. #1 at 1-3, ¶¶ 3, 5, 8, 14. However, during this same period and continuing through to the present, Small Corp. has not registered with the Oklahoma Secretary of State as required by 18 O.S. § 1130. As such, under 19 O.S. § 1137, Small Corp. lacked the capacity to file this lawsuit in 2019 and lacks (and has lacked) the capacity to continue prosecution its claim against Kadakia. Accordingly, Small Corp.'s claim is subject to dismissal with prejudice based on its failure to comply with General Corporation Act's registration obligation. *Cf. Alex N. Sill Co.*, 2014 WL 12727035, at *2 (giving plaintiff 15 days to "show cause why this action should not be dismissed with prejudice based on its failure to comply with Oklahoma law").

## Small Corp.'s Claim Is Time Barred

To the extent that Small Corp. may contend that its registration failure may be cured, any attempted cure will not preserve Small Corp.'s claim against Kadakia. *Cf. Wells Fargo Bank, N.A. v. Housing Foundation*, No. 10-CV-548-CVE-FHM, 2011 WL 1833378, at *5 (N.D. Okla. May 6,2011) (noting "that a requirement for registration does not 'absolutely close the courthouse door' to a plaintiff who comes into compliance prior to a ruling on its eligibility to file suit"). Under circumstances where a corporation was properly registered at some point and thereafter lapsed for some reason, cure of the lapse revives the corporation "with the same force and effect as if its certificate of incorporation had not been forfeited." 18 O.S. § 1120(E). Notably, there is no such revival statute applicable to the circumstances where, as here, the corporation completely failed to perform its initial registration obligation under 18 O.S. § 1130. *See id.*; *see also id.* § 1007 (discussing filing of an "original certificate of incorporation").

In this action, Small Corp. has alleged a single breach of contract claim against Kadakia based on the personal guaranty. Dkt. #1 at 3, ¶¶ 13-16. When Small Corp. commenced this action against Kadakia in 2019, it lacked the capacity to sue him in this Court. See 18 O.S. § 1137(A). The single claim against Kadakia is alleged to have accrued on March 27, 2016. *See* Dkt. #1 at 3, ¶ 14. The statute of limitation on the single contract is five years. *See* 12 O.S. § 95(A)(1). As such, the limitation period on Small Corp.'s claim expired on March 27, 2021. This is not the case where Small Corp. registered at some point and subsequently forfeited the registration for failure to pay taxes or other reason (or there would be some record on file with the Oklahoma Secretary of State). Small Corp. never registered to do business in Oklahoma. Because cure of Small Corp.'s registration failure has nothing to revive, Small Corp. is precluded from prosecuting the Kadakia contract claim that Small Corp. contends accrued in 2017. Kadakia is therefore entitled to judgment on the pleadings.

WHEREFORE, premises considered, Defendant, Counterclaimant, and Third-Party Plaintiff and Defendant, Ruchir A. Kadakia requests the Court to enter judgment on the pleadings in his favor and against Plaintiff R.P. Small Corp., pursuant to Fed. R. Civ. P. 12(c), and for all other legal or equitable relief to which he may be entitled.

DATED: 5 June 2026

Respectfully submitted,

*/s/ Philip D. Hixon*

Philip D. Hixon, OBA No. 19121
Adam C. Doverspike, OBA No. 22548
GableGotwals
110 North Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120-1495
T: (918) 595-4800
F: (918) 595-4990
E: *phixon@gablelaw.com*
*adoverspike@gablelaw.com*

Counsel for Defendant, Third-Party Plaintiff, Counter Claimant, and Counter Defendant Ruchir A. Kadakia

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Roger B. Blackstock - *brent@brentblackstock.com*
Kelsey M. Harrison – *kelsey@brentblackstock.com*
Cheryl Minnix Thigpen - *cheryl@thigpenlaw.net*
Jourdan Johnson - *jourdanj.law@gmail.com*
Brent Blackstock PLC
401 S Boston Ave, Ste 500
Tulsa, OK 74104

Counsel for Plaintiff/Counter Defendant
R.P. Small Corp.

Ryan R. Ray – *Rray@NWLawOK.com*
Norman Wohlgemuth LLP
401 S. Boston Ave., Suite 3200
Tulsa, OK 74103

Counsel for Third-Party Defendants
John E. Myer, Jr.; Tethys Supply and Marketing, LLC;
Tethys Capital, LLC; Tethys Energy, LLC;
Tethys Biofuels, LLC; Tethys Latin America, LLC;
Tethys Derivatives, LLC; and Tethys Shipping, LLC;
*and*
Counsel for Third Party Defendants/Counter Claimants
Tethys Trading, LLC; and Tethys Partners, LLC

Brian L. Mitchell - *bmitchell@mitchelllegalpllc.com*
Mitchell Legal PLLC
203 E. Hobson Ave
Sapulpa, OK 74066

Counsel for Third-Party Defendant
Robert Finnegan

*/s/ Philip D. Hixon*
Philip D. Hixon