**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **R.P. SMALL CORP.** | ) | |
| Plaintiff, | ) | |
| **v.** | ) | |
| **RUCHIR A. KADAKIA,** | ) | Case No. 19-CV-271-SEH-SH |
| Defendant. | ) | |
| **and** | ) | |
| **RUCHIR A. KADAKIA,** | ) | |
| Counterclaimant and Third-Party Plaintiff, | ) | |
| **v.** | ) | |
| **R.P. SMALL CORP.,** an Illinois corporation, | ) | |
| Counterclaim Defendant, | ) | |
| **and** | ) | |
| **JOHN E. MEYER, JR. et al.;** | ) | |
| Third-Party Defendants. | ) | |

**PLAINTIFF R.P. SMALL CORP.'S RESPONSE TO KADAKIA'S MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Plaintiff and Counterclaim Defendant, R.P. Small Corp. ("RPS") by and through their attorneys of record, and submit its Response in Opposition to Defendant, Counterclaimant, and Third-Party Plaintiff, Ruchir A. Kadakia's ("Kadakia") Motion for Judgment on the Pleadings against RPS (Dkt. 173) ("Motion"). Kadakia claims that RPS failed to complete Oklahoma registration requirements for foreign corporations, preventing them from bringing a lawsuit in Oklahoma, and that curing the registration failure would be untimely. Dkt. 173 at 1. However, RPS asserts that it meets the exceptions under Okla. Stat. tit. 18 § 1132 (6) and

18 § 1132 (4). Specifically, RPS did not transact business within the state of Oklahoma outside of being a lender/creditor to collect a debt owed to the company.

Alternatively, if RPS was required to register with the Oklahoma Secretary of State as a foreign corporation, it has sent the necessary documents to the Oklahoma Secretary of State to cure this defect and should be allowed to continue its claims and defend against Kadakia's counterclaims as permitted under Okla. Stat. tit. 18 § 1137 (B). Okla. Stat. tit. 18 § 1137 does not render void contracts, such as the promissory note and guaranty, nor does it extinguish pending causes of action. Therefore, RPS would be able to cure any required registration failure and continue with this litigation.

**BACKGROUND**

RPS filed suit against Kadakia on May 20, 2019, for breach of the Personal Guaranty ("Guaranty"), after Kadakia failed to repay the amounts owed to RPS under the Promissory Note ("Note"). *See* Dkt. 1. In his Answer and Amended Answer to the Complaint, Kadakia did not challenge RPS' ability to bring suit in this court, rather Kadakia affirmed that he executed a Personal Guaranty in favor of RPS. Dkt. 10-11 at 2-3, ¶¶ 4, 8. RPS' lack of capacity to sue was not asserted in Kadakia's affirmative defenses. Moreover, in Kadakia's Motion for Summary Judgment he asserts that the Promissory Note was not in default, and therefore, Kadakia could not be held liable under his Personal Guaranty. Dkt. 90 at 9-10.

This case has been ongoing for over seven (7) years, with several dispositive motions and discovery, and this is the first time Kadakia has challenged RPS' ability to sue in this Court. Fed. R. Civ. P. 9 (a) governs the argument of whether a party has capacity or authority to sue. Specifically, 9(a)(2) states "[t]o raise any of those issues [party's ability to sue or be sued], **a party must do so by a specific denial**, which must state any supporting facts that are peculiarly within

the party's knowledge." Kadakia has not in its Answer, Amended Answer, Affirmative Defenses, Third-Party Complaint and Counterclaim, or Motion for Summary Judgment raised the issue of RPS' ability to sue. *See* Dkts. 10-13, 66, 90, 92.

These dispositive motions were filed years ago and never addressed Kadakia's new theory that RPS did not have the capacity to sue in this Court. Case law holds that "Rule 9(a) of the Federal Rules of Civil Procedure, although not requiring a plaintiff to aver capacity, does require a defendant to plead absence of capacity. Therefore, because the appellants failed to plead the appellee's lack of capacity, they have now waived that objection." *Lang v. Tex. & Pac. Ry. Co.,* 624 F.2d 1275, 1277 (5th Cir. 1980) (internal citation omitted). As he did not raise this issue by specific denial in his Answer or Affirmative Defense, Kadakia waived the capacity defense. Nevertheless, RPS disputes Kadakia's claim that RPS has done business continuously in Oklahoma since 2014. Further, Kadakia has pending counterclaims against RPS which RPS has the right to defend.

The Promissory Note and Personal Guaranty were isolated transactions for a loan RPS extended to Tethys Trading LLC ("Tethys"). RPS' business transactions are in Texas and Illinois. To the extent the Court views RPS' loan to Tethys and Personal Guaranty to Kadakia as business transactions in Oklahoma, these transactions still fall under the exceptions in Oklahoma statutes. RPS is exempt from the requirement of registering with the Secretary of State. As noted in the Complaint, RPS is an Illinois Corporation with its Principal Place of Business in Oklahoma, as Mr. Small used to reside in Tulsa, Oklahoma. However, except for the loan to Tethys, RPS' business activities were conducted in Texas.

Because RPS qualifies for multiple exceptions under Okla. Stat. tit. 18 § 1132, to the requirement for registration, it still has capacity to bring suit against Kadakia in this Court. In

addition, RPS has filed registration documents to cure any potential failure to register and should be permitted to continue litigation in this matter, as Okla. Stat. tit. 18 § 1130 does not close the door to a foreign corporation continuing a lawsuit once the registration failure is cured. As a result, Kadakia's Motion should be denied as RPS qualifies for several of the exceptions under Okla. Stat. tit. 18 § 1132 and curing any registration failure would not prejudice any of the parties.

**ARGUMENT AND AUTHORITIES**

**Legal Standard**

When reviewing a motion for judgment on the pleadings under Rule 12(c), the standard is treated the same as a motion to dismiss under Rule 12(b)(6). *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F. 3d 1138, 1160 (10th Cir. 2000). Thus, when considering motions under Rule 12(b)(6) or Rule 12(c), the Court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In order to avoid judgment, the Plaintiff's "complaint must contain enough facts to state a claim to relief that is plausible on its face." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir.2007) (internal quotation marks and citation omitted).

The Court should not grant judgment on the pleadings "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir.2006) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir.2000)). In its Complaint, RPS claims that it entered into a Promissory Note with Tethys, and Kadakia signed a Personal Guaranty to RPS. Dkt. at 2, ¶¶ 7-8. In addition, by executing the Personal Guaranty, Kadakia guaranteed payment of the debt owed to RPS. *Id.* ¶11. Based on

the Complaint, the Promissory Note and Personal Guaranty made RPS a lender to Tethys and RPS filed this lawsuit to collect the debt owed to it by Defendant Kadakia. Thus, RPS has presented sufficient facts in the Complaint to show it meets multiple exemptions under Okla. Stat. tit. 18 § 1132 and Kadakia's motion should be denied.

**RPS Meets Multiple Exceptions Under Okla. Stat. tit. 18 § 1132**

Under Okla. Stat. tit. 18 § 1132 (A)(6), "A. No foreign corporation shall be required to comply with the provisions of Sections 130 and 131 of this act, if: 6. it creates, as borrower or lender, or acquires, evidences of debt, mortgages or liens on real or personal property. . ." Here, the Note and Guaranty executed by RPS established RPS as a lender to Tethys and evidences a debt owed to RPS. Therefore, RPS qualifies for the exception under § 1132 and was exempt from the application of § 1137. *See SCS/Compute, Inc. v. Meredith*, 1993 OK CIV APP 124, ¶ 7, 864 P.2d 1292, 1294 (SCS "argued it was exempt from the application of § 1137 by 18 O.S. Supp. 1986 § 1132(A)(4)."). RPS extended a loan to Tethys as a lender, and Kadakia backed the loan with personal guaranties.

Thus, the nature of RPS' business with Tethys and Kadakia was a lender, and the initiation of this lawsuit was for RPS to collect a debt. The Promissory Note and Personal Guaranty are evidence of a debt owed to RPS which meets the exception under Okla. Stat. tit. 18 §§ 1132 (A)(6)-(7). The Promissory Note secured a loan, and the Guaranty Agreement provided RPS with the right to collect the debt from Kadakia, in the event of a breach of the Note. In addition, RPS' execution of this agreement was its sole transaction within the state of Oklahoma.

Further, RPS meets the exemption under Okla. Stat. tit. 18 § 1132 (4), as its only business dealings were "interstate in character" – the Tethys transaction stands in isolation. Interstate commerce has been defined by the United States Supreme Court as "[s]uch commerce (interstate)

is not confined to transportation, but comprehends all commercial intercourse between different states and all competent parts of that intercourse." *Consol. Pipe Line Co. v. British Amoco*, 1933 OK 221, ¶ 15, 21 P.2d 762, 766. (internal quotation and citation omitted). The business transactions by RPS, except for the Tethys loan, were interstate in nature as the company transacts its business in Texas. Those transactions were protected interstate commercial activity.

Kadakia attempts to argue that RPS has done business in Oklahoma and even cites RPS case against The Land Department (*R.P. Small Corp. v. Land Dep't, Inc.,* 505 F.Supp.3d 681, 689 (S.D. Tex. 2020). In *R.P. Small Corp. v. Land Dep't, Inc.,* RPS did not maintain that it engaged in business transactions in Oklahoma with Oklahoma companies. The Defendants in the *Land Dep't, Inc.,* case, with whom RPS engaged in business, were all based in Texas. RPS oil-and-gas operations were conducted in Texas. Contrary to Defendant's representation, the complaint in that case does not state that RPS does business in Oklahoma.

In RPS' Complaint in this case against Kadakia, it describes the company as an Illinois corporation with its principal place of business in Oklahoma. However, RPS' principal place of business is listed as Oklahoma, that only reflects the owner's residence and administrative work, not the company's business transactions. RPS primarily does its business in Texas where it is registered as a foreign entity. RPS does not maintain operations, employees, or oil and gas business activities within Oklahoma. The nature of the promissory note and guaranty agreement were loans, which placed RPS as a lender and is exempt under Okla. Stat. tit. 18 § 1132.

RPS' execution of the Note and Guaranty surrounding a loan should not "constitute engaging in or transacting business in Oklahoma." *Wilson v. Williams*, 222 F.2d 692, 697 (10th Cir. 1955). RPS stating that its principal place of business is in Oklahoma (primarily due to the owner's residence) does not establish that RPS conducted ongoing business transactions in

Oklahoma. Courts have determined that single and isolated transactions "do not ordinarily constitute the "doing of business" or "transaction of business" as contemplated by the statutes prohibiting foreign corporations from transacting business within a state without having complied with the law of the state." *Denison v. Phipps*, 1922 OK 330, ¶ 19, 211 P. 83, 87. Here, the only Oklahoma transaction Kadakia identifies is the Note and Guaranty, which was an isolated loan to Tethys and isolated Guaranty documents to safeguard the loan.

**Alternatively, if RPS were required to register, it has filed documents to cure its failure to Register with the Oklahoma Secretary of State**

If the Court determines that RPS was required to register, under Okla. Stat. tit. 18 § 1137, the statute does not prevent RPS from curing the failure. The statute does not state any pending claims are voided, extinguished, or adjudicated on the merits. Section 1137 does not say an unregistered corporation cannot "commence" an action, nor does it say a complaint filed before registration is void. It says only that the corporation may not "maintain" the action "unless and until" it becomes authorized and pays required amounts. The phrase "unless and until" contemplates cure. Once compliance occurs, it appears the company can maintain its lawsuit, as the statute reads "unless and until such corporation has been authorized to do business in this state." *Id.*

Therefore, if the Court determines that Oklahoma registration is required, RPS requests a reasonable period to cure any deficiency and that the Court deny Kadakia's motion for judgment on the pleadings[1]. This Court has dealt with a similar issue to the one presented in Kadakia's motion, in *Wells Fargo Bank, N.A. v. Hous. Found.*, No. 10-CV-0548-CVE-FHM, 2011 U.S. Dist. LEXIS 49034, (N.D. Okla. May 6, 2011). In the *Wells Fargo* case, the Court rejected the

[1] As a precaution, RPS has sent the required foreign corporation registration documents to the Oklahoma Secretary of State.

Defendant's argument that the LLC may not maintain the legal action because it did not have the necessary Oklahoma corporate registration. *Id.* at *13. The LLC had not registered with the Oklahoma Secretary of state; however, the company remedied the issue and obtained the necessary certificate. *Id.* at *15. The LLC registration requirement (Okla. Stat. tit. 18 § 2048) mirrors the general corporation requirement under Okla. Stat. tit. 18, § 1137. In *Wells Fargo* the Court determined "that requirement for registration does not "absolutely close the courthouse door" to a plaintiff who comes into compliance prior to a ruling on its eligibility to file suit." *Id.* at. *17.

Similar to the § 2048 of the Oklahoma Limited Liability Act, Okla. Stat. tit. 18, § 1137 says that a foreign corporation may not maintain an action <u>until</u> it has registered. In its ruling the Court determined that "because the [company] has now registered properly, defendants' claims as to its ineligibility to file suit are moot. *Id.* at *17. Allowing RPS to cure any registration failure does not alter the claims of the parties in this matter, nor will it prejudice any party. RPS initiated its lawsuit against Kadakia, in 2019, within the statute of limitations for a breach of contract. *See* Dkt. 1; Okla. Stat. tit. 12 § 95(A)(1). *Wells Fargo* is on point and persuasive to the issue here. One of the main rulings from *Wells Fargo* shows that the lack of registration does not prevent a company from remedying the issue and continuing the litigation.

Here, the Court has authority to allow RPS to remedy the registration issue. Allowing RPS to cure the failure to register would not prejudice Kadakia. This is not a case involving a new plaintiff, a new defendant, or a new claim after limitations expired. Kadakia has been on notice since 2019 that RPS seeks to enforce the same Note and Guaranty. Cure of an alleged registration defect would not change the operative facts, alter the claim, expand damages, or impair Kadakia's ability to defend. It would only remove an alleged statutory disability to maintaining the same timely filed action.

WHEREFORE, for the reasons explained herein, Plaintiff and Counterclaim Defendant, R.P. Small Corp. requests the Court deny Defendant Ruchir Kadakia's Motion for Judgment on the Pleadings, allow RPS to continue its claims against Kadakia, and for all other legal or equitable relief to which it may be entitled.

Respectfully submitted,

*/s/ R. Brent Blackstock*

R. Brent Blackstock, OBA No. 00839
Kelsey M. Harrison, OBA No. 34392
Cheryl M. Thigpen, OBA No. 17106
Jourdan Johnson, OBA No. 34387
Brent Blackstock, PLC
Mid-Continent Tower, Suite 500
401 South Boston Ave.
Tulsa, OK 74103
(918) 383-0777, (918) 699-0325 (fax)
brent@brentblackstock.com
kelsey@brentblackstock.com
cheryl@brentblackstock.com
jourdan@brentblackstock.com
**ATTORNEYS FOR PLAINTIFF / COUNTER DEFENDANT R.P. SMALL CORP.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Philip D. Hixon- *phixon@gablelaw.com*
Adam C. Doverspike- *adoverspike@gablelaw.com*
GableGotwals
110 North Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120-1495

**Counsel for Defendant, Third-Party Plaintiff, Counter Claimant, and Counter Defendant Ruchir A. Kadakia**

Ryan R. Ray – *Rray@NWLawOK.com*
Norman Wohlgemuth LLP
401 S. Boston Ave., Suite 3200 Tulsa, OK 74103

**Counsel for Third-Party Defendants John E. Myer, Jr.; Tethys Supply and Marketing, LLC; Tethys Capital, LLC; Tethys Energy, LLC; Tethys Biofuels, LLC; Tethys Latin America, LLC; Tethys Derivatives, LLC; and Tethys Shipping, LLC;**
and
**Counsel for Third Party Defendants/Counter Claimants Tethys Trading, LLC; and Tethys Partners, LLC**

Brian L. Mitchell - *bmitchell@mitchelllegalpllc.com*
Mitchell Legal PLLC
203 E. Hobson Ave
Sapulpa, OK 74066

**Counsel for Third-Party Defendant Robert Finnegan**

*/s/R. Brent Blackstock*
R. Brent Blackstock