**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **R.P. SMALL CORP.**<br><br>Plaintiff,<br><br>**v.**<br><br>**RUCHIR A. KADAKIA,**<br>Defendant.<br><br>**and**<br><br>**RUCHIR A. KADAKIA,**<br>Counterclaimant and<br>Third-Party Plaintiff,<br><br>**v.**<br><br>**R.P. SMALL CORP.,**<br>an Illinois corporation,<br>Counterclaim Defendant,<br><br>**and**<br><br>**JOHN E. MEYER, JR. et al.;**<br>Third-Party Defendants. | Case No. 19-CV-271-SEH-SH |

**PLAINTIFF R.P. SMALL CORP.'S REQUEST FOR JUDICIAL NOTICE**

COMES NOW Plaintiff and Counterclaim Defendant R.P. Small Corp. ("RPS"), by and through its attorneys of record, and respectfully requests that the Court take judicial notice that RPS is registered with the Oklahoma Secretary of State as a foreign corporation authorized to transact business in Oklahoma. In support, RPS states:

1. On June 5, 2026, Defendant Ruchir A. Kadakia filed a Motion for Judgment on the Pleadings, arguing in part that RPS lacked capacity to maintain this action because it had not registered to transact business in Oklahoma. Dkt. 173.

2. RPS responded that it was not required to register but alternatively explained that it had submitted the documents necessary to register with the Oklahoma Secretary of State and that any alleged defect could be cured. Dkt. 175.

3. The Oklahoma Secretary of State has since completed the registration process. RPS is now registered as a foreign corporation authorized to transact business in Oklahoma. A copy of the Oklahoma Secretary of State registration record is attached as Exhibit 1.

4. Under Federal Rule of Evidence 201(b), the Court may judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Moreover, "[t]he Court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

5. RPS's registration status is reflected in an official public record maintained by the Oklahoma Secretary of State and is not subject to reasonable dispute. The Tenth Circuit recognizes that courts may take judicial notice of facts that are matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

6. Further, Oklahoma Secretary of State records are matters of public record, readily available on the Secretary of State's website, and therefore the proper subject of judicial notice. *See Jordan v. Grace Living Ctrs.*, No. CIV-19-654-G, 2020 U.S. Dist. LEXIS 4807, at *5 (W.D. Okla. Jan. 9, 2020) (*citing Tal*, 453 F.3d at 1264 n.24).

7. RPS requests judicial notice only of the fact that it is now registered and authorized to transact business in Oklahoma. This subsequent registration directly addresses the alleged registration defect raised in Kadakia's pending Motion.

**WHEREFORE**, RPS respectfully requests that the Court take judicial notice that R.P. Small Corp. is registered with the Oklahoma Secretary of State as a foreign corporation authorized to transact business in Oklahoma.

Respectfully submitted,

*/s/ R. Brent Blackstock*

R. Brent Blackstock, OBA No. 00839
Kelsey M. Harrison, OBA No. 34392
Cheryl M. Thigpen, OBA No. 17106
Jourdan Johnson, OBA No. 34387
Brent Blackstock, PLC
Mid-Continent Tower, Suite 500
401 South Boston Ave.
Tulsa, OK 74103
(918) 383-0777
(918) 699-0325 (fax)
brent@brentblackstock.com
kelsey@brentblackstock.com
cheryl@brentblackstock.com
jourdan@brentblackstock.com
**ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT R.P. SMALL CORP.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all ECF registrants in this case.

*/s/ R. Brent Blackstock*
R. Brent Blackstock